## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CODY NICHOLSON,** | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| **FAYETTE COUNTY, FAYETTE** | ) |
| **COUNTY PRISON BOARD, WARDEN** | ) |
| **JEFFREY N. MYERS, CORDAVAN BUSSEY** | ) **JURY TRIAL DEMANDED** |
| **CLYDE BRONSON, JASON SHAW and** | ) |
| **KARYA LEE HUNTER,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C.§ 1983. Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 and the aforementioned statutory provision.

## PARTIES

2. Plaintiff Cody Nicholson, a citizen of the United States, is an adult individual and resident of Fayette County, Pennsylvania.

3. At all times relevant to this Complaint, the Defendant Fayette County was and is a municipal corporation and a political subdivision in and of the Commonwealth of Pennsylvania and operated under and by the virtue of the laws of the Commonwealth of Pennsylvania and the laws, statutes and regulations of the United States of America, with its principal office located at 61 East Main Street, Uniontown, Pennsylvania 15401.

4.   At all times relevant hereto, Defendant Fayette County acted by and through its executives, councils, commissioners, boards, authorities, agents, employees subordinates, officers, contractors, assigns and adjuncts, acting within the scope of their respective offices, agencies, employment, contracts and/or assignments.

5.   Upon information and belief, at all times relevant to this Complaint, Fayette County owned, possessed, was in control of, and/or was responsible for the operation of the Fayette County Prison ("Prison").

6.   Defendant Jeffery N. Myers was, at all times relevant to this complaint, warden at the Fayette County Prison.  In all of his actions, Defendant Myers was acting under color of state law and in the course of his employment. The claims being made against Defendant Myers are brought against him in his individual capacity.

7.   Defendant Fayette County Prison Board ("Prison Board") was, at all times relevant to this complaint, the authorized policymaker for the Fayette County Prison under Pennsylvania law.  In all of its actions, the Fayette County Prison Board was acting under color of state law.

8.   Furthermore, Defendant Fayette County Prison Board ("Prison Board") is and was, at all times relevant to this complaint, a local government unit and a 'person' amenable to suit under § 1983.   See discussion in *D.S. v. Hollidaysburg/Blair County*, Civil Action 3:18-140, United States District Court, W.D. Pennsylvania (November 26, 2018)

9.   At all times relevant to this complaint, Defendants Cordavan Bussey and Defendant Clyde Bronson were employed by the Fayette County Prison as

correction officers and have a business address of 12 Court Street, Uniontown, Pennsylvania, 15401.

10. Defendant Jason Lee Shaw is an adult individual who is currently housed in SCI Camp Hill.

11. Defendant Karya Lee Hunter is an adult individual residing in Connellsville, Fayette County, Pennsylvania.

## FACTS

12. The Fayette County Prison "first opened in 1889, and is a four-level building that is connected by a bridge to the County Courthouse.  The main building of the County Prison has 184 beds in celled housing, and an Annex building with an additional 80 dormitory beds was added in 2002.  Combined, the capacity of the Prison is 264 beds.  Program space is virtually non-existent.  The Chapel is the only space available for any type of group gathering.  Interviews and meetings by investigators, clergy, or service providers take place in one of two holding cells in the Booking area."   See FAYETTE COUNTY, PENNSYLVANIA PRISON NEEDS ASSESSMENT, Fayette County Prison May 2017 (hereinafter referred to a "PRISON NEEDS ASSESSMENT"), prepared by CGL Companies, a copy of which is attached hereto as Exhibit "1", Page 1-1 and incorporated herein by reference.

13. Since 1889, the Fayette County Prison was remodeled once and that was in 1963. See Exhibit "1" PRISON NEEDS ASSESSMENT, Page 3-1.

14. "Over the last several years, there have been many inmates regularly housed

with other nearby jurisdictions due to a lack of adequate bedspace.  A large percentage of these have been female inmates.  **The prison is overcrowded and understaffed.  The design is outdated, inefficient and, in many areas, dangerous to staff and inmates, and there are many maintenance issues in the prison, including plumbing, electrical and HVAC problems.  Previous studies have been conducted for the County Prison with recommendations to completely replace the existing prison with a facility nearly double the current capacity**. See Exhibit "1" PRISON NEEDS ASSESSMENT, Page 1-1 (Emphasis Added).

