# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW DSIDA | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| HEATHER ESPOSITO | : | |
| | : | |
| Defendant. | : | |

## PETITION FOR REMOVAL OF CIVIL ACTION

AND NOW, comes Defendant, HEATHER ESPOSITO, by and through

her counsel, Weisberg Law, and files the within Petition for Removal of Civil Action from the

Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court

for the Western District of Pennsylvania, representing as follows:

1. The above action was initiated in the Court of Common Pleas of Allegheny

   County, Pennsylvania at Docket No. GD-21-1840 on March 5, 2021. (Exh. A).

2. Defendant was noticed but not served on March 5, 2021.

3. Plaintiff, Andrew Dsida is a citizen of the State of New York.

4. Defendant, Heather Esposito is a citizen of the State of Florida.

5. Venue is proper in Western District of Pennsylvania because this action arises within

   a county (Allegheny) encompassed by the instant District.

6. Specifically, this action arises from Defendant, Esposito's legal malpractice action:

   Esposito v. Jean Gentile, et al., Court of Common Pleas of Allegheny County,

   Pennsylvania, Docket No. GD-17-00942, which was initiated on June 29, 2017.

7.  That legal malpractice case arises from the underlying divorce between the above

    parties: Mr. Dsida and Ms. Esposito, also in Court of Common Pleas of Allegheny

    County, Pennsylvania, Docket No. F.D. 13-006046-011.

8.  The parties married on June 14, 2003 and on January 9, 2013, the stipulated date of

    separation (DOS), Mr. Dsida filed a Divorce Complaint. Id.

**A.  Basis for Removal: This Court Has Diversity Jurisdiction in this Action**

9.  The United States District Court for the Western District of Pennsylvania has original

    jurisdiction of this action pursuant to 28 U.S.C. § 1332 ("The district courts shall

    have original jurisdiction of all civil actions where the matter in controversy exceeds

    the sum or value of $75,000 . . . and is between citizens of different states.").

10. Diversity jurisdiction exists when all plaintiffs are citizens of states diverse from

    those of all defendants.  *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan*

    *Stanley & Co., Inc*., 772 F.3d 111, 117- 18 (2d Cir. 2014) (citing *Exxon Mobil Corp.*

    *v. Allapattah Servs., Inc*., 545 U.S. 546, 553 (2005)).

11. The party asserting diversity jurisdiction has the burden to prove the

    same.  *Pennsylvania Pub. Sch. Employees' Ret. Sys*., 772 F.3d at 118.

12. "[D]iversity of citizenship should be distinctly and positively averred in the

    pleadings, or should appear with equal distinctness in other parts of the record[.]"

    *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc*., 87 F.3d 44, 47 (2d Cir.

    1996) (internal quotation marks omitted).

13. "A conclusory allegation in the Complaint regarding diversity of citizenship does not

    extinguish the Court's responsibility to determine, on its own review of the pleadings,

whether subject matter jurisdiction exists." *Richmond v. International Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996), *aff'd*, 841 F.2d 1116 (2d Cir. 1988).

14. For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Davis v. Cannick*, 2015 WL 1954491, at *2 (E.D.N.Y. 2015); *Young-Gibson v. Patel*, 476 Fed. App'x 482, 483 (2d Cir. June 12, 2012).

15. Whether diversity jurisdiction exists in this action depends on whether the amount in controversy exceeds $75,000 and whether there is diversity of citizenship.

16. Upon information and belief, Plaintiff is seeking damages in excess of $75,000.

WHEREFORE, Defendant, HEATHER ESPOSITO, respectfully requests that this Honorable Court remove the above-captioned action pending in the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
David Berlin, Esq.
Matthew B. Weisberg, Esq.
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW DSIDA | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| HEATHER ESPOSITO | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, David Berlin, Esquire, hereby certify that on this 2nd day of April 2021, a true and

correct copy of the foregoing Defendant's Petition for Removal was served upon the following

parties:

Shane Valenzi, Esq.
Eckert Seamans Cherin & Mellott, LLC
Firm No. 75
600 Grant Street, 45th Floor
Pittsburgh, PA 15219

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
David Berlin, Esq.
Matthew B. Weisberg, Esq.
*Attorneys for Defendants*