## ;IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA BROADNAX, | : | |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| v. | : | |
| | : | |
| PANDA EXPRESS, STEVEN PASCARELLA, OFFICER JOHN DOE | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

### COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Diana Broadnax, by and through her Attorneys, Timothy P. O'Brien, Esquire and the Law offices of Timothy P. O'Brien and files the within complaint and in support thereof avers as follows:

**I.      Parties**

1.    Plaintiff Diana Broadnax is a disabled adult individual residing in Allegheny County, Commonwealth of Pennsylvania; she is African-American, impediment;

2.    Defendant Panda Express is a privately wholly owned subsidiary of Panda Restaurant Group, Inc. (hereinafter referred to as Panda Express) trading and conducting business at 44155 William Penn Hwy., Monroeville, PA; (with a principal place of business at 1683 Walnut Grove Ave, Rosemead, CA 91770) who at all times relevant, was acting by and through its duly authorized employees, agents, and/or assigns who were then and there acting within the course and scope of their employment;

3.    Defendant Steven Pascarella is an adult individual residing within Allegheny County, Commonwealth of Pennsylvania, who at all times relevant, was employed as a police officer by the Municipality of Monroeville, Allegheny County, Pennsylvania, and in

such capacity was acting under color of state law. At all times relevant, this Defendant was in a supervisory capacity to Defendant Doe and participated, acted jointly and/or acquiesced in Doe's violation of Plaintiff's 4th amendment rights to be free from excessive force and/or false arrest. This Defendant is sued in his individual capacity;

4.      Defendant John Doe is an adult individual who is believed to reside within Allegheny County, Commonwealth Pennsylvania, who at all times relevant, was employed as a police officer by the Municipality of Monroeville, Allegheny County, Pennsylvania, and in such capacity was acting under color of state law. This Defendant is sued in his individual capacity;

## II.     Jurisdiction

5.      This court has jurisdiction over the constitutional claims asserted herein pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343(4); this court has pendent/diversity jurisdiction over plaintiff's common law tort claims asserted against defendant Panda Express

## III.    Facts

6.      On May 5, 2019, Plaintiff was a business invitee at the Panda Express where she entered the premises to purchase a to-go order;

7.      After making the purchase, Plaintiff returned to her residence located a short distance from the Panda Express, where she found that she had been given the wrong order;

8.      Plaintiff then immediately returned to the Panda Express for the purpose of exchanging the wrong order for the correct one;

9. Instead of accommodating Plaintiff's requested exchange, the Panda Express Manager, (a Caucasian female) (hereinafter Manager), in the presence of other customers and/or restaurant staff, responded angrily, began yelling at the Plaintiff, ordered her to leave and threatened to call the police;

10. Upon information and belief, the Manager, called the Monroeville Police Department falsely reporting that Plaintiff had been disorderly and/or was publicly intoxicated;

11. Plaintiff was not intoxicated, had not consumed any alcohol, was not disorderly, and since it was Sunday, her only activity before going to the Panda Express, was to attend church services;

12. Plaintiff had not engaged in any physical and/or verbal activity that warranted and/or justified the Manager's loud, abusive and/or angry response and/or which justified calling the police;

13. The Manager's loud, abusive and angry response caused Plaintiff to become emotionally upset, exacerbating her underlying disability, including as manifested in her speech impediment; Plaintiff exited the Panda Express and waited outside for the police to arrive;

14. Shortly after she left the Panda Express, defendants Pascarella and Doe arrived on the scene in two separate squad cars;

15. Without affording plaintiff the opportunity to explain what happened at the Panda Express, Pascarella demanded that she produce identification, and began shouting profanities at her. Pascarella claimed plaintiff was non-compliant. Defendant

Doe then placed a Taser against her chest and threatened to Taser her. Plaintiff was then forcibly handcuffed and arrested;

16. Plaintiff was transported to the Monroeville Police Department (Department) where she was incarcerated in the Department's "lockup" for approximately one hour;

17. While Plaintiff was incarcerated in the "lockup", she experienced serious difficulty in breathing due an anxiety attack and due to her pre-existing asthmatic condition;

18. When plaintiff complained that she could not breathe, and requested that she be given her inhaler located in her purse, defendant Pascarella responded by shouting profanities at her, stating that if she could complain about an inability to breathe, she must, in fact, be able to breath;

19. EMTs arrived on the scene, who provided Plaintiff with her inhaler and transported her from the Department to a local hospital, where she was treated and released;

20. Before she was transported to the hospital defendant Pascarella entered her cell, and placed her in a chokehold to remove her from the cell floor;

21. At all times relevant, Defendants Pascarella and/or Doe, did not have a reasonable basis to believe and/or suspect that Plaintiff had engaged in any criminal activity, including disorderly conduct and/or public intoxication;

22. At all times relevant, Defendants did not have a reasonable basis to use any force in carrying out an arrest of the Plaintiff and/or while she was kept in the lockup, and the force used was unreasonable and excessive;

