UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINT W. HOPPER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST ADVANTAGE BACKGROUND | ) | |
| SERVICES, CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION BY NON-PARTY, SYSTEM ONE HOLDINGS, LLC, TO QUASH SUBPOENA**

Non-Party, System One Holdings, LLC ("System One"), by its counsel, hereby moves to quash a Subpoena served on System One purporting to command System One to appear for a second Rule 30(b)(6) deposition in a civil action captioned Clint W. Hopper v. First Advantage Background Services Corp., Civil Action No. 1:20-cv-01935-AT-AJB (N.D. Ga.) ("Hopper Lawsuit").  In support of this Motion, System One states as follows:

1.      System One is a personnel staffing firm headquartered at 210 Sixth Avenue, Suite 3100, Pittsburgh, Pennsylvania 15222, within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

2.      On or about May 5, 2020, Clint W. Hopper ("Hopper"), the Plaintiff in the Hopper Lawsuit, filed his lawsuit against Defendant, First Advantage Background Services Corp. ("First Advantage"), a consumer reporting agency, in the United States District Court for the Northern District of Georgia.

3.      Hopper is being represented in the Hopper Lawsuit by Devin, H. Fok, DHF Law, P.C., 2304 Huntington Drive, Suite 210, San Marino, California 91108.  First Advantage is being

represented in the lawsuit by Jason A. Spak, Fisher Broyles, LLP, P.O. Box 5262, Pittsburgh, Pennsylvania 15206.

4.      In the Hopper Lawsuit, Hopper asserts two counts against First Advantage for alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), based on an allegedly inaccurate background investigation report that First Advantage provided to System One that allegedly caused Hopper to lose an employment opportunity that he had with System One for a work assignment.

5.      On or about March 3, 2021, First Advantage, through its counsel, served a Subpoena on System One and on Hopper's counsel, commanding System One to provide a corporate deposition, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on March 12, 2021.  In accordance with Rule 30(b)(6), the Subpoena identified the subject matters of inquiry for purposes of the deposition.  A copy of the Subpoena is attached to this Motion as Exhibit 1.

6.      After service of the Subpoena on Hopper's counsel, Hopper did not counter designate or otherwise identify any additional subject matters into which he intended to inquire at the Rule 30(b)(6) deposition of System One.

7.      In accordance with the Subpoena and Notice of Deposition, and in accordance with Rule 30(b)(6), System One, through its counsel, prepared Susan Tencza Burgess, System One's Senior Vice President, Human Resources, to testify as to information known to or reasonably available to System One, within the scope of the matters of inquiry identified in the Subpoena.

8.      The Rule 30(b)(6) deposition of System One proceeded, as scheduled, on March 12, 2021, with Ms. Burgess testifying, on behalf of System One, as to the matters of inquiry identified in the Subpoena.

9.      On March 30, 2021, after two prior extensions of discovery in the Hopper Lawsuit, the Court granted a third extension of discovery upon motion of Hopper's counsel, extending the discovery period until May 18, 2021.  In the text order granting that extension of discovery, however, the Court stated that, "during the extended period, discovery is limited to Defendant's Defect Management System and the circumstances surrounding the hiring and firing of Plaintiff by third party System One."  A copy of the Court's March 30, 2021 text order is attached to this Motion as Exhibit 2.

10.      On April 26, 2021, Hopper, through his counsel, served Subpoenas purporting to compel three additional System One employees to appear for depositions in this case. The subpoenaed employees are Rebecca Iezzi, System One's Human Resource Manager; Kaleb LeNeave, a System One Business Development Manager - Construction Management & Inspection; and Jordan Marks, a System One Senior Recruiter.  Ms. Iezzi and Mr. LeNeave will appear for depositions in this case as scheduled, and System One is attempting to schedule Mr. Marks' deposition.

11.      On April 27, 2021, Hopper, through his counsel, served System One with a Subpoena purporting to compel System One to appear for a second Rule 30(b)(6) deposition, by remote means, in the Hopper Lawsuit.  A copy of the Subpoena is attached to this Motion as Exhibit 3.

