**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KIRSTAN JANOVSKY, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| UPMC PRESBYTERIAN, | ) |
| | ) |
| Defendant. | ) |

**CIVIL COMPLAINT**

**I. Jurisdiction**

1. The Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C.§ 2617, and 28 U.S.C. §§ 1331 and 1343(a)(4), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in the Americans with Disabilities Act in that that:

a. Plaintiff filed a timely written charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 22, 2020, which was also cross-filed with the Pennsylvania Human Relations Commission;

b. Plaintiff received a Notice of Right to Sue from the EEOC dated April 6, 2021; and

c. This action was filed with this Court within 90 days of receipt of that Notice.

## II. The Parties

3. Plaintiff, Kirstan Janovsky ("Janovsky"), is an adult individual who resides at 101 Wagen Drive, Sarver, PA 16055. She is an eligible employee within the meaning of 29U.S.C.§ 2611(2)(A), because she worked at least 12 months for Defendant, and worked more than 1,250 hours during the applicable 12-month period.

4. Defendant UPMC Presbyterian ("UPMC") is a non-profit corporation organized under Pennsylvania law. Defendant has a primary place of business at 200 Lothrop Street, Pittsburgh, PA 15223. At all times relevant to this action, Defendant was Janovsky's employer and is an Employer within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A)(i), because it employed more than 50 employees between 2018 and 2020.

5. Defendant is a "covered entity" and an "employer" within the meaning of the ADA, 42 U.S.C. §§12111(2) and (5)(A), because it is an employer engaged in industry affecting commerce and employs more than 15 employees.

## III. Factual Background

6. Janovsky was hired by Defendant as a Senior Staff Nurse at UPMC Presbyterian Hospital in or around 2016.

7. At the time Defendant hired Janovsky, she was receiving treatment for Post-Traumatic Stress Disorder ("PTSD"), chronic anxiety, and depression.

8. In or about November 2019, Janovsky was transferred into a new unit and under new supervision by Teresa Luchetti ("Luchetti"), the unit director.

9. Janovsky successfully completed her orientation period without any negative remarks about her performance.

10. In or about December 2019, Janovsky experienced an anxiety attack during her

shift after repeated badgering by Luchetti.

11. Shortly thereafter, Janovsky reported her concerns about Luchetti's behavior to Melanie Smith ("Smith"), Director of Nursing, and Melissa Miller ("Miller"), Human Resources, and notified them of her disabilities.

12. Janovsky was provided with an application for a medical leave of absence and advised to request an accommodation.

13. Janovsky completed the FMLA paperwork and submitted it to Human Resources a few days later along with a note explaining that she felt targeted by Luchetti because of her disabilities.

14. Immediately thereafter, Janovsky received a poor performance review and was subsequently issued a performance improvement plan.

15. In February 2020, Janovsky was approved for a medical leave of absence and permitted to use intermittent FMLA leave.

16. Despite this approval, Luchetti continued harassing Janovsky about her mental health in order to dissuade Janovsky from utilizing her approved leave.

17. In March 2020, Janovsky submitted another report to Smith about Luchetti's behavior and how Luchetti's comments negatively impacted her PTSD, anxiety, and depression.

18. Human Resources never followed up with Janovsky about her complaints, and Smith told Janovsky to "just learn to get along with [Luchetti]."

19. On or about April 29, 2020, Janovsky experienced another anxiety attack at work after dealing with a physically violent patient.

20. Before the end of her shift, Janovsky informed Luchetti of the incident and requested time off under her approved intermittent FMLA leave.

21. Luchetti refused to acknowledge Janovsky's concerns and responded by berating her in front of patients and other staff members.

22. Janovsky asked Luchetti to continue the conversation with Human Resources present, but Luchetti dismissed her and told her to "just go home".

23. When Janovsky arrived at home, she received an email from UPMC related to a narcotics audit recently performed on her workstation.

24. Janovsky promptly provided UPMC with the requested information accompanied by a request to be transferred into a new unit as her mental health was significantly declining from Luchetti's consistent harassment.

25. On May 5, 2020, Janovsky was terminated for alleged violations of UPMC's policies and procedures.

26. However, Janovsky was not provided with details on which policies and/or procedures she supposedly did not adhere to, even though she requested additional information multiple times.

27. UPMC blatantly retaliated against Janovsky due to her taking FMLA for her medical condition when Defendant terminated Janovsky.

28. UPMC was discriminatory and retaliated against Janovsky based on her disabilities, when Janovsky's own supervisor made comments about her anxiety and depression.

29. UPMC also retaliated against Janovsky when Defendant issued a negative performance review, forced her to perform job duties without a reasonable accommodation, and when Defendant ultimately terminated Janovsky after she made numerous complaints to UPMC.

**Count I:**
**Family and Medical Leave Act**
**Interference**

30. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as if fully restated herein.

31. Defendant failed to advise Plaintiff of her rights under the FMLA and ultimately interfered with her rights by firing her in violation of 29 U.S.C. § 2615(a)(2).

32. Defendant's violation of the FMLA was willful.

33. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits, and seniority.

