**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VANESSA BYER**<br>412 Biddle Ave., Apt. 1<br>Pittsburgh, PA 15221<br><br>　　　　　　　　　　**Plaintiff**<br><br>　　　v.<br><br>**UNITED STATES OF AMERICA**<br><br>　　　　　　　　　　**Defendant** | **CIVIL ACTION**<br>**NO.**<br><br><br>**MEDICAL PROFESSIONAL**<br>**LIABILITY ACTION**<br><br>**CIVIL ACTION COMPLAINT** |

## COMPLAINT

Plaintiff, Vanessa Byer, files this complaint against the United States of America and alleges as follows:

## JURISDICTION AND VENUE

1.　　This case sounding in medical malpractice involves a claim for personal injury brought against the United States of America under Section (b)(1) of the Federal Tort Claims Act (FTCA), 42 U.S.C. § 1346.　Jurisdiction is based on 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 1346, et seq. (FTCA litigation), and 28 U.S.C. § 1367 (supplemental jurisdiction).

2.　　Venue is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district.

3.　　On October 29, 2020, the United States Department of Justice – Tort Branch – Civil Division, Federal Tort Claims Act Section, 175 N ST NE, 11th Floor, Washington, D.C. 20202, received, via Federal Express, Plaintiffs' "notice of a claim for damage, injury, or death" via Standard Form 95.　A copy of Plaintiff's correspondence with completed Standard Form 95 is attached hereto as **Exhibit "A."**　A copy of the Federal Express shipping label and

1

confirmation of delivery are attached hereto as **Exhibit "B."**

4.    On or about January 20, 2021, in response to Plaintiff's administrative tort claim, via US mail, Plaintiff received correspondence dated January 13, 2021 from the Office of General Counsel on behalf of the United States Department of Health and Human Services ("DHHS"), requesting a copy of Plaintiff's medical records, imaging studies, and itemized bills in this matter. A copy of the January 13, 2021 correspondence to Plaintiff is attached hereto as **Exhibit "C."**

5.    On January 22, 2021, Plaintiff electronically forwarded, and DHHS received, the requested materials. A copy of the cover letter with email from Plaintiff to DHHS, and confirmation of receipt by DHHS, are attached hereto as **Exhibit "D."**

6.    On or about May 5, 2021, Plaintiff received correspondence from DHHS denying Plaintiff's administrative tort claim. A copy of the DHHS denial letter is attached hereto as **Exhibit "E."**

7.    Given Defendant's denial of this administrative claim, pursuant to 28 U.S.C. § 2401(b), Plaintiff is now permitted to file these claims.

## THE PARTIES

8.    Plaintiff, Vanessa Byer, is an adult citizen of the Commonwealth of Pennsylvania, residing therein at 412 Biddle Avenue, Apartment 1, Pittsburgh, Pennsylvania 15221.

9.    Defendant, United States of America d/b/a Metro Community Health Center, (hereinafter "MCHC"), is a state-chartered health care facility.  MCHC is a Health Center Program grantee under 42 U.S.C. 254b and a deemed Public Health Service Employee under 42 U.S.C. 233(g)-(n).  MCHC is a state agency within the meaning of 28 U.S.C. § 2674.  MCHC maintains its principal place of business at 1789 S. Braddock Avenue, Suite 410, Pittsburgh,

2

Pennsylvania 15218.  MCHC includes David R. Freeman, M.D. ["Dr. Freeman"], as well as other employees, actual agents, apparent agents, ostensible agents, workmen, and servants.  As more fully set forth herein, the claim asserted against this Defendant is for the professional negligence of its employees, actual agents, apparent agents, ostensible agents, workmen, and/or servants, including Dr. Freeman.

10.     At all times relevant hereto, Dr. Freeman acted in the capacity of Vanessa Byer's treating physician and was the actual, apparent or ostensible agent, servant, and/or employee of Defendant, United States of America.  Dr. Freeman's medical care and treatment of Vanessa Byer was within the scope of his agency, master-servant and/or employment relationship with Defendant, United States of America.  A Certificate of Merit as to Defendant, United States of America, is attached hereto as **Exhibit "F."**

## OPERATIVE FACTS

11.     Vanessa Byer was born on October 9, 1981.

12.     On May 20, 2016, at 34 years of age, Vanessa Byer presented to MCHC for a routine annual physical examination performed by Dr. Freeman.

