## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEAH ELLENBERGER and CAITLAN SHOOP, individually and on behalf of all others similarly situated,** | Case No. |
| *Plaintiff*, | **JURY TRIAL DEMANDED** |
| **v.** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **JUSTICEWORKS YOUTHCARE, INC., a Pennsylvania Corporation** | **CLASS ACTION/FED. R. CIV. P. 23** |
| *Defendant*. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Plaintiffs Leah Ellenberger and Caitlan Shoop, individually and on behalf of all others similarly situated ("Plaintiffs"), bring this lawsuit to recover unpaid overtime wages and other damages from JusticeWorks Youthcare, Inc. ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

### BACKGROUND

2.      Defendant is a social services company that contracts with government entities to provide case management services, on a fee-for-service basis, to children, youth, and families in more than 40 Pennsylvania counties and several other states.[1][2]

---

[1] https://www.justiceworksyouthcare.com/about/
[2] https://triblive.com/opinion/dan-heit-funding-must-continue-to-ensure-help-for-abused-children/

3.      Defendant employed Plaintiffs and other individuals to provide case management services under various job titles, including "Case Manager," "Family Resource Specialist," and "Ongoing Case Specialist" (collectively, "Case Management Employees").

4.      Defendant paid some or all of its Case Management Employees on a salary basis.

5.      Some or all of Defendant's Case Management Employees regularly worked over 40 hours per week for Defendant.

6.      Defendant classified some or all of its Case Management Employees as exempt from state and federal overtime laws and did not pay them overtime pay when they worked over 40 hours in individual workweeks.

7.      Defendant misclassified Case Management Employees as exempt from state and federal overtime laws.

8.      The case management duties performed by Plaintiffs and other Case Management Employees consisted of collecting information to document individual and family circumstances and needs (data collection); inputting that information into Defendant's computer system and submitting accurate, required notes within 24 hours of service (data entry); using established guidelines to maximize utilization of resources through the application of predetermined criteria and best practices approaches (utilization management); arranging appointments and referrals for individuals, including transporting individuals using personal vehicles (care coordination); and educating individuals about accessing and navigating their community resources (education) (collectively, "Case Management Work").

9.      The Case Management Work performed by Plaintiffs and other Case Management Employees was non-exempt work.

2

10.     Plaintiffs bring this action on behalf of themselves and other similarly situated Case Management Employees who, due to Defendant's uniform misclassification policy, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in one or more individual workweeks in violation of the of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

11.     Plaintiffs also bring class action claims under Pennsylvania state law under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*

12.     Plaintiffs brings their state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Case Management Employees for all earned overtime pay.

## THE PARTIES

13.     Plaintiff Ellenberger worked for Defendant as a Case Management Employee from approximately March 2018 to November 2018.

14.     Plaintiff Shoop worked for Defendant as a Case Management Employee from approximately March 2019 to April 2020.

15.     Defendant's principal place of business is located in Pittsburgh, Pennsylvania, within this Judicial District.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

17.     This Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental

3

jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

18.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District.

### FACTUAL ALLEGATIONS

19.     Plaintiff Ellenberger worked as a Case Management Employee for Defendant.

20.     During her employment with Defendant, Plaintiff Ellenberger's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

21.     During her employment with Defendant, Plaintiff Ellenberger's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

22.     During Plaintiff Ellenberger's employment with Defendant, Defendant required Plaintiff Ellenberger to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

23.     During her employment with Defendant, Plaintiff Ellenberger's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines that she was required to follow in the performance of her job duties.

24.     Defendant suffered and permitted Plaintiff Ellenberger to work over 40 hours in one or more individual workweeks during the last three (3) years.

25.     During her employment with Defendant, Plaintiff Ellenberger worked over 40 hours in one or more individual workweeks during the last three (3) years.

