## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW FUSCO, | Civil Action |
| Plaintiff, | No. |
| v. | |
| BCBW HOLDINGS, INC.<br>d/b/a BAKER'S WATERPROOFING, | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff, Matthew Fusco, by undersigned counsel, files this Civil Complaint, and in support states the following.

### I. Jurisdiction and Administrative Exhaustion

1.      Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      Plaintiff has exhausted the administrative remedies set forth under the Americans with Disabilities Act and the Pennsylvania Human Relations Act, as follows:

    a.  On June 4, 2020, he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation, and cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    b.  On March 18, 2021, the EEOC issued a Notice of Right to Sue;

    c.  Plaintiff filed this action within 90 days of receipt of that Notice; and

    d.  At least one year has passed since Plaintiff cross-filed his charge with the PHRC.

### II. Parties

3.      Plaintiff, Matthew Fusco, is an adult individual who resides in Washington County,

Pennsylvania.

4.      Defendant, BCBW Holdings, Inc. d/b/a Baker's Waterproofing, is a corporation with a principal place of business located at 570 Carlton Drive, Bentleyville, Pennsylvania 15314.

5.      In 2020, Defendant employed more than 15 employees for each working day for at least 20 weeks of the calendar year.

6.      In 2020, Defendant employed more than 50 employees within 75 miles of the location it employed Plaintiff.

### III. Factual Background

7.      Plaintiff worked for Defendant from approximately October 2018 to April 25, 2020. His position was Installations Manager.

8.      Plaintiff is a survivor of leukemia, an impairment that substantially limited him in major life activities and major bodily functions.

9.      Plaintiff openly discussed his status as a cancer survivor, including with his supervisor, Brian Baker, and his company mentor/General Manager, Tom Eckersley.

10.     During his employment, Plaintiff required periodic follow-up visits with his physician, as well as iron infusions, to monitor his health following his recovery from leukemia.

11.     Plaintiff missed less than a full day of work on a few occasions as a result of the above appointments.

12.     In 2019, Plaintiff underwent surgery for an infection, and missed two days of work.

13.     Defendant had notice that Plaintiff suffered from serious health conditions that required occasional leave.

14.     At no time did Defendant offer protected leave to Plaintiff under the Family and Medical Leave Act (FMLA).

15.     On or about March 20, 2021, Plaintiff, along with all of Defendant's employees, was furloughed due to the COVID-19 pandemic.

16.     During Plaintiff's furlough, he continued to attend weekly management meetings, and retained his employee benefits.

17.     On or about April 22, 2020, Defendant announced that it would be reopening.

18.     Plaintiff had discussions with management on April 22, 23, and 24 about returning to work.

19.     On April 25, 2020, Mr. Eckersley called Plaintiff and informed him that he would not be brought back to work because he had too many doctor's appointments, and the company needed someone in the office more.

20.     Defendant's Office Manager, Cara Baker, announced:

> While we had time to reflect upon our Vision, Mission, and Values, we realized that we needed to take the Installation Manager position in a new direction to better serve our people. As a result, Matt Fusco is leaving our team. We appreciate his efforts and wish him well.

21.     Following Plaintiff's termination, Defendant assigned Plaintiff's duties to non-disabled employees.

22.     Defendant later replaced Plaintiff with a non-disabled employee.

## COUNT I
## ADA: DISCRIMINATION

23.     Plaintiff incorporates the allegations of Paragraphs 1 through 22 as if fully restated.

24.     Plaintiff was an individual with a disability because he suffered from an impairment that substantially limited him in major life activities and major bodily functions.

25.     Plaintiff also had a record of such impairment, and Defendant perceived him to be disabled.

26.     Plaintiff was able to perform the essential functions of his position, with or without reasonable accommodation.

27.     Thus, Plaintiff was a qualified individual with a disability.

28.     Defendant fired Plaintiff because of his actual or perceived disability, and/or record of such a disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).

29.     Defendant fired Plaintiff based on the perceived need to make a reasonable accommodation in the future, in violation of 42 U.S.C. § 12112(b)(5)(B).

30.     Defendant's violations of the ADA were undertaken with malice or reckless disregard of Plaintiff's rights under the ADA.