15. The Fayette County prison does "**not offer the proper quantity of beds needed and "access to sufficient 'out of cell' space for activities of the inmate population."**  See Exhibit "1" PRISON NEEDS ASSESSMENT, Page 3-2 (Emphasis Added).

16. The Fayette County prison "**lacks sufficient space to provide basic health care to inmates**.  See Exhibit "1" PRISON NEEDS ASSESSMENT, Page 3-2 (Emphasis Added).

17. At all times relevant to this complaint, Fayette County Prison was and remains unconscionably overcrowded and dilapidated from years of neglect.

18. Plaintiff was an inmate in the Fayette County Prison during multiple months between January 13, 2019 and May 14, 2020, the exact dates of which are unknown at this time.

19. During Plaintiff's incarceration at the Fayette County Prison between January 13, 2019 and May 14, 2020, he served as an inmate worker.

20. In April of 2020, the inmates housed in the Annex of the Fayette County Prison rioted after they had been locked down for a month.

21. As a result of the riot, Defendant Myers and/or Defendant Fayette County Prison Board made the choice to move the entire annex population (approximately 40 male inmates) to cells on E and F range.

22. For the following weeks, Defendant Myers choose to keep the entire population of E and F range on lock down 23 hours a day leading to unrest and violence.

23. After being on lock down for several days, Defendant inmate Karya Hunter struck an inmate worker assigned to the range in the head with a tray.

24. The following day, inmate Karya Hunter threw urine on a different inmate worker.

25. Plaintiff was then told that he was to be the inmate worker for E and F ranges.

26. Defendants Myers, Bussey and Bronson were aware of the violence occurring on E and F range where the inmates were on lockdown, overcrowded and did not have access to adequate recreation time.

27. After Plaintiff worked on E and F range for two days, he told a CO that he did not want to work that range anymore.

28. Although inmate workers are usually allowed to have a say of whether they want to work a particular range, the Plaintiff was informed that he must work E and F range or he would be fired as an inmate worker.

29. On or about May 11, 2020, while the inmates were still on lockdown, Plaintiff was about to enter E and F range to gather the trays when he noticed that Defendants Hunter and Shaw had their cell door tied open with a towel.

30. In a properly maintained prison, inmates should never be able to tie a cell door open.

31. In a properly maintained prison, security cameras and other security devices would have caused prison personnel to notice the security breach caused by the interference with the cell door.

32. Plaintiff told Defendant Bussey and Defendant Bronson (who was the sergeant on duty) about the door being tied open and they told him that if Plaintiff did not go on the range to collect the trays despite the open cell door, he would be fired as an inmate worker.

33. After Plaintiff entered the range, Defendants Hunter and Shaw came out of their cell throwing trays at the Plaintiff and then striking the Plaintiff with their fists.

34. Rather than call a code, Defendant Bussey sat with his feet propped up on his desk watching the attack.

35. Defendant Bussey never called a code, never called for back-up and never called for medical attention.

36. After the Plaintiff was bleeding everywhere, the inmates finally stopped beating him.

37. Defendant Bussey smiled at Plaintiff as he walked off the range.

38. As a result of the attack, Plaintiff lost several teeth (others were broken off), he suffered multiple contusions, bruising and lacerations.

39. It took three days to find all of the Plaintiff's teeth on the range.

40. When the Plaintiff went to the medical unit, he lost consciousness while they

were checking his blood pressure.

41. The nurse that treated the Plaintiff in the medical unit called the Dr. serving the prison and was told to immediately send the Plaintiff to the hospital.

42. Rather than being immediately taken to the hospital, Plaintiff was taken to a holding cell where he sat for more than thirty minutes until a sympathetic Shift Commander insisted that the Plaintiff be immediately taken to the hospital.

43. After the attack, the Plaintiff's teeth and mouth became infected and eventually all of his upper teeth had to be removed.

44. As a result of the attack, the Plaintiff has suffered nightmares and emotional trauma so severe that the Plaintiff has been prescribed medication to treat the same.

45. When the Plaintiff returned to the prison after being treated at the Uniontown Hospital, he was forced to quarantine in D-Range for ten days.   For the first three days, he was denied showers and recreation.