23. Defendant Pascarella charged Plaintiff with public intoxication falsely alleging that she appeared in a public place "under the influence of alcohol to the degree that she may endanger herself or annoy others in her vicinity";

24. The false charges brought against Plaintiff were dismissed;

25. As a direct result of the Defendants' conduct as hereinbefore described, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and damage to her reputation;

26. As a direct result of Defendants' conduct as hereinbefore described, Plaintiff suffered physical injuries, for which she has and/or may require medical care and treatment;

## IV.   Causes Of Action

### BROADNAX V. PASCARELLA AND JOHN DOE
### 4TH AMENDMENT, FALSE ARREST, EXCESSIVE FORCE, MALICIOUS PROSECUTION;

27. Plaintiff incorporates herein paragraphs 1 through 26 as if fully set forth at length, herein;

28. Defendants' conduct as hereinbefore described (including that they acted jointly in arresting and filing false criminal charges against the plaintiff) violated Plaintiff's rights under the 4th amendment to the United States Constitution made actionable against Defendants pursuant to 42 U.S.C. § 1983, to be free from false arrest/imprisonment, excessive force, and/or malicious prosecution;

WHEREFORE, Plaintiff requests judgment in her favor for compensatory damages and/or punitive damages, costs and attorney's fees and such other relief as this court may deem just and equitable under the circumstances;

## BROADNAX V. PANDA EXPRESS
## FALSE ARREST/MALICIOUS PROSECUTION

29. Plaintiff incorporates herein paragraphs 1 through 28, as if fully set forth at length, herein:

30. The false accusations were made knowingly by the Manager to the police which led to the false arrest and/or filing false criminal charges and/or unnecessary use of force against the Plaintiff;

WHEREFORE, Plaintiff requests judgment in her favor against Defendant Panda Express including compensatory and/or punitive damages and for such other relief as the court may deem just and equitable under the circumstances;

## BROADNAX V. PANDA EXPRESS
## NEGLIGENCE

31. Plaintiff incorporates herein paragraphs 1 through 30, as if fully set forth at length, herein;

32. The injuries suffered by the Plaintiff were proximately caused by the negligence of the Defendant Panda Express in the following respects:

   a). In failing to train and/or establish appropriate standards of conduct for its employees including management staff in the manner in which consumer complaints concerning service should be handled without engaging in angry, abusive, and/or offensive responses designed to publicly humiliate the complaining consumer;

   b). In failing to train and/or establish appropriate standards for its employees including management staff in the manner in which such employees seek police assistance, under what circumstances such assistance should be sought, standards and/or training ensuring that information provided to the police is accurate, when defendants knew or should have known that the lack of any such training and/or standards could endanger the safety of its business invitees;

   c). In failing to identify, select, assign and/or appoint appropriate personnel/employees to handle consumer complaints including

        failure to exclude employees with anger management and/or other emotional problems from dealing with consumer complaints when defendants knew or should have known that the failure to do so could endanger the safety of its business invitees;

d). In failing to properly supervise, and/or to establish appropriate safeguards against its employees filing false complaints with the police against consumers because of complaints about service, when defendants knew or should have known that such failure could endanger the safety of its business invitees;

e). In failing to properly train and/or establish appropriate standards of conduct for its employees including management staff in responding to consumer complaints made by business invitees who have cognitive impairments, including as manifested in speech impediments;

WHEREFORE, Plaintiff requests judgment in her favor against Defendant Panda Express for compensatory and/or punitive damages and for such other relief as the court may deem just and equitable under the circumstances;

## **BROADNAX V. PANDA EXPRESS**
## **CLAIM UNDER 42 U.S.C. § 1981**

33. Plaintiff incorporates herein by reference paragraphs 1 through 32, as if fully set forth at length, herein:

34. The conduct and/or actions of the Manager directed against the plaintiff as hereinbefore described were on account of the plaintiff's race, African-American;

35. At all times relevant, plaintiff was attempting to enforce her contractual right to receive the correct food order for which Panda Express had been compensated when plaintiff made the food purchase;

36. At all times relevant, plaintiff was denied the right to enforce her contractual claim against Panda Express on account of her race, African-American;

7

37. Although the Manager summoned the police with respect to the plaintiff, the Manager did not call the police with respect to a white male patron who was screaming at the plaintiff, because of her complaints about not receiving the food order that she purchased;

Wherefore, plaintiff requests judgment in her favor for both compensatory and/or punitive damages, attorneys fees and costs and such other relief as this Court deems just and equitable under the circumstances.

        Respectfully submitted,

        /s/ Timothy P. O'Brien
        PA ID# 22104

        Law Office of Timothy P. O'Brien
        Henry W. Oliver Building
        535 Smithfield Street, Suite 1025
        Pittsburgh, PA  15222
        (412) 232-4400

        Attorney for Plaintiff