12.      All of the subjects of inquiry identified in the Subpoena that Hopper issued for a second Rule 30(b)(6) deposition of System One are subjects that Hopper could have identified

3

and, if identified, could have inquired into during the first Rule 30(b)(6) deposition of System One.

13.     Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure provides: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):  if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case."

14.     System One and, to the System One's knowledge, First Advantage have not stipulated to a second Rule 30(b)(6) deposition of System One, and Hopper has not obtained leave of court to conduct that deposition.  Hopper's subpoena of System One to appear at a second Rule 30(b)(6) deposition therefore is contrary to Rule 30(b)(2)(A)(ii) and, because Hopper has not complied with that rule, System One is not required to honor the subpoena purporting to compel it to appear at a second deposition.

15.     Rule 45(d)(1) of the Federal Rules of Civil Procedure provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

16.     Rule 45(d)(3) of the Federal Rules of Civil Procedure authorizes an entity that is served with a subpoena to move to quash the subpoena, in the district in which compliance is required.

17.     Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure provides:  "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."

262877848

18.     Requiring System One to prepare for and provide a second Rule 30(b)(6) deposition in this case will subject System One to undue burden and expense, in light of the fact that: (a) System One is not a party to this case; (b) System One has already prepared for and provided a Rule 30(b)(6) deposition in this case; (c) Hopper, through his counsel, could have, but failed to, counter designate or otherwise identify additional subject matters into which Hopper intended to inquire during the first deposition of System One; (d) Hopper has not obtained leave of court to conduct a second deposition of System One, as required by Rule 30(a)(2)(A)(ii); (e) this would be the second deposition of the same non-party witness, System One, in the same case, and the only reason for the second deposition of the same deponent is that Hopper failed designate subject matters of inquiry in advance of the first deposition; and (f) a second deposition of System One in this case would result in Hopper's taking a total of five depositions of non-party System One or its employees.

19.     Moreover, the Subpoena violates the Court's March 30, 2021 text order, in that the subject matters of inquiry identified in the Subpoena exceed the limitation imposed by the Court that "discovery is limited to . . . the circumstances surrounding the hiring and firing of Plaintiff by third party System One."   Specifically, almost all of the 19 subject matters of inquiry identified in the Subpoena are broad and general subject matters relating to System One's policies, practices, and procedures for conducting background checks on prospective employees and for evaluating background reports that System One receives.  (See Ex. 3).

WHEREFORE, Movant, System One Holdings, LLC, respectfully requests that the Subpoena issued by Plaintiff, Clint W. Hopper, for a second Rule 30(b)(6) deposition of System One be quashed.

262877848

Dated:  May 8, 2021                    Respectfully submitted,

                                       */s/ Kurt A. Miller*_____
                                       Kurt A. Miller
                                       Pa. I.D. No. 37850

                                       Amy H. McCrossen
                                       Pa. I.D. No. 327676

                                       Clark Hill PLC
                                       One Oxford Centre
                                       301 Grant Street, 14th Floor
                                       Pittsburgh, PA  15219-1425
                                       kmiller@clarkhill.com
                                       Telephone:   (412) 394-2363
                                       Telephone:   (412) 394-7743
                                       Fax:  (412) 394-2555

                                       *Attorneys for Movant, System One Holdings, LLC*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | |
|---|---|
| Clint Hopper, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:20-cv-01935-AT-AJB |
| First Advantage Background Services Corp., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                  System One Holdings, LLC
_____
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
          See Exhibit A

| Place: Streaming videoconference (log-in instructions to follow) | Date and Time: March 12, 2021 at 1:00 pm Eastern Time |
|---|---|

The deposition will be recorded by this method:   stenographer/court reporter and videoconference recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

          See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   March 3, 2021
                    *CLERK OF COURT*
                                                              OR
                                                         /s/ Jason A. Spak
_____          _____
     *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
First Advantage Backrgound Services Corp.,                                  , who issues or requests this subpoena, are:
Jason A. Spak, FisherBroyles, LLP, P.O. Box 5262, PGH, PA 15206, jason.spak@fisherbroyles.com, 412-230-8555

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT

tabbies

\

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:20-cv-01935-AT-AJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  System One Holdings, LLC
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows:  Certified Mail

_____         on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____    for travel and $ ____ 0.00 ____    for services, for a total of $ ___ 0.00 ___ .