WHEREFORE, Plaintiff hereby requests judgment, pursuant to 29 U.S.C. § 2617(a), and the following legal and equitable remedies:

a. Defendant be ordered to employ and re-employ Plaintiff in the position from which she was discharged, together with all benefits incident thereto, including but not limited to, wages, benefits, training, and seniority;

b. Defendant be required to compensate Plaintiff for full value of wages and benefits that Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest at the prevailing rate thereon until the date Plaintiff is offered re-employment in a position substantially equivalent to the one Plaintiff occupied prior to May 5, 2020;

c. Defendant be required to provide Plaintiff all other compensation,

including but not limited to lost stock options, bonuses, 401k and profit sharing, which was denied or lost to Plaintiff as a result of Defendant's illegal treatment of Plaintiff;

d. That a final judgment in favor of Plaintiff and against Defendant be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C.§ 2617(a)(1)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the FMLA;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorneys' fee; and

g. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count II:**
**Family and Medical Leave Act**
**Retaliation**

34. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 as if fully restated herein.

35. Defendant falsely alleged Plaintiff violated UPMC's policies and terminated Plaintiff six days after Plaintiff requested time off under approved intermittent FMLA leave, in violation of 29 U.S.C. § 2615(a)(2).

36. Defendant terminated Plaintiff because she engaged in protected activity under the FMLA, specifically Defendant terminated Plaintiff because she took FMLA protected leave.

37. Defendant's violation of the FMLA was willful.

38. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff

has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits, and seniority.

WHEREFORE, Plaintiff hereby requests judgment, pursuant to 29 U.S.C. § 2617(a), and the following legal and equitable remedies:

a. Defendant be ordered to employ and re-employ Plaintiff in the position from which she was discharged, together with all benefits incident thereto, including but not limited to, wages, benefits, training, and seniority;

b. Defendant be required to compensate Plaintiff for full value of wages and benefits that Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest at the prevailing rate thereon until the date Plaintiff is offered re-employment in a position substantially equivalent to the one Plaintiff occupied prior to May 5, 2020;

c. Defendant be required to provide Plaintiff all other compensation, including but not limited to lost stock options, bonuses, 401k and profit sharing, which was denied or lost to Plaintiff as a result of Defendant's illegal treatment of Plaintiff;

d. That a final judgment in favor of Plaintiff and against Defendant be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C.§ 2617(a)(1)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the FMLA;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorneys' fee; and

g. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count III:**
**Americans with Disabilities Act**
**Discrimination and Failure to Accommodate**

38. Plaintiff incorporates by reference the allegations in paragraphs 1 through 37 as if fully restated herein.

39. As described above, Plaintiff is substantially limited in performing the major life activities of concentration and analysis; Defendant perceived her as having such impairments; and she has a record of such impairments.

40. Defendant required Plaintiff to perform work duties without any accommodations, even though Plaintiff was able to perform said duties with reasonable accommodations.

41. Plaintiff was qualified for the nurse position, and could perform all essential functions of the position with or without reasonable accommodations. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. § 12111(8).

42. Defendant discharged Janovsky because of her disabilities, in violation of 42 U.S.C. § 12112(a).

43. Defendant also refused to make reasonable accommodations for Janovsky's known disabilities in violation of 42 U.S.C. § 12112(b)(5)(A)-(B).

44. Defendant's violation of the Americans with Disabilities Act was intentional and

done with reckless disregard of Janovsky's federally protected right to be free of discrimination on the basis of her disabilities.

45. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

WHEREFORE, Janovsky demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

a. That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

b. Back pay and benefits from May 5, 2020, until the time of trial, with interest;

c. That Defendant be ordered to reinstate Plaintiff into the position she held on May 5, 2020, and provide her with accumulated seniority, fringe benefits, and all other associated rights or front pay;

d. Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

f. Reasonable attorney's fees and costs and expenses of litigation; and

g. Such other legal and equitable relief as the Court deems just and proper.

**Count IV:**
**Americans with Disabilities Act**
**Retaliation**

46. Plaintiff incorporates by reference the allegations in paragraphs 1 through 45 as if fully restated herein.

47. As described above, Plaintiff is disabled within the meaning of the ADA; Defendant perceived her as having such an impairment; and she has a record of such an impairment.

48. Defendant discharged Janovsky in retaliation for requesting a reasonable accommodation under the ADA, in violation of 42 U.S.C. § 12203(a).

49. Defendant's discharge of Janovsky was undertaken with malice or reckless indifference to her federally protected right not to be retaliated against for requesting a reasonable accommodation.

50. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

WHEREFORE, Janovsky demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

a. That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

b. Back pay and benefits from May 5, 2020, until the time of trial, with interest;

c. That Defendant be ordered to reinstate Plaintiff into the position she held on May 5, 2020, and provide her with accumulated seniority, fringe

benefits, and all other associated rights or front pay;

d. Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

f. Reasonable attorney's fees and costs and expenses of litigation; and

g. Such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ Amy N. Williamson, Esq.
Amy N. Williamson
PA I.D. No. 90657
awilliamson@edgarsnyder.com
US STEEL TOWER, 10TH FLOOR
600 GRANT STREET
PITTSBURGH, PA 15219
TELEPHONE: (412) 394-4458
FACSIMILE: (412) 391-7032
*Attorney for Plaintiff*