13.     On May 20, 2016, Dr. Freeman documented finding a mass in the hard and soft palates of Vanessa Byer's mouth.

14.     On May 20, 2016, Dr. Freeman identified [incorrectly] the mass in the hard and soft palate of Vanessa Byer's mouth as a Torus.

15.     On May 20, 2016, Dr. Freeman advised Vanessa Byer that she had a normal exam with a Torus that was of no concern.

16.     On May 22, 2017, Vanessa Byer presented to MCHC for her next routine annual physical examination, again performed by Dr. Freeman.

3

17.     On May 22, 2017, Dr. Freeman again identified [incorrectly] the mass in the hard and soft palate of Vanessa Byer's mouth as a Torus of no concern.

18.     On October 22, 2018, Vanessa Byer presented to MCHC complaining of nasal congestion, sinus pressure, and runny nose and eyes, for which she was evaluated by Shara Tabb, CRNP, under the supervision of Dr. Freeman.

19.     On October 22, 2018, Shara Tabb, CRNP, under the supervision of Dr. Freeman, diagnosed Vanessa Byer with an injected throat, enlarged tonsils, and sinusitis, for which these medical providers prescribed an antibiotic and did not recommend further evaluation or follow up.

20.     On March 13, 2019, now 37 years of age, Vanessa Byer presented to a dentist, David Blinky, DDS ["Dr. Blinky"], for complaints related to her mouth and associated pain.

21.     On March 13, 2019, Dr. Blinky found a 3 x 7cm mass covering Vanessa Byer's hard and soft palates and extending back to her pharynx.

22.      On March 13, 2019, suspicious that this mass represented a cancerous tumor of Vanessa Byer's hard and soft palates, Dr. Blinky immediately referred her to Robert Ferris, MD, an otolaryngologist [ENT], and William Chung, DDS, MD, an oral surgeon.

23.     On March 15, 2019, Dr. Ferris performed a biopsy of the mass in the roof of Vanessa Byer's mouth.

24.     On March 16, 2019, a CT scan of Vanessa Byer's head and neck revealed a large invasive tumor involving her maxillary sinuses and nasal cavities, with invasion of the bone and metastasis to the lymph nodes in her neck.

25.     On or about March 16, 2019, the pathology from Vanessa Byer's biopsy revealed adenocarcinoma of the palate, staged as IVA cancer.

26.     On May 6, 2019, Vanessa Byer underwent an embolization procedure to reduce the vascular supply to her head and neck tumor prior to surgery to remove that tumor.

27.     On May 7, 2019, in an effort to remove all the cancerous tumor and involved bone in Vanessa Byer's face and neck, she underwent multiple extensive and disfiguring surgical procedures, including removal of both maxillary bones and part of the right mandible (jaw).

28.     On May 7, 2019, given Vanessa Byer's extensive and disfiguring facial surgery, she underwent placement of a tracheostomy so that she could breathe through her neck.

29.     On May 7, 2019, given Vanessa Byer's disfiguring facial surgery and inability to eat through her mouth, she had a PEG (gastrostomy) tube placed into her stomach so that she could be fed.

30.     On May 14, 2019, Vanessa Byer underwent additional surgery performed by multiple surgical teams over many hours, consisting of three-stages, which included removing additional tissue margins at risk of cancer with extensive facial reconstruction.

31.     Vanessa Byer subsequently underwent six weeks of daily radiation therapy to her head and neck that resulted in significant complications for which she was hospitalized, including dehydration and malnutrition.

32.     As of today, Vanessa Byer's face is severely disfigured, she suffers non-remitting pain and neuropathies for which she is on multiple narcotics, and she continues to be monitored for signs of recurrence and metastatic cancer.