26.     Defendant classified Plaintiff Ellenberger as exempt from the overtime provisions of the FLSA and the PMWA.

27.     Defendant paid Plaintiff Ellenberger a salary.

28.     When Plaintiff Ellenberger worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay.

29.     Plaintiff Shoop worked as a Case Management Employee for Defendant.

30.     During her employment with Defendant, Plaintiff Shoop's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

31.     During her employment with Defendant, Plaintiff Shoop's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

32.     During her employment with Defendant, Plaintiff Shoop's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

33.     During Plaintiff Shoop's employment with Defendant, Defendant required Plaintiff Shoop to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

34.     During her employment with Defendant, Plaintiff Shoop's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines that she was required to follow in the performance of her job duties.

35.     Defendant suffered and permitted Plaintiff Shoop to work over 40 hours in one or more individual workweeks during the last three (3) years.

36.     During her employment with Defendant, Plaintiff Shoop worked over 40 hours in one or more individual workweeks during the last three (3) years.

37.     Defendant classified Plaintiff Shoop as exempt from the overtime provisions of the FLSA and the PMWA.

38.     Defendant paid Plaintiff Shoop a salary.

39.     When Plaintiff Shoop worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay.

### Coverage Under the FLSA

40.     Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

41.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

42.     Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

43.     During her employment, Plaintiffs were "employees" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

44.     During their employment, Defendant was Plaintiffs' "employer" as defined under the FLSA in § 203(d).

### Collective Action Allegations

45.     Plaintiffs bring their FLSA claims as a collective action.

46.     Plaintiffs' consent forms to participate in this collective action as party plaintiffs are attached as Exhibit A.

47.     The collective action is defined as follows:

**All individuals employed by Defendant as Case Management Employees in the last three years who were paid a salary and were classified as exempt from overtime ("Collective Action Members").**

48.     Plaintiffs are similarly situated to the Collective Action Members because they were paid in the same manner and performed the same primary job duties.

49.     During their employment, Collective Action Members were Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e).

50.     During their employment, Defendant was Collective Action Members' "employer" as defined by the FLSA, § 203(d).

51.     Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

52.     Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in one or more individual workweeks.

53.     The following are some of the questions of law and fact that are common to the Collective Action Members:

> a.   Whether Defendant employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;
>
> b.   Whether Defendant improperly classified Plaintiffs and the Collective Action Members as exempt from the overtime provisions of the FLSA;
>
> c.   Whether Plaintiffs and the Collective Action Members worked more than 40 hours in one or more individual workweeks during the prior three years;

7

    d.   Whether Defendant failed to pay Plaintiffs and the Collective Action Members overtime at one-and-one-half times their regular rates of pay when they worked more than 40 hours per week;

    e.   Whether Defendant's decision to classify Plaintiffs and the Collective Action Members as exempt employees was made in good faith; and

    f.   Whether Defendant willfully violated the FLSA by classifying Plaintiffs and the Collective Action Members as exempt employees.

54. Defendant maintained one or more common job descriptions for Case Management Employees.

55. Defendant has names and addresses for Collective Action Members in its payroll or personnel records.

56. Defendant has email addresses for Collective Action Members in its payroll or personnel records.

57. Defendant has phone numbers for Collective Action Members in its payroll or personnel records.

58. Defendant is aware or should have been aware that the FLSA required it to pay Collective Action Members overtime.

## CLASS ACTION ALLEGATIONS

59. Plaintiffs also seek class certification of the following state law class under Fed. R. Civ. P. 23:

**All individuals employed by Defendant in Pennsylvania as Case Management Employees in the past three years who were paid a salary and were classified as exempt from overtime (the "Class").**

60.     The Class has more than 40 members.

61.     As a result, the Class is so numerous that joinder of all members is not practical.

62.     There are questions of law or fact common to the Class, including (1) whether the Class primarily performed non-exempt work; (2) whether Defendant violated the PMW by refusing to pay the Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the Class as exempt from the overtime provisions of the PMWA.