31.     As a direct and proximate result of Defendant's discharge of Plaintiff, he has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

## COUNT II
## ADA: RETALIATION

32.     Plaintiff incorporates the allegations of Paragraphs 1 through 31 as if fully restated.

33.     When requesting time off for doctor's appointments and surgery, Plaintiff requested reasonable accommodations.

34.     Defendant fired Plaintiff in retaliation for his request for, and exercise of, the right to reasonable accommodation, in violation of 42 U.S.C. § 12203(b).

35.     Defendant's violations of the ADA were undertaken with malice or reckless disregard of Plaintiff's rights under the ADA.

36.     As a direct and proximate result of Defendant's discharge of Plaintiff, he has suffered damages, including lost wages and benefits, emotional distress, humiliation,

inconvenience, and like injuries.

## COUNT III
## PHRA: DISCRIMINATION AND RETALIATION

37.     Plaintiff incorporates the allegations of Paragraphs 1 through 36 as if fully restated.

38.     Defendant fired Plaintiff because of his disability, including based on the need to make a future reasonable accommodation, violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 955(a).

39.     Defendant fired Plaintiff in retaliation for his request for a reasonable accommodation, in violation of the PHRA, 43 Pa. Cons. Stat. § 955(d).

40.     As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries and damages, including but not limited to lost wages, emotional distress, loss of reputation, humiliation, and inconvenience.

## COUNT IV
## FMLA: INTERFERENCE

41.     Plaintiff incorporates the allegations of Paragraphs 1 through 40 as if fully restated.

42.     Plaintiff worked for Defendant for more than 1250 hours in the twelve months preceding his termination, and as such, was an eligible employee under the Family and Medical Leave Act ("FMLA").

43.     Plaintiff suffered from a serious health condition that required periodic medical leave.

44.     Defendant failed to advise Plaintiff of his right to FMLA leave.

45.     Had Defendant advised Plaintiff of his right to FMLA leave, he would have sought intermittent leave for his leukemia-related treatments, and continuous leave for his surgery.

46.     As such, Defendant interfered with Plaintiff's right to FMLA leave, in violation of

29 U.S.C. § 2612(a)(1).

47.     Defendant fired Plaintiff to prevent him from taking future FMLA-protected leave, in violation of 29 U.S.C. § 2612(a)(1).

48.     Defendant's violation of the FMLA was not undertaken in good faith and with reasonable grounds to believe its acts were not in violation of the FMLA.

49.     As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages, including lost wages and benefits.

**COUNT V**
**FMLA RETALIATION**

50.     Plaintiff incorporates the allegations of Paragraphs 1 through 49 as if fully restated.

51.     When missing work for doctor's appointments and surgery, Plaintiff exercised his right to FMLA-protected leave.

52.     Plaintiff's use of FMLA-protected leave was a negative factor in Defendant's decision to fire him, in violation of 29 U.S.C. § 2612(a)(1) and 29 C.F.R. § 825.220(c).

53.     Defendant's violation of the FMLA was not undertaken in good faith and with reasonable grounds to believe its acts were not in violation of the FMLA.

54.     As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff demands judgment against Defendant and requests that the Court order the following relief:

   a.  Defendant shall reinstate Plaintiff into the position he held,  together with all benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority;

   b.  Defendant shall provide Plaintiff reinstatement, or with front pay in the  event reinstatement is not feasible;

   c.  Defendant shall compensate Plaintiff for the  full  value of wages he  would

have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied.

d.  Defendant shall compensate Plaintiff for lost benefits, including profit sharing, stock options and/or pension benefits until Plaintiff's normal retirement date;

e.  Plaintiff shall be awarded compensatory damages against Defendant to compensate him for emotional distress, humiliation, inconvenience, and like injuries under Counts I-III;

f.  Plaintiff shall be awarded punitive damages to punish Defendant and to deter Defendant and others from like conduct under Counts I-II;

g.  Plaintiff shall be awarded liquidated damages under Counts IV and V;

h.  Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates the ADA, PHRA, and/or FMLA;

i.  Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

j.  Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

100 First Avenue
Suite 1010
Pittsburgh, PA 15222
(412) 230-836

Attorney for Plaintiff