46.  After the ten days of quarantine, Defendant Bronson placed the Plaintiff in the basement where he remained for approximately three days.

47. In the basement, the Plaintiff was given no recreation time and was only permitted to shower Monday through Friday.

48. At all times relevant to this complaint, at the approval and direction of Defendant Fayette County and the Fayette County Prison Board, Defendant Myers served as the warden of the Fayette County Prison and, per Fayette County Prison Policy and Procedure ADM-012, he had "total responsibility for every aspect of the administration of the Prison".   See Exhibit "2"  Fayette

County Prison Policy and Procedure ADM-012 incorporated herein by reference.

49. At all times relevant to this complaint, it was Defendant Myer's responsibility to protect the health and safety of the inmates.

50. Defendants Fayette County, the Fayette County Prison Board and Myers were aware of deficiencies in the Fayette County Prison with respect to dilapidated conditions and the need for improvements as evidenced by the fact that:

   a. The warden, commissioners, and members of the Fayette County Prison Board have personally observed the conditions and need for improvements;

   b. the conditions and need for improvements were issues raised and discussed on multiple occasions at the Fayette County Prison Board meetings;

   c. multiple union grievances were filed regarding the conditions and need for improvements;

   d. multiple union rallies were held regarding the conditions and need for improvements;

   e. multiple lawsuits have been filed and litigated against the prison regarding the conditions and need for improvements;

   f. multiple prison needs studies have been completed and have specifically found that the conditions were inadequate and there was a need for improvements;

   g. complaints from the inmates;

h.   complaints from family members of inmates;

i.   complaints from the guards;

j.   volumes of newspaper articles describing the complaint; and

k.   youtube videos of the former warden in various areas of the prison discussing the inadequate conditions and warning of federal civil rights lawsuits.

51.   Defendant Fayette County, Fayette County Prison Board and Myer's failure to correct the deficiencies in the Fayette County Prison with respect to dilapidated conditions and the need for improvements was willful, deliberate, malicious and/or with the reckless disregard or callous disregard of the Plaintiff's constitutional and statutory rights.

52.   As a result of Defendant Fayette County, Fayette County Prison Board and Myer's failures to remedy inadequate conditions, the Plaintiff was forced to live in deplorable conditions, where he was exposed to pervasive mold and mildew and infestations of rats, cockroaches and insects.  He was refused access to basic necessities, like adequate drinking water, fresh and uncontaminated food, properly functioning heat and ventilation,  properly functioning toilets, sinks and showers.   The conditions also included severe overcrowding; inadequate clothing, linens and/or blankets; insufficient yard and recreation; inadequate basic hygiene necessities, including but not limited to adequate toilet paper and clean underwear.

53.   The prison conditions were inhumane and deprived the Plaintiff of his basic human needs.

54. Despite having actual knowledge of these conditions and the serious risks they pose, Defendant Fayette County, Defendant Fayette County Prison Board, and Defendant Myers were deliberately indifferent to the inhumane conditions to which the Plaintiff was exposed.

55. Defendant Fayette County and Defendant Fayette County Prison Board were and are responsible by law for ensuring that Fayette County Prison officials obey the laws of the Commonwealth of Pennsylvania and the United States.

56. At all times material to this Complaint, Defendant Fayette County and Defendant Fayette County Prison Board, through its respective policymakers, pursued *de facto* policies, practices and customs, specifically to ignore the need for updates and remodeling inside the prison and/or to refuse to update the existing prison or build a new prison, were a direct and proximate cause of the unconstitutional injuries and damages to the Plaintiff and the other deprivations of Constitutional rights alleged herein.

57. Defendant Fayette County, Defendant Fayette County Prison Board, and Defendant Myers' failure to adequately provide the most basic human needs to prisoners, including the Plaintiff, and their failure to obey the laws of the Commonwealth of Pennsylvania and the United States evidences a lack of that degree of due care which prudent and reasonable individuals would show in executing their respective duties.

58. As a result of the conduct of all Defendants, Plaintiff suffered and continues to suffer damages, including psychological harm, emotional distress, mental

anguish, fear, anxiety, terror, loss of liberty, and economic loss, all to his detriment.