I declare under penalty of perjury that this information is true.

Date: ____ March 3, 2021 ____            _____ /s/ Jason A. Spak _____
                                                    *Server's signature*

                                                    Jason A. Spak, Esquire
                                                    *Printed name and title*

                                                    FisherBroyles, LLP
                                                    P.O. Box 5262
                                                    Pittsburgh, PA 15206
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CLINT HOPPER,<br>          Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE<br>BACKGROUND SERVICES CORP.,<br><br>          Defendant. | Case No. 1:20-cv-01935-AT-AJB |

## SUBPOENA TO SYSTEM ONE HOLDINGS, LLC
## EXHIBIT A

This Subpoena is directed to System One Holdings, LLC to produce certain documents pursuant to Fed. R. Civ. P. 34(c), and to and to testify about certain topics pursuant to Fed. R. Civ. P. 30(b)(6).

This Exhibit A provides certain definitions, and it describes the documents that System One Holdings, LLC should produce and the topics about which System One Holdings, LLC should be prepared to give testimony.

System One Holdings, LLC should review this Exhibit A carefully and should respond to the Subpoena in accordance with it.

### Definitions

The following definitions apply to this subpoena:

A.     "Documents" includes all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. This includes any documents (as so defined) that are stored electronically or exist in electronic form on any computer, device, or storage medium within your possession, custody or control.

B.      "You" means System One Holdings, LLC, for itself and its employees, agents, representatives, and all persons working on its behalf, together with any and all of its or their predecessors, successors, assigns, owners, affiliates, and/or subsidiaries, including but not limited to the employees, agents, and/or representatives of those entities.

C       "Reflecting" means depicting, memorializing, recording, documenting, transcribing, summarizing, outlining or referring to.

D.      "Communication" means any form of written communication (including those transmitted electronically by email or other electronic communication) between two or more persons, including any documents transmitted by way of or attached to any such written communication.

E.      "Relating to" or "relate to" means constituting, defining, containing, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to.

F.      "Plaintiff" means the individual person – Clint W. Hopper – who is referred to in the documents attached to this Subpoena.  Copies of the first page of System One's offer letter to Plaintiff, and of the first page of First Advantage's consumer report about Plaintiff, are attached.

### Documents To Be Produced

Pursuant to Fed. R. Civ. P. 34, You are commanded to produce and permit inspection and copying of the categories of documents listed below. These documents shall be produced at the location, and on the date and time, indicated on the face of the subpoena.  You are required to produce any documents that are responsive to the categories below and that were created or stored on or after January 1, 2016 through the present.

1.      All documents and/or communications that You produced to Plaintiff in response to Plaintiff's Subpoena dated October 29, 2020.

## **Topics on Which You Must Testify**

Pursuant to Fed. R. Civ. P. 30(b)(6), You are commanded to designate on or more persons who consent to testify on Your behalf regarding the topics listed below.

After receiving this Subpoena and its Exhibit A, You have a duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to You.

The deposition topics are:

1.     Whether the attached offer letter dated October 26, 2018 accurately sets forth the terms and conditions of an offer of employment to Plaintiff.

2.     Whether the statements in Rebcecca Iezzi's Declaration dated November 19, 2020 are true and correct.

3.     Whether the statements in Kaleb LeNeave's Declaration dated November 19, 2020 are true and correct.

4.     When Plaintiff's work on the construction of a 14-mile natural gas pipeline near Birdsboro, PA, had he been permitted to continue it, would have been completed.

5.     Whether, on October 26, 2018, You expected that Plaintiff's work for You would end when the project for which Plaintiff was hired – the construction of a 14-mile natural gas pipeline near Birdsboro, PA – was completed.