33.     As of today, Vanessa Byer has difficulty chewing and swallowing, all of her food needs to be pureed, she cannot swallow pills, and she still has a PEG tube inserted in her stomach to assist with oral intake, nutrition, and medication.

34.     As of today, Vanessa Byer has difficulty speaking and can no longer sing, which was a significant part of her life and vocation.

35.     As a direct and proximate result of Defendant's conduct, Vanessa Byer was caused to suffer:

a.     Delay in diagnosis and treatment of adenocarcinoma of the hard palate;

b.     Metastatic adenocarcinoma of the hard palate;

c.     The loss of treatment options for earlier stage adenocarcinoma of the hard palate;

d.     The loss of treatment options for adenocarcinoma of the hard palate prior to metastasis;

e.     Loss of opportunity for cure;

f.     Increased risk of recurrent cancer;

g.     Reduced probability of long-term survival;

h.     Reduced life expectancy;

i.     Dysphagia;

j.     Dysarthria;

k.     Malnutrition;

l.     Scurvy;

m.     Narcotic addiction;

n.     Wound infections;

o.     The need for extensive disfiguring surgical procedures;

p.     Extensive radiation therapy and the attendant side effects to such treatment;

q.      The need for extensive rehabilitation and therapy;

r.      All invasive procedures as set forth in Vanessa Byer's medical records;

s.      Depression;

t.      Anxiety;

u.      Disfigurement;

v.      Past and future medical expenses;

w.      Past and future physical pain and suffering;

x.      Past and future mental anguish;

y.      Past and future embarrassment;

z.      Past and future humiliation;

aa.     Past and future loss of life's pleasures;

bb.     Past and future loss of earnings and earning capacity;

cc.     Economic and financial damages; and,

dd.     All injuries and damages set forth in Vanessa Byer's medical records.

36.     Defendant's conduct was a substantial factor in causing the injuries and damages sustained by Vanessa Byer, as set forth above.

37.     Defendant's conduct increased the risk of harm to Vanessa Byer and increased the risk that she would suffer the injuries and damages as set forth above.

38.     The injuries to Vanessa Byer, as described herein, were caused solely and wholly by reason of Defendant's negligence and were not caused or contributed thereto by any action or inaction of Plaintiff, Vanessa Byer.

39.     As a direct and proximate cause of the negligent treatment provided by Defendant, its agents, servants and/or employees as set forth in this Complaint, Vanessa Byer claims the full measure of damages allowable under Pennsylvania law.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. UNITED STATES OF AMERICA

40.     The preceding paragraphs of this Complaint are fully incorporated by reference as though fully set forth herein.

41.     The negligent acts and omissions of The United States of America, by and through it employees, servants, actual agents, apparent agents, ostensible agents, and/or workmen, including specifically Dr. Freeman, in his medical management, care, and treatment of Vanessa Byer, as set forth in the predicate facts stated above, consisted of one or more of the following:

a)     On May 20, 2016 and May 22, 2017, failing to appropriately evaluate the lesion on the roof Vanessa Byer's mouth;

b)     On May 20, 2016 and May 22, 2017, incorrectly identifying the lesion on the roof of Vanessa Byer's mouth as a torus;

c)     On May 20, 2016 and May 22, 2017, incorrectly advising Vanessa Byer that the lesion on the roof of her mouth was a torus, was of no concern, and no additional evaluation or testing was needed;

d)     On May 20, 2016 and May 22, 2017, incorrectly advising Vanessa Byer that she had a normal head and neck exam;

e)     On May 20, 2016 and May 22, 2017, failing to consult and/or refer Vanessa Byer to a dentist or an otolaryngologist to evaluate the lesion on the roof of her mouth;