63.     Plaintiffs' overtime claims are typical of those of the Class because they arise out of Defendant's uniform compensation practices.

64.     Defendant's defenses to Plaintiffs' PMWA claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

65.     Plaintiffs can fairly and adequately protect the interests of the Class because they are asserting the same claims as the Class.

66.     Plaintiffs can fairly and adequately protect the interests of the Class because Plaintiffs have no interests adverse to the Class.

67.     Plaintiffs can fairly and adequately protect the interests of the Class because Plaintiffs have retained counsel experienced in class action employment litigation.

68.     The common questions of law and fact predominate over the variations which may exist between the Class, if any.

69.     Plaintiffs and the Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorneys' fees and costs.

9

70.     If individual actions were required to be brought by each member of the Class injured or affected by Defendant's common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

71.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

72.     The books and records of Defendant are material to the claims of the Class because they disclose the hours worked by each member of the Class and the rates for that work.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (COLLECTIVE ACTION)

73.     Plaintiffs incorporate here the previous allegations of this Complaint.

74.     This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members at one-and-one-half times their regular rates when they worked over 40 hours in individual workweeks.

75.     Plaintiffs and Collective Action Members were not exempt from the overtime provisions of the FLSA.

76.     During the prior three years, Defendant suffered and permitted Plaintiffs and Collective Action Members to work over 40 hours in one or more individual workweeks.

77.     Defendant paid Plaintiffs and Collective Action Members a salary.

78.     Defendant did not pay Plaintiffs and Collective Action Members one-and-one-half times their regular rates of pay for all time they worked over 40 hours in one or more individual workweeks.

79.     Defendant violated the FLSA by failing to pay overtime to Plaintiffs and Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

80.     Defendant's violations of the FLSA were willful.

**COUNT II**
**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**
**(CLASS ACTION)**

81.     Plaintiffs incorporate here the previous allegations of this Complaint.

82.     Defendant violated the PMWA by failing to pay overtime to Plaintiffs and the Class when they worked over 40 hours in individual workweeks.

83.     Defendant classified Plaintiffs and the Class as exempt from the overtime provisions of the PMWA.

84.     Plaintiffs and the Class were not exempt from the overtime provisions of the PMWA.

85.     Defendant suffered and permitted Plaintiffs and the Class to work over 40 hours in one or more individual workweeks.

86.     Defendant violated the PMWA by failing to pay Plaintiffs and the Class overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

WHEREFORE, Plaintiffs, on behalf of themselves, the Collective Action Members, and the Class, seeks a judgment against Defendant as follows:

A.     An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

11

B.      An Order certifying the Class pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4);

C.      All unpaid overtime wages due to Plaintiffs, the Collective Action Members, and the

        Class;

D.      Pre-judgment and post-judgment interest;

E.      Liquidated damages equal to the unpaid overtime compensation due;

F.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit;

        and

G.      Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

                                   Respectfully submitted,

                                   */s/ Joshua Geist*
                                   Joshua Geist

                                   Joshua Geist
                                   Pa.I.D. #85745
                                   Goodrich & Geist, P.C.
                                   3634 California Avenue
                                   Pittsburgh, PA 15212
                                   412-766-1455
                                   412-766-0300 (fax)

                                   TRAVIS M. HEDGPETH*
                                   Texas Bar No. 24074386
                                   **THE HEDGPETH LAW FIRM, PC**
                                   3050 Post Oak Blvd., Suite 510
                                   Houston, Texas 77056
                                   Telephone: (281) 572-0727
                                   Facsimile: (281) 572-0728
                                   travis@hedgpethlaw.com

                                   JACK SIEGEL*
                                   Texas Bar No. 24070621

Stacy W. Thomsen*
California Bar No. 274282
**Siegel Law Group PLLC**
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
www.4overtimelawyer.com

**Attorneys for Plaintiff and Others
Similarly Situated**

***pro hac vice* applications forthcoming**