**COUNT I**
**FEDERAL CIVIL RIGHTS VIOLATIONS**
**PLAINTIFF v. DEFENDANT FAYETTE COUNTY, DEFENDANT FAYETTE**
**COUNTY PRISON BOARD, AND DEFENDANT MYERS**

**EIGHTH AMENDMENT**
**CONDITIONS OF CONFINEMENT**

59. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

60. By the facts and actions described above regarding the conditions of confinement at the Fayette County Prison, Defendant Fayette County and Defendant Myers subjected Plaintiff to a serious deprivation of basic human needs.

61. These deprivations and the risks they pose violate contemporary standards of decency.

62. These deprivations of basic human needs are serious and excessive.

63. Despite having actual knowledge of the serious risks posed to the prisoners' health and safety, Defendant Fayette County, Defendant Fayette County Prison Board, and Defendant Myers disregarded those risks, taking little if any action to try to address the deprivations of the Plaintiff's basic human needs brought about by the conditions of confinement.

64. Defendant Fayette County, Defendant Fayette County Prison Board, and Defendant Myers repeatedly refused to acknowledge or address the deplorable conditions at the Fayette County Prison.

65. Defendant Fayette County, Defendant Fayette County Prison Board, and Defendant Myers have acted with deliberate indifference toward serious deprivations of the prisoners' basic human needs.

66. By the acts described above, Defendant Fayette County, Defendant Fayette County Prison Board, and Defendant Myers have violated the rights of Plaintiff protected by the Eighth Amendment to the United States Constitution.

67. As a direct and proximate result of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

   a.  Violation of his constitutional rights under the Eighth Amendment;

   b.  Physical pain and suffering;

   c.  Economic and non-economic loss; and

   d.  Mental anguish and harm.

**WHEREFORE**, Plaintiff requests that this Court:

   a.  Enter judgment against Defendants joint and severally;

   b.  Award compensatory, economic, and non-economic damages to Plaintiff against the Defendants Fayette County, Fayette County Prison Board, and Myers;

   c.  Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

   d.  Award such further legal, equitable and other relief as this Court deems just and proper; and

   e.  A jury trial to each Defendant and as to each count.

**COUNT II**
**FEDERAL CIVIL RIGHTS VIOLATIONS**
**PLAINTIFF v. DEFENDANTS FAYETTE COUNTY,**
**FAYETTE COUNTY PRISON BOARD, WARDEN JEFFREY N. MYERS,**
**CORDAVAN BUSSEY and CLYDE BRONSON**

**EIGHTH AMENDMENT**
**FAILURE TO PROTECT FROM ATTACK**

68. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

69. At all times relevant to the instant Complaint, the Fayette County Prison was dilapidated, poorly designed for security purposes, in need of security and maintenance updates (including but not limited to doors with locks appropriate for a prison setting and proper security cameras).

70. The conditions alleged in paragraph 69 created a substantial risk of harm to the Plaintiff as an inmate in the Fayette County Prison.

71. Defendants Fayette County, Fayette County Prison Board, Myers, Bussey and Bronson, had actual knowledge of the conditions alleged paragraph 69 above and ignored those conditions and/or failed to take reasonable measures to address the safety risks created by those conditions.

72. As described above, Defendants Fayette County and the Fayette County Prison Board failed to protect the Plaintiff from dangerous inmates by ensuring that the prison was equipped with door that proper locked.

73. During the days immediately prior to the attack on Plaintiff, Defendants Myers, Bussey and Bronson knew that Defendants Hunter and Shaw were violently attacking the inmate workers on their range.

74. Immediately prior to the attack, prior to entering the range, Plaintiff specifically warned Defendants Bussey and Bronson that Defendants Hunter and Shaw had their cell door tied open.

75. Despite knowledge of attacks by Defendants Hunter and Shaw and of the open cell door, Defendants Bussey and Bronson forced the Plaintiff to enter the range by threatening to take away his inmate worker status.

76. Defendants Bussey and Bronson, despite having knowledge of the risks to the Plaintiff because of the conditions alleged in paragraphs 72 through 74 above, ignored or failed to take reasonable measures to deal with the safety risks created by those conditions.