10/26/18

Clint Hopper

Dear Mr. Hopper,

System One Holdings, LLC ("System One") would like to offer you an assignment with DTE Energy, in the capacity of a CWI LEVEL 1 Inspector. I have provided the specifics of your at-will engagement below. Your anticipated start date and employment with System One is contingent upon work being available by DTE Energy and completion of satisfactory reference checks, background check, and drug screen. Employment is also contingent upon successful completion of any applicable certification exams.

| | |
|---|---|
| Anticipated Commencement Date: | 10/28/18 |
| Client: | DTE Energy |
| Project Location: | Birdsboro, PA |
| Report to Manager: | Brandon Reinard |
| Schedule: | The work schedule will be determined by your Reporting Manager |
| Pay Rate: | You will be a paid a day rate of $466.00 (plus Per Diem)<br><br>Your straight time hourly rate and overtime rate will be modified each week to equal the pay rate of $466.00 a day. |
| Per Diem and Mileage | $185.00 per day for all 7 days.<br>Mileage = 50 miles per day at the current IRS rate.<br>UTV Rate = $35 |
| Payroll Cycle and Pay Day: | System One Employees are paid on a weekly basis. Payment occurs every Friday. |
| Mob/Demob: | Mobilization and Demobilization will be day rate and mileage up to 3 days max and by Project Manager APPROVAL.<br><br>Demobilization will not be paid if you voluntarily resign before completion of the project, or if you are terminated for cause. |
| Engagement term: | Your assignment with DTE Energy nor your employment with System One is guaranteed for any particular length of time, and your employment remains at-will. |

Candidate acknowledgement of first page details: _____ Initials _____



## Conditions of Employment

### 1. At Will Employment

Your employment with System One Holdings, LLC (the "Company"), will commence on the mutually agreed upon start date. To prevent any misunderstandings between us, this letter sets forth the entire understanding between us regarding your employment and supersedes any discussions between us or between you and any other representative of the company regarding your employment. This letter may not be amended or modified except by a document in writing signed by both of us. Please understand that while it is our hope and belief that our relationship will be a long one, this is an offer of employment on an "at will" basis. Nothing in this letter should be construed as creating any other type of employment relationship. As an at-will employee, your employment may be terminated either by you or System One at any time, for any reason or for no reason at all.

### 2. Confidentiality/Non-Solicitation and Arbitration agreement

Due to the nature of our business and in an effort to protect our clients, the Company requires all employees to sign a standard Confidentiality/Non-Solicitation and Arbitration agreement prior to the commencement of employment. The employment offer is contingent upon the execution and return of this agreement. The agreement is enclosed for your review and signature. It is a goal of the Company to provide as positive an experience for you as possible. In the event a legal dispute arises, arbitration provides a quick and cost effective means of resolution for all parties. All employees are required to sign the Company arbitration agreement prior to the commencement of employment. The employment offer is contingent upon the execution and return of this agreement. The agreement is enclosed for your review and signature.

### 3. Employment Eligibility

Finally, we are required by federal law to examine documentation of your employment eligibility. On your first day of work, please bring with you evidence of your U.S. citizenship or proof of your legal right to work in the U.S. The list of acceptable documents is enclosed for your review. If you are unable to visit a local System One office location, please request for a Notary Public to witness in person your original employment eligibility documents, copy the documents and notarize the copy with their signature and notary seal. You may mail in the completed Section One of your Form I-9 as long as it is accompanied by the notarized copy of your employment eligibility documents.

Kindly acknowledge your acceptance of this offer by signing and dating this letter along with the Confidentiality/Non-Solicitation Agreement and return within the next twenty-four (24) hours via fax to 412-995-1901 or scan a copy and email at Domenica.heller@systemoneservices.com Please keep a copy for yourself and return the originals via overnight mail, regular mail or in person.

If you have any questions or concerns, please contact me at 412-208-5027

Sincerely,

Domenica M. Heller
System One Holdings, LLC

_____
Employee Signature

_____
System One Representative Signature

_____
Date

_____
Date

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

### 1:20-cv-01935-AT-AJB
### Hopper v. First Advantage Background Services, Corp.
### Honorable Alan J. Baverman

Minute Sheet for proceedings held In Open Court via Zoom on 03/30/2021.