8

f)      On May 20, 2016 and May 22, 2017, failing to order additional tests or radiologic imaging to evaluate the lesion on the roof of Vanessa Byer's mouth;

g)      On May 22, 2017, failing to adequately assess and appreciate that the lesion on the roof of Vanessa Byer's mouth had increased in size;

h)      Failing to know, appreciate or learn that a torus involves the hard palate, not the soft palate;

i)      Failing to know or recognize that because the lesion on the roof of Vanessa Byer's mouth involved the soft palate, it was not a torus;

j)      Failing to timely refer Vanessa Byer to an appropriate specialist for evaluation and treatment of the lesion in Vanessa Byer's mouth;

k)      Failing to appropriately research "torus" before incorrectly diagnosing Vanessa Byer with a torus;

l)      Making a diagnosis of a torus absent sufficient medical knowledge, training and experience to make this diagnosis;

m)      On October 22, 2018, failing to appropriately and adequately examine the roof of Vanessa Byer's mouth;

n)      On October 22, 2018, incorrectly assuming the lesion on the roof of Vanessa Byer's mouth was a torus;

o)      On October 22, 2018, failing to appropriately evaluate Vanessa Byer given her clinical presentation and history of a lesion on the roof of her mouth;

p)      On October 22, 2018, failing to consult and/or refer Vanessa Byer to a dentist or an otolaryngologist to evaluate the lesion on the roof of her mouth.

42.     The negligence of Defendant, United States of America, as set forth herein, was a substantial contributing factor causing the injuries and damages suffered by Vanessa Byer.

43.     The negligence of Defendant, United States of America, as set forth herein, increased the risk of harm to Vanessa Byer.

44.     As a direct and proximate result of the negligence and carelessness of Defendant, United States of America, Vanessa Byer suffered catastrophic injuries and damages as set forth above.

Respectfully submitted,

**KLINE & SPECTER, P.C.**


Date:   5/21/21                    BY: _____
                                       THOMAS R. KLINE, ESQUIRE
                                       DOMINIC C. GUERRINI, ESQUIRE
                                       MARK S. POLIN, ESQUIRE
                                       Attorneys for Plaintiff

EXHIBIT "A"

### KLINE & SPECTER, P.C.

ATTORNEYS AT LAW

1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102

———

215-772-1000
800-597-9585

FAX: 215-792-5513

Dominic C. Guerrini, Esquire
Direct Dial (215) 772-1372

dominic.guerrini@klinespecter.com

October 28, 2020

***Via Federal Express***

United States Department of Health and Human Services
General Law Division - Claims Office
330 C Street SW
Switzer Building, Suite 2100
Washington, DC 20201

   RE: **Claimant: Vanessa Byer**

To Whom It May Concern:

  Enclosed please find a Form 95 for filing with regard to the above-captioned claim.

  Thank you for your attention to this matter.

    Sincerely,

    DOMINIC C. GUERRINI

DCG/kap
Enclosure

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Federal Tort Claims Act Section Torts Branch, Civil Division U.S. Department of Justice 175 N Street, NE Washington, DC 20002    Metro Community Health Center 1789 S Braddock Avenue Suite 410 Pittsburgh, PA 15218-1842 | Vanessa Byer 412 Biddle Ave., Apt 1 Pittsburgh, PA 15221 SEE ATTACHED SHEET-PERSONAL REPRESENTATIVE |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/09/1981 | Single | 03/16/2019      Friday | N/A |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

SEE SHEET ATTACHED.  Defendants are: United States of America (on behalf of David R. Freeman, M.D. and Metro Community Health Center) and Victoria Gillis, M.D.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM.  IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

SEE ATTACHED SHEET

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| SEE ATTACHED SHEET | | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | 20,000,000 | | 20,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 215-772-1372 | 10/28/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government.  (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

N/A

16. Have you filed a claim with your insurance carrier in  his instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No | 17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by  he agent or legal representative, it must show the  itle or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or es imates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if  he property is lost or destroyed, the claimant should submit statements as to  he original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:*  The information requested is to be used in evaluating claims.
C. *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested informa ion or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding  his burden estimate or any other aspect of this collection of information, including sugges ions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

**ATTACHED RESPONSES**

2.      **Claimant – Personal Representative**

Claimant's personal representative is Dominic C. Guerrini, Esquire, Kline & Specter, P.C., 1525 Locust Street, 19th Floor, Philadelphia, PA 19102.  215-772-1000.