77. The Plaintiff would not have been assaulted if the Defendants Fayette County, Fayette County Prison Board, Myers, Bussey and Bronson, would have taken reasonable measures to deal with the safety risks created by the conditions alleged in paragraphs 69 and 72-74 above.

78. As described above, Defendants Fayette County and the Fayette County Prison Board failed to protect the Plaintiff from dangerous inmates by ensuring that the prison was equipped with door that proper locked.

79. By the acts described above, Defendants Fayette County, Fayette County Prison Board, Myers, Bussey and Bronson, have violated the rights of Plaintiff protected by the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983.

80. The conduct and actions of Defendants Bussey and Bronson, as described above, were outrageous and extreme, beyond the bounds of decency, and are so as to be regarded as atrocious and intolerable and civilized society.

81. Defendants Bussey and Bronson acted maliciously, recklessly or with callous disregard of the Plaintiff's rights so as to justify the imposition of punitive damages.

82. As a direct and proximate result of the said acts of Defendants Fayette County, Fayette County Prison Board, Myers, Bussey and Bronson, Plaintiff suffered the following injuries and damages:

    a.  Violation of his constitutional rights under the Eight Amendment

    b.  Physical pain and suffering;

    c.  Economic and non-economic loss;

    d.  Mental anguish and harm.

**WHEREFORE**, Plaintiff requests that this Court:

    a.   Enter judgment against the Defendants joint and severally;

    b.   Award compensatory, economic, and non-economic damages to Plaintiff against the Defendant Fayette County, Defendant Fayette County Prison Board, Defendant Myers, Defendant Bussey and Defendant Bronson;

    c.   Punitive damages to Plaintiff against Defendant Bussey and Defendant Bronson;

    d.   Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

    e.   Award such further legal, equitable and other relief as this Court deems just and proper;  and

    f.   A jury trial to each Defendant and as to each count.

**Count III**
**FEDERAL CIVIL RIGHTS VIOLATIONS**
**PLAINTIFF v. DEFENDANT BUSSEY**

**EIGHTH AMENDMENT**
**FAILURE TO INTERVENE**

83. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

84. When Defendants Shaw and Hunter attacked the Plaintiff, Defendant Bussey had a duty to intervene to protect the Plaintiff.

85. Despite having a reasonable opportunity to intervene, Defendant Bussey choose to watch the attack with his feet propped up on his desk.

86. Defendant Bussey never intervened to stop the attack, never called a code and never called for medical.

87. The conduct and actions of Defendant Bussey, as described above, were outrageous and extreme, beyond the bounds of decency, and are so as to be regarded as atrocious and intolerable and civilized society.

88. Defendant Bussey acted maliciously, recklessly or with callous disregard of the Plaintiff's rights so as to justify the imposition of punitive damages.

89. As a direct and proximate result of the said acts of Defendant Bussey, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Eight Amendment

    b. Physical pain and suffering;

    c. Economic and non-economic loss; and

    d. Mental anguish and harm.

**WHEREFORE**, Plaintiff requests that this Court:

      a.   Award compensatory, economic, non-economic and punitive damages to Plaintiff against Defendant Bussey;

      b.   Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

      c.   Award such further legal, equitable and other relief as this Court deems just and proper;  and

      d.   A jury trial to each Defendant and as to each count.

**Count IV**
**FEDERAL CIVIL RIGHTS VIOLATIONS**
**Plaintiff v. Defendants Fayette County and Fayette County Prison Board**

**Municipal Liability**

90. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

91. As described hereinbefore above, Plaintiff was subjected to unlawful violations of the Eighth Amendment.

92. Defendant Fayette County Prison Board and Defendant Myers, as an official with policy and decision-making authority, as described above directly participated in and ratified the deprivation of the Plaintiff's constitutional rights.

93. At all times relevant, Defendants Fayette County and the Fayette County Prison Board knew that the Fayette County Prison was dilapidated, poorly designed for security purposes, and in need of security and maintenance updates (including but not limited to doors with locks appropriate for a prison setting and proper security cameras).

94. At all times relevant to the instant complaint, Defendants Fayette County and the Fayette County Prison Board chose to ignore the risk to inmate welfare based on the conditions of the prison and safety risks associated with the age, need for updates and remodeling, and lack of appropriate security mechanisms and devices.