TIME COURT COMMENCED: 2:00 P.M.
TIME COURT CONCLUDED: 2:45 P.M.          COURT REPORTER: Zoom
TIME IN COURT: 45                         DEPUTY CLERK: Christopher Boundy
OFFICE LOCATION: Atlanta

ATTORNEY(S)          Devin Heng Fok representing Clint W. Hopper
PRESENT:             Ainat Kiewe representing Clint W. Hopper
                     Jason Spak representing First Advantage Background Services, Corp.

PROCEEDING
CATEGORY:

MINUTE TEXT:

A hearing was held by the Court via Zoom to resolve several discovery issues between the parties as well as to rule on Plaintiff's Motion for Extension of Time to Complete Discovery to June 18, 2021. [Doc. 44]. Following argument, the Court ruled that the motion was **GRANTED IN PART and DENIED IN PART**. Specifically, the Court Ordered that the discovery period would be extended an additional sixty (60) days but would not be extended further. The Court stated that any discovery issues that remained outstanding at that time may be brought to the Court's attention and will be ruled upon through a report and recommendation. The Court stated that if, upon review, discovery was found to be outstanding due to bad faith on the part of either party, such as unnecessarily vague discovery requests or foot-dragging, it would impose monetary or other sanctions that could include issue preclusion.

The Court further Ordered that, during the extended period, discovery is to be limited to Defendant's Defect Management System and the circumstances surrounding the hiring and firing of Plaintiff by third party System One.

1


EXHIBIT
2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia ▼

| | |
|---|---|
| Clint W. Hopper | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:20-cv-01935-AT-AJB |
| First Advantage Background Services, Corp. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
System One Holdings, LLC
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit 1 attached hereto

| Place: | Remote Deposition via Zoom Video Conference Meeting link will be provided under seperate cover | Date and Time: 05/12/2021 11:00 am |
|---|---|---|

The deposition will be recorded by this method:   stenographically and videotape pursuant to FRCP 30(b)(3)

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/27/2021

CLERK OF COURT

OR

_____   /s/ Devin H. Fok
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Clint Hopper _____ , who issues or requests this subpoena, are:

Devin H. Fok, Esq., 2304 Huntington Drive, Suite 210, San Marino CA 91108; devin@devinfoklaw.com; (888) 651-6411

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT
3

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-01935-AT-AJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* System One Holdings, LLC _____
on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $     40.00     .

My fees are $     0.00     for travel and $     0.00     for services, for a total of $     0.00     .

    I declare under penalty of perjury that this information is true.

Date: _____            _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## GEORGIA

| | |
|---|---|
| CLINT HOPPER,<br><br>              Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE<br>BACKGROUND SERVICES CORP.,<br><br>            Defendant. | Case No. 1:20-cv-01935-AT-AJB |

## SUBPOENA TO SYSTEM ONE HOLDINGS, LLC
## EXHIBIT 1

This Subpoena is directed to System One Holdings, LLC to testify about certain topics pursuant to Fed. R. Civ. P. 30(b)(6). This Exhibit 1 provides the topics about which System One Holdings, LLC should be prepared to give testimony. System One Holdings, LLC should review this Exhibit 1 carefully and should respond to the Subpoena in accordance with it.

### Definitions

The following definitions apply to this Subpoena:

A. "You" or "Your" means System One Holdings, LLC, for itself and its

    employees, agents, representatives, and all personal working on its behalf,

1

together with any and all of its or their predecessors, successors, assigns, owners, affiliates, and/or subsidiaries, including but not limited to the employees, agents, and/or representatives of those entities.

### Topics on Which You Must Testify

Pursuant to Fed. R. Civ. P. 30(b)(6), You are commanded to designate one or more persons who consent to testify on Your behalf regarding the topics listed below.

After receiving the Subpoena and its Exhibit A and Exhibit B, You have a duty to confer with the serving party and to designate each person who will testify. The person(s) designated must testify about information known or reasonably available to You.