8.      **Basis of Claim:**

Claimant, Vanessa Byer, was born on October 9, 1981.  On May 20, 2016, at 34 years of age, Ms. Byer presented to the Metro Community Health Center, 1789 S. Braddock Ave., Suite 410, Pittsburgh, PA 15218 (a Federally Qualified Health Center), where she underwent a routine annual physical examination by David R. Freeman, M.D.  During that examination, Dr. Freeman documented finding a mass in the hard and soft palates of Ms. Byer's mouth.  Dr. Freeman identified [incorrectly] this mass as a Torus [a benign bony growth located in the hard palate]. Despite the presence of this mass, and the involvement of the soft palate [Tori do not involve the soft palate], Dr. Freeman did not recommend evaluation or follow up of this mass.

On May 22, 2017, at 35 years of age, Ms. Byer presented back to the Metro Community Health Center for another routine physical examination.  She was again evaluated by Dr. Freeman, and once again Dr. Freeman documented finding a mass in the hard and soft palates of her mouth that he identified as a Torus and for which no additional testing or follow up was recommended.

On July 25, 2018, at 36 years of age, Ms. Byer presented to the Sheep Inc. Health Care Center in Monroeville, PA, where she was evaluated for a routine physical examination by Victoria Gillis, M.D.  During that examination, Dr. Gillis documented finding a "soft tissue mass" on her palate.  Dr. Gillis did not recommend further evaluation or follow up of this mass.

On October 22, 2018, at 37 years of age, Ms. Byer presented back to the Metro Community Health Center with a chief complaint of cold, cough, and congestion.  She was evaluated by Shara Tabb, a physician extender under the supervision of Dr. Freeman.  During that examination, Ms. Tabb documented finding an injected throat and enlarged tonsils.  While Ms. Tabb and Dr. Freeman diagnosed Ms. Byer with sinusitis, for which they prescribed an antibiotic, they did not recommend further evaluation or follow up of her "injected throat and enlarged tonsils."

On March 13, 2019, at 37 years of age, Ms. Byer presented to a dentist, David Blinky, DDS, for complaints related to her mouth and associated pain.  On Dr. Blinky's examination, he found a 3 x 7cm mass covering Ms. Byer's hard and soft palates and extending back to her pharynx.  Suspecting this mass represented a cancerous tumor of the hard and soft palates, Dr. Blinky immediately referred her to Robert Ferris, M.D., an otolaryngologist in Pittsburgh, and William Chung, DDS, MD, an oral surgeon in Pittsburgh.

On March 15, 2019, Dr. Ferris performed a biopsy of the mass in the roof of Ms. Byer's mouth.  On March 16, 2019, a CT scan of Ms. Byer's head and neck revealed a large invasive tumor involving her maxillary sinuses and nasal cavities, with invasion of the bone and

1

metastasis to the lymph nodes in her neck.  On or about March 16, 2019, the pathology from Ms. Byer's biopsy revealed adenocarcinoma of the palate, staged as a IVA cancer.

On May 7, 2019, in an effort to remove all the cancerous tumor and involved bone in Ms. Byer's face and neck, she underwent multiple extensive and disfiguring surgical procedures. These surgeries including removing both of Ms. Byer's maxillary bones and part of her right mandible.  They also including creating a tracheostomy so that Ms. Byer could breathe through her neck, as well as a PEG tube into her stomach given her inability to eat through her mouth. On May 14, 2019, Ms. Byer underwent additional extensive surgeries on her face and neck, including the resection of more tissue that might be invaded by cancer, and reconstruction of her face by a plastic surgeon.  She subsequently underwent radiation therapy to her head and neck.

As of today, Ms. Byer's face is severely disfigured, she suffers non-remitting pain and neuropathies, she still has a PEG tube inserted in her stomach to assist with oral intake, and she is currently undergoing a work-up for other complications and possible metastatic cancer in other sites.  Moreover, while Ms. Byer had a beautiful voice and was the lead singer of a band until the time of her cancer diagnosis, she now struggles just to speak.