95. As described above, Defendants Fayette County and the Fayette County Prison Board failed to protect the Plaintiff from dangerous inmates by ensuring that the prison was equipped with door that proper locked.

96. The failure to adequately maintain and improve the Fayette County Prison by Defendants Fayette County and the Fayette County Prison Board amounts to deliberate indifference to the Plaintiff's constitutional rights under the Fourteenth Amendments.

97. Defendants Fayette County and Fayette County Prison Board, by and through elected and appointed officials, acted in reckless disregard for Plaintiff's constitutional rights and deprived the Plaintiff of his constitutionally protected rights.

98. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Fayette County and Defendant Fayette County Prison Board, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Eight Amendment

    b. Physical pain and suffering;

    c. Economic and non-economic loss;

    d. Mental anguish and harm.

**WHEREFORE**, Plaintiff requests that this Court:

a.   Enter judgment against the Defendant Fayette County and the
Defendant Fayette County Prison Board, joint and severally;

b.   Award compensatory, economic, and non-economic damages to
Plaintiff against the Defendant Fayette County and Defendant Fayette
County Prison Board;

c.   Award reasonable attorneys' fees and costs to Plaintiff pursuant to
42 U.S.C. § 1988;

d.   Award such further legal, equitable and other relief as this Court
deems just and proper;  and

e.   A jury trial to each Defendant and as to each count.

## Count V
## STATE LAW CLAIM
## Plaintiff v. Defendants Hunter and Shaw

### Assault and Battery

99. Plaintiff incorporates by reference the preceding paragraphs as though fully set
forth at length herein.

100. The conduct and actions of Defendants Hunter and Shaw, acting in concert
and conspiracy, as described above, constitute assault and battery in violation
of state law.

101. The conduct and actions of Defendants Hunter and Shaw were outrageous
and extreme, beyond the bounds of decency, and are so as to be regarded as
atrocious and intolerable and civilized society.

102.      Defendants Hunter and Shaw acted maliciously, recklessly or with callous
disregard of the Plaintiff's rights so as to justify the imposition of punitive
damages.

103. As a result of this assault and battery, Plaintiff suffered the following injuries and damages:

    a. Physical pain and suffering;

    b. Economic and non-economic loss; and

    c. Mental anguish and harm.

**WHEREFORE**, Plaintiff requests that this Court:

    d. Enter judgment against all Defendants, joint and severally;

    e. Award compensatory, economic, non-economic and punitive damages to Plaintiff against Defendants Hunter and Shaw;

    f. Award such further legal, equitable and other relief as this Court deems just and proper;  and

    g. A jury trial to each Defendant and as to each count.

**Count VI**
**STATE LAW CLAIM**
**Plaintiff v. Defendants Hunter, Shaw, and Bussey**

**Intentional Infliction of Emotional Distress**

104. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

105. The conduct and actions of Defendants Hunter, Shaw, and Bussey, acting in concert and conspiracy, constituted intentional infliction of emotional distress on plaintiff in violation of state law.

106. The conduct and actions of Defendants Hunter, Shaw, and Bussey, as

described above, were outrageous and extreme, beyond the bounds of decency, and are so as to be regarded as atrocious and intolerable and civilized society.

107.     Defendants Hunter, Shaw, and Bussey acted maliciously, recklessly or with callous disregard of the Plaintiff's rights so as to justify the imposition of punitive damages.

108. Plaintiff suffered the following injuries and damages:

   a.   Physical pain and suffering;
   b.   Economic loss and
   c.   Mental anguish and harm.


**WHEREFORE**, Plaintiff requests that this Court:

   d.   Enter judgment against all Defendants, joint and severally;
   e.   Award compensatory, economic, non-economic and punitive damages to Plaintiff against Defendants Hunter, Shaw and Bussey;
   f.   Award such further legal, equitable and other relief as this Court deems just and proper;  and
   g.   A jury trial to each Defendant and as to each count.


s/Charity Grimm Krupa_____
Charity Grimm Krupa
Attorney I.D. No. 202124
P.O. Box 622
Smithfield, Pa 15478
(724) 569-9608
Counsel for Plaintiff