The deposition topics are:

1. How the attached Background Investigation Requirements Schedule (hereinafter "Schedule) (attached to the letter dated March 9, 2021 from Cami L. Davis, Senior vice President & Chief Employment Counsel) is implemented by You.

2. Your policies, practices and procedures for conducting the review set forth in paragraph D of the Schedule.

3. Your policies, practices and procedures for carefully reviewing

2

convictions as set forth in paragraph E of the Schedule.

4. Your policies, practices, and procedures for evaluating the nature of the crime as set forth in paragraph F of the Schedule.

5. Your policies, practices, and procedures for evaluating the severity of the crime as set forth in paragraph F of the Schedule.

6. Your policies, practices, and procedures for evaluating the length of time that has passed since the offense occurred as set forth in paragraph F of the Schedule.

7. Your policies, practices, and procedures for evaluating how the crime relates to the worker's proposed job responsibilities as set forth in paragraph F of the Schedule.

8. Your policies, practices, and procedures for evaluating the truthfulness of the worker's disclosure of convictions as set forth in paragraph F of the Schedule.

9. Your policies, practices, and procedures for evaluating the completeness of the worker's disclosure of convictions as set forth in paragraph F of the Schedule.

10. Your policies, practices, and procedures for evaluating the worker's evidence of rehabilitation as set forth in paragraph F of the Schedule.

3

11. Your policies, practices, and procedures for evaluating the worker's subsequent job history as set forth in paragraph F of the Schedule.

12. Your policies, practices, and procedures for extending or denying employment to persons on the basis of criminal record information.

13. Your policies, practices, and procedures for conducing background checks on prospective employees in accordance with paragraph A of the Schedule.

14. Your polices, practices, and procedures for reviewing convictions for misdemeanors to determine whether the criminal conviction disqualifies an employee from working for You in accordance with paragraph D of the Schedule.

15. Your polices, practices, and procedures for reviewing convictions for felonies to determine whether the criminal conviction disqualifies an employee from working for You in accordance with paragraph D of the Schedule.

16. The training You provide Your employees for complying with the Schedule.

17. The identity of Your managers in reviewing and updating the Schedule in compliance with applicable law.

18. Your policy and procedures for implementing the hiring guidelines of Your client DTE Energy.

19. Your policy and procedures for implementing the hiring guidelines of Your client DTE Energy in connection with the assignment in Birdsboro, PA set forth in the letter dated October 26, 2018 to Clint Hopper and attached hereto as Exhibit B.



March 9, 2021

VIA EMAIL

Ainat Kiewe
DHF Law, P.C.
16 N. Marengo Avenue
Suite 403
Pasadena, JCA 91101

      Re:    Third Party Subpoena to System One Holdings, LLC in the Lawsuit of *Clint W. Hopper v.*
                *First Advantage Background Check Services Corp.* – CONFIDENTIAL INFORMATION

Dear Ainat:

System One Holdings, LLC ("System One") is in receipt of the subpoena issued to System One (the "Subpoena") in the above-captioned lawsuit (the "Lawsuit").

This letter serves to supplement my letter dated December 21, 2020, and the objections set forth in that letter are referenced here as though set forth in full. Without waiving those objections, please see the information set forth below and in the attached document. Please note that the information below and attached, as well as that information previously produced, is designated as "CONFIDENTIAL" pursuant to the Stipulated Protective Order entered on March 2, 2021.

Individuals hired by System One for assignment to DTE, other than Clint Hopper, with misdemeanor convictions:

| Employee Identifier | Nature of Crime | Description of Crime | Note |
|---|---|---|---|
| Employee 1 | Misdemeanor | Possession of marijuana | |
| Employee 2 | Misdemeanor | DUI | |
| Employee 3 | Misdemeanor and Felony | Assault family violence | Began working pending background check results; result came back and employee resigned; employment would have been terminated if no resignation |

Very truly yours,

Cami L. Davis
Senior Vice President & Chief Employment Counsel
System One Holdings, LLC

Enclosure

Cc:    Jason Spak

## BACKGROUND INVESTIGATION REQUIREMENTS SCHEDULE

A.  Contractor must conduct a background check (as set forth herein) on all of its workers assigned to provide services to Company, prior to that respective worker starting work on Company's project.