10.     **Nature and Extent of Each Injury:**

As a direct and proximate result of **Dr. Freeman's and Dr. Gillis'** negligence, Vanessa Byer's cancer went undiagnosed and untreated for almost three years, allowing this cancer to grow, invade into the bone, and metastasize.  As a result of the delay in diagnosing Ms. Byer's cancer, she has sustained, among other injuries: metastatic cancer of the palate; bony invasion; metastatic cancer; decreased opportunity for cure; pain and disfigurement; and severe emotional distress. Claimant seeks the full measure of economic and non-economic damages available under Pennsylvania law, including, without limitation, pain and suffering, embarrassment and humiliation, disfigurement, loss of life's pleasures, lost earnings capacity, past and future medical expenses, and severe emotional distress.

11.     **Witnesses known at this time:**

Vanessa Byer (Claimant): 412 Biddle Ave., Apt 1, Pittsburgh, PA 15221

Robert Byer, Esquire (Vanessa Byer's father): 600 Grant St., Suite 5010, Pittsburgh, PA 15219

David R. Freeman, M.D., Victoria Gillis, M.D., and Vanessa Byer's treating physicians. (All currently located in Pittsburgh)

2

EXHIBIT "B"



EP WASA

TRK# 0201

7719 2856 6176

THU - 29 OCT 4:30P
STANDARD OVERNIGHT

DC-US

20201
IAD

ORIGIN ID:MUVA        (215) 772-1385
KATI PAFETT
KLINE AND SPECTER PC
1525 LOCUST ST
19TH FLOOR
PHILADELPHIA, PA 19102
UNITED STATES US

TO US DEPT OF HEALTH & HUMAN SVCS
GENERAL LAW DIVISION-CLAIMS OFFICE
330 C STREET SW
SWITZER BUILDING, SUITE 2100
WASHINGTON DC 20201
(215) 772-1385
INV:
PO:                    DEPT:

SHIP DATE: 28OCT20
ACTWGT: 1.00 LB
CAD: 103509802/INET4280

BILL SENDER

REF: 1946/73

FedEx
Express

56BJ2/A27E/B766

**After printing this label**:

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.

2. Fold the printed page along the horizontal line.

3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

April 24, 2021

Dear Customer,

The following is the proof-of-delivery for tracking number: 771926775611

---

**Delivery Information:**

| | | |
|---|---|---|
| Status: | Delivered | Delivered To: |
| Signed for by: | H.HUFG | Delivery Location: |
| Service type: | FedEx Standard Overnight | |
| Special Handling: | Deliver Weekday | |
| | | WASHINGTON, DC, |
| | | Delivery date: Oct 29, 2020 09:25 |

**Shipping Information:**

| | | |
|---|---|---|
| Tracking number: | 771926775611 | Ship Date: Oct 28, 2020 |
| | | Weight: |

Recipient:                                                    Shipper:

WASHINGTON, DC, US,                          PHILADELPHIA, PA, US,

Reference                          194673

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

Thank you for choosing FedEx

EXHIBIT "C"



## DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201
Connie.mcconahy@hhs.gov

JAN 13 2021

Dominic C. Guerrini, Esq.
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Re:   **Administrative Tort Claim of Vanessa Byer, Claim No. 2021-0078**

Dear Mr. Guerrini:

This will acknowledge the receipt of your administrative tort claim, filed on behalf of your client, Vanessa Byer, alleging, *inter alia*, that, on March 16, 2019, David R. Freeman, M.D., and Victoria Gillis, M.D., healthcare providers of Metro Community Health Center, located in Philadelphia, Pennsylvania, failed to diagnose and treat Ms. Byer's adenocarcinoma of the palate, allowing the cancer to grow, invade the bone, and metastasize.   Your client's claim was received in the Claims Office on October 29, 2020, for consideration and reply.