B.  In performing the background checks, Contractor agrees to comply with all applicable local, state and federal laws, including the Fair Credit Reporting Act and agrees that such background check will be performed by a National Association of Professional Background Screeners Accredited Company.

C.  Background checks will include, but not limited to:

  *  Social Security Number (SSN) Trace;
      o  Criminal history check in all federal, state, and county jurisdictions as revealed by address history on social security trace.  Criminal search shall also include any name variations and/or aliases located on the social security trace.  County records must be searched at the court level to maintain maximum possible accuracy.  Automated county searches, commonly referred to as Bots, may not be used unless guaranteed to be equivalent by county court clerk.
  *  US Patriot Act Watch Lists.
  *  National Criminal Index Search to include State Sex Offender Registries; Office of Foreign Asset Control (OFAC).
  *  Verification of Immigration Status, including valid I-9 Form where applicable. Note the Company expressly prohibits any contractor from employing any person on Company premises who does not have valid authorization to work in the United States.
  *  U.S. law requires companies to employ only individuals who may legally work in the United States – either U.S. citizens, or foreign citizens who have the necessary authorization. Contractor must validate eligibility through E-Verify.
  *  Driving History (where permitted by law and if contractor is required to operate a Company motor vehicle).

D.  Unless restricted by applicable law, all convictions for misdemeanors or felonies shall be reviewed by Contractor to determine whether the criminal conviction disqualifies the worker from working on Company's project.

E.  Examples of convictions that shall be carefully reviewed by Contractor for possible disqualification include, but are not limited to,: crimes of dishonesty (i.e. theft, embezzlement, fraud, forgery, etc.) and violence (i.e. murder, rape, kidnapping, assault, robbery, stalking, harassment, etc.).

F.  In evaluating the results of background checks, Contractor shall consider factors such as the nature and severity of the crime, the length of time that has passed since the offense occurred, how the crime relates to the worker's proposed job responsibilities, truthfulness and completeness of the worker's disclosure of convictions, and evidence of rehabilitation and subsequent job history.

G.  Contractor provides Company an ongoing representation and warranty that it has conducted background checks consistent with the requirements set forth in this Schedule.  Further, if Contractor breaches this warranty, it agrees that it will make Company whole for any cost, claim, fine, or penalty that Company may incur as a result, directly or indirectly, from a breach of this warranty.

H.  Contractor covenants and agrees that it shall defend, indemnify and hold Company, its parent, and all of their officers, agents and employees (each a, "Company Indemnitee") harmless for any claim, loss, damage, cost, charge, expense, lien, settlement or judgment, including interest thereon, including employees of Contractor, its subcontractors and suppliers, or property or both, arising directly or indirectly out of or in connection with Contractor's or any of its subcontractor's or supplier's breach of the warranty and representation set forth in this Schedule. In the event any suit or other proceedings for any claim, loss, damage, cost, charge or expense covered by Contractor's foregoing indemnity shall be brought against any Company Indemnitee, Contractor hereby covenants and agrees to assume the defense thereof and defend the same at Contractor's own expense and to pay any and all costs, charges, attorney's fees, and other expenses, and any and all judgments that may be incurred by or obtained against any Company Indemnitee's in such suits or other proceedings.

I.  Federal and state laws and/or regulations may require Contractor to conduct periodic background checks for Temporary Personnel assigned to certain positions (e.g., positions requiring Nuclear, NERC or TWIC access).  Company may also require Contractor or Contractor employees to be subject to additional background investigative activities completed by the Company or other 3rd party vendors, to satisfy the federal regulations for access to a nuclear facility or other NERC / TWIC regulated assets.  Company will notify Contractor of any assignments requiring periodic updates or re-completion of background check activities. If any worker moves from one assignment to another, Contractor shall verify with Company whether a re-analysis is required.