In order to evaluate your client's administrative tort claim, please forward the following substantiating evidence directly to this office **within 15 days** at the address above:

> 1.)   **THREE COPIES ON SEPARATE CD'S OR USB FLASH DRIVES** of any inpatient and outpatient private medical records from which *relate* to the allegations contained in the administrative tort claim;
>
> 2.)   **THREE COPIES ON SEPARATE CD'S OR USB FLASH DRIVES** of all *pertinent* X-rays, diagnostic imaging, ultrasonography, computed tomography (CT) and magnetic resonance imaging (MRI);
>
> 3.)   Itemized bills pertaining to all pertinent medical expenses incurred by reason of the alleged incident;
>
> 4.)   If the prognosis reveals the necessity for future treatment, a statement of expected duration of, and, expenses for such treatment;

Dominic C. Guerrini, Esq.
Re:   Claim No. 2021-0078
Pg. 2

5.)   If a claim is made for lost wages, a signed statement from your client's employer showing actual time and wages lost;

6.)   Any other evidence or information that you believe has a bearing on the responsibility of the health center and its employees for the injuries and/or the damages claimed; and

7.)   Evidence of your authority to represent your client in this matter.

**IF YOU CHOSE TO SEND ANY PERSONALLY PROTECTED IDENTIFIABLE INFORMATION IN RESPONSE TO THIS LETTER VIA EMAIL, PLEASE SEND THE MATERIALS TO MY EMAIL IN A SECURE, PASSWORD PROTECTED FORMAT AND EMAIL THE PASSWORD TO ME IN A SEPARATE EMAIL.**

**AS ALL MAIL DELIVERED TO FEDERAL GOVERNMENT BUILDING IS X-RAYED/RADIATED, AND *MAY BE DAMAGED* DURING THE PROCESS, PLEASE FORWARD ALL EVIDENCE TO THIS OFFICE USING FEDEX, DHL OR UPS. PLEASE DO NOT FAX MEDICAL EVIDENCE OR SEND CDs or X-RAYS BY U.S. MAIL.**

Please be advised that all evidence must be furnished by a claimant within a reasonable period of time.   By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her administrative tort claim within three months after a request for such evidence has been made, may be deemed an abandonment of the administrative tort claim.   Further, a claimant's failure to provide requested evidence during the administrative tort claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative tort claim. See Swift v. United States, 614 F.2d 812 (1st Cir. 1980).

Yours truly,

Connie M. McConahy
Paralegal Specialist
Claims Office

EXHIBIT "D"

**KLINE & SPECTER, P.C.**

ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102

—————

215-772-1000
800-597-9585
FAX: 215-792-5513

Dominic C. Guerrini, Esquire
Direct Dial (215) 772-1372

dominic.guerrini@klinespecter.com

January 22, 2021

***Via Electronic Mail - Connie.mcconahy@hhs.gov***
Connie McConahy, Paralegal Specialist
Department of Health and Human Services
Office of the General Counsel General Law Division Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100 Washington, D.C. 2020 I

**Re:    Administrative Tort Claim of Vanessa Byer, Claim No. 2021-0078**

Dear Ms. McConahy:

Thank you for your letter dated January 13, 2021.  As such, I have enclosed the following:

1. Medical records from Metro Community Health Center (1-53);
2. Medical records from Sheep Inc. Health Center (61-66);
3. Medical records from Dr. David Blinky (71-93);
4. Medical records from Dr. Robert Ferris (101-116);
5. Medical records from William Chung, DDS (121-134);
6. Medical records from Dr. Gary Fischer (201-261);
7. Medical records from Dr. Mario Solari (301-358);
8. Medical records from Dr. Shaum Sridharan (401-587);
9. Medical records from UPMC Hillman Cancer Center (601-750);
10. Medical records from UPMC (1001-6500); and
11. Contingent Fee Agreement.

The medical records will be sent to you through a secure link through OneDrive.  If you require additional information at this time, please contact me.  Thank you for your attention to this matter.