CONFIDENTIAL                                                                Rev. 3/2016



10/26/18

Clint Hopper

Dear Mr. Hopper,

System One Holdings, LLC ("System One") would like to offer you an assignment with DTE
Energy, in the capacity of a CWI LEVEL 1 Inspector. I have provided the specifics of your at-
will engagement below. Your anticipated start date and employment with System One is
contingent upon work being available by DTE Energy and completion of satisfactory reference
checks, background check, and drug screen. Employment is also contingent upon successful
completion of any applicable certification exams.

| | |
|---|---|
| Anticipated Commencement Date: | 10/28/18 |
| Client: | DTE Energy |
| Project Location: | Birdsboro, PA |
| Report to Manager: | Brandon Reinard |
| Schedule: | The work schedule will be determined by your Reporting Manager |
| Pay Rate: | You will be a paid a day rate of $466.00 (plus Per Diem)<br><br>Your straight time hourly rate and overtime rate will be modified each week to equal the pay rate of $466.00 a day. |
| Per Diem and Mileage | $185.00 per day for all 7 days.<br>Mileage = 50 miles per day at the current IRS rate.<br>UTV Rate = $35 |
| Payroll Cycle and Pay Day: | System One Employees are paid on a weekly basis. Payment occurs every Friday. |
| Mob/Demob: | Mobilization and Demobilization will be day rate and mileage up to 3 days max and by Project Manager APPROVAL.<br><br>Demobilization will not be paid if you voluntarily resign before completion of the project, or if you are terminated for cause. |
| Engagement term: | Your assignment with DTE Energy nor your employment with System One is guaranteed for any particular length of time, and your employment remains at-will. |

Candidate acknowledgement of first page details: _____Initials_____



**Conditions of Employment**

**1.  At Will Employment**

Your employment with System One Holdings, LLC (the "Company"), will commence on the mutually agreed upon start date. To prevent any misunderstandings between us, this letter sets forth the entire understanding between us regarding your employment and supersedes any discussions between us or between you and any other representative of the company regarding your employment. This letter may not be amended or modified except by a document in writing signed by both of us. Please understand that while it is our hope and belief that our relationship will be a long one, this is an offer of employment on an "at will" basis. Nothing in this letter should be construed as creating any other type of employment relationship. As an at-will employee, your employment may be terminated either by you or System One at any time, for any reason or for no reason at all.

**2.  Confidentiality/Non-Solicitation and Arbitration agreement**

Due to the nature of our business and in an effort to protect our clients, the Company requires all employees to sign a standard Confidentiality/Non-Solicitation and Arbitration agreement prior to the commencement of employment. The employment offer is contingent upon the execution and return of this agreement. The agreement is enclosed for your review and signature. It is a goal of the Company to provide as positive an experience for you as possible. In the event a legal dispute arises, arbitration provides a quick and cost effective means of resolution for all parties. All employees are required to sign the Company arbitration agreement prior to the commencement of employment. The employment offer is contingent upon the execution and return of this agreement. The agreement is enclosed for your review and signature.

**3.  Employment Eligibility**

Finally, we are required by federal law to examine documentation of your employment eligibility. On your first day of work, please bring with you evidence of your U.S. citizenship or proof of your legal right to work in the U.S. The list of acceptable documents is enclosed for your review. If you are unable to visit a local System One office location, please request for a Notary Public to witness in person your original employment eligibility documents, copy the documents and notarize the copy with their signature and notary seal. You may mail in the completed Section One of your Form I-9 as long as it is accompanied by the notarized copy of your employment eligibility documents.

Kindly acknowledge your acceptance of this offer by signing and dating this letter along with the Confidentiality/Non-Solicitation Agreement and return within the next twenty-four (24) hours via fax to 412-995-1901 or scan a copy and email at Domenica.heller@systemoneservices.com Please keep a copy for yourself and return the originals via overnight mail, regular mail or in person.

If you have any questions or concerns, please contact me at 412-208-5027

Sincerely,

Domenica M. Heller
System One Holdings, LLC

_____          _____

Employee Signature                                                        Date


_____          _____

System One Representative Signature                             Date