Very truly yours,

DOMINIC C. GUERRINI

DCG/acp
Enclosures

## <u>CONTINGENT FEE AGREEMENT</u>

I, Vanessa Byer, hereby appoint the law firm of Kline & Specter, P.C. as my attorneys to investigate and prosecute claims for personal injuries on my behalf. The claim arose on or about

_____.

The compensation of Kline & Specter, P.C. shall be one-third (1/3) of any recovery, plus reimbursement of expenses which shall include court filings, exhibits, photography, videography, expert witnesses, investigators, transcripts, photocopying, medical and other records, travel and meal expenses, computer research, printing, binding, postage, telephone, telefax and courier service. <u>If there is no recovery, there will be no fee or expenses reimbursed.</u>

In the event of a recovery, I understand that there may be monies due to Medicare and/or Medicaid for medical care and treatment received related to this claim as required by law.  I authorize my attorneys to represent me in all matters concerning reimbursement of any monies due to Medicare or Medicaid.  I agree that no funds will be distributed to me until a final repayment agreement is reached.

I acknowledge receipt of a duplicate original of this Agreement.

I hereby authorize Kline & Specter, P.C. to freely obtain my medical records.

I hereby authorize Kline & Specter, P.C. to disclose information to and consult with my father, Robert Byer, who will act as my agent.

DATE: _4/22/19_                    _____
                                   Vanessa Byer

**From:** SharePoint Online <no-reply@sharepointonline.com>
**Sent:** Friday, January 22, 2021 12:29 PM
**To:** Preston, Angela <angela.preston@klinespecter.com>
**Subject:** [EXTERNAL] The link to "Bates-stamped - Byer" was successfully used

Connie.mcconahy@hhs.gov has opened the link you sent to "Bates-stamped - Byer"!

If this is unexpected, you can open your folder and manage its sharing permissions by clicking here.





CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

EXHIBIT "E"



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201

APR 20 2021

<u>U. S. CERTIFIED MAIL–RETURN RECEIPT REQUESTED</u>
(Article No.: 7019 1120 0002 0807 8419

Dominic C. Guerrini, Esq.
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Re:   <u>Administrative Tort Claim of Vanessa Byer,</u> Claim No. 2021-0078

Dear Mr. Guerrini:

On October 29, 2020, on behalf of your client, Vanessa Byer, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, alleging, *inter alia*, that, on March 16, 2019, David R. Freeman, M.D., and Victoria Gillis, M.D., healthcare providers of Metro Community Health Center, located in Philadelphia, Pennsylvania, failed to diagnose and treat Ms. Byer's adenocarcinoma of the palate, allowing the cancer to grow, invade the bone, and metastasize.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment.   Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your client's administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a).   The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.   Metro Community Health Center is not deemed under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), for coverage under the FTCA.   Accordingly, the administrative tort claim of Vanessa Byer is denied.

If your client is dissatisfied with this determination, she is entitled to:

1.     file a written request with the agency for reconsideration of the
       final determination denying the claims within six (6) months from the

Dominic C. Guerrini, Esq.
Subj:   Claim No. 2021-0078
Pg. 2

date of mailing of this determination (28 C.F.R. § 14.9); or

2.      file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the agency will review the claim within six (6) months from the date the request is received.   If the reconsidered claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

Jennifer B. Smith -S      Digitally signed by Jennifer B.
                          Smith -S
                          Date: 2021.04.13 19:42:20 -04'00'

Jennifer B. Smith
Acting Deputy Associate General Counsel
Claims and Employment Law Branch

EXHIBIT "F"

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**VANESSA BYER**
412 Biddle Ave., Apt. 1
Pittsburgh, PA 15221

                **Plaintiff**

      v.

**UNITED STATES OF AMERICA**

                **Defendant**

**CIVIL ACTION
NO.**


**MEDICAL PROFESSIONAL
LIABILITY ACTION**

**CERTIFICATE OF MERIT AS TO
UNITED STATES OF AMERICA**

I, Mark S. Polin, Esquire, certify that:

☐    an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

    AND/OR

☒    the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐    expert testimony of an appropriate licensed professional is unnecessary for prosecution of

the claim against this defendant.

Respectfully submitted,

**KLINE & SPECTER**

Date:  5/21/21          By:  _____

**MARK S. POLIN, ESQUIRE**
Attorney for Plaintiff