# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET BRUNERMER,<br>Individual<br><br>SCOTT BRUNERMER,<br>Individual<br><br>PLAINTIFF(S),<br><br>v.<br><br>BOROUGH OF APOLLO,<br>JOHN STEELE, individually and in his official capacity,<br>MARK TARLE, individually and in his official capacity,<br>MICHELLE BECK, individually and in her official capacity,<br>KRISTINA FOX, individually and in her official capacity,<br>JENNIFER TARLE, individually and in her official capacity,<br>CRAIG WILLIAMS, individually and in his official capacity,<br>PATRICK ZELONKA, individually and in his official capacity,<br>DEANNE SHUPE, individually and in her official capacity,<br>BRENDA TROUP, individually and in her official capacity,<br>CYNTHIA VIROSTEK, individually and in her official capacity,<br>SCOTT ANDREASSI, individually and in his official capacity.<br><br>DEFENDANT(S). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No: _____<br><br>**ORIGINAL COMPLAINT**<br><br>Filed on Behalf of: Plaintiff(s),<br>Janet Brunermer and Scott Brunermer<br><br>Counsel for Plaintiff:<br><br>Walter A. Bernard, Esquire<br>PA ID No. 321994<br><br>Walter Bernard & Associates<br>100 S Commons Suite 102<br>Pittsburgh, PA 15212<br>(412) 206 - 9498<br>walt@waltbernardlaw.com<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW comes the Plaintiffs JANET BRUNERMER and SCOTT BRUNERMER, by and through their attorneys, Walter Bernard & Associates, who hereby bring this action for declaratory and injunction relief and monetary damages against the DEFENDANTS' and states in support of their complaint as follows:

## PARTIES

1. Plaintiff, Janet Brunermer, is an adult individual and resides at 719 N. Warren Ave Apollo, Pennsylvania 15653.

2. Plaintiff, Scott Brunermer, is an individual and resident of Washington Township of Westmoreland County in the state of Pennsylvania.

3. Plaintiffs are Joint Owners of the property located at 719 N Warren Avenue, Apollo, Pennsylvania.

4. Defendant, Borough of Apollo is a Pennsylvania Borough and body politic, organized and operating under the Pennsylvania Borough Code, 8 Pa C.S.A. § 101, *et. Seq.*, and the laws of the Commonwealth of Pennsylvania, and having a physical address located at 809 North Warren Avenue Apollo, Armstrong County, Pennsylvania 15613. Also having a mailing address at P.O. Box 306, Apollo, Pennsylvania 15613.

5. Defendant John Steele is a member of the Apollo Borough Council and an adult individual who resides, upon information and belief, at 1005 North Warren Avenue, Apollo, Pennsylvania 15613.

6. Defendant Mark Tarle is a member of the Apollo Borough Council and an adult individual who resides at 806 Armstrong Avenue, Apt. C, Apollo, Pennsylvania 15613.

7. Defendant Michelle Beck is a member of the Apollo Borough Council and an adult individual who resides at 307 Clifford Avenue, Apollo, Pennsylvania 15613.

8. Defendant Kristina Fox is a member of the Apollo Borough Council and an adult individual who resides at 809 Terrace Avenue, Apollo, Pennsylvania 15613.

9. Defendant Jennifer Tarle is a member of the Apollo Borough Council and an adult individual who resides at 806 Armstrong Avenue, Apt. C, Apollo, Pennsylvania 15613.

10. Defendant Craig Williams is a member of the Apollo Borough Council and an adult individual who resides at 207 River Avenue, Apollo, Pennsylvania 15613.

11. Defendant Patrick Zelonka is a member of the Apollo Borough Council and an adult individual who resides at 209 South Pennsylvania Avenue, Apollo, Pennsylvania 15613.

12. Defendant Deanna Shupe is the Secretary/Treasurer of Apollo Borough and an adult individual who resides at 357 Mount Vernon Drive, Apollo, Pennsylvania 15613.

13. Defendant Brenda Troup is the Apollo Borough Zoning Officer and an adult individual who resides at 727 North Warren Avenue, Apollo, Pennsylvania 15613.

14. Defendant Scott Andreassi is the Solicitor for Apollo Borough and an adult individual who resides at 268 Kittanning Hollow Road, East Brady, Pennsylvania 15613.

15. Pursuant to the Borough Code, the corporate power of the Apollo Borough council is vested in the Borough Council.  See, 8 Pa. C.S.A 1006, 1007.

16. Defendant Cynthia Virostek is the Mayor of Apollo Borough and an adult individual who resides at 409 North Eighth Street, Apollo, Pennsylvania 15613.  On information and belief, she attends council meetings in her capacity as Mayor.

17. At all times material hereto, the Defendant council members, as well as Defendants Andreassi, Troup, Shupe and Virostek have acted as agents of Apollo, under color of state law and in combination with one another.

18. Since May 21, 2021, all defendants have acted unlawfully and intentionally to deprive Plaintiffs the right to enjoy and use their property.

## JURISDICTION AND VENUE

19. This Court has jurisdiction to hear this case under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

20. This action is brought by Plaintiffs seeking relief under 28 U.S.C. § 2201-2202, 42 U.S.C. §§1983 and 1988, and the Fifth and Fourteenth Amendments, U.S. CONST. AMEND. V, XIV.

21. Venue is proper under 28 U.S.C. SECTION 1391(b), because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

22. A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it. *Knick v. Township of Scott, Pennsylvania* 139 S. Ct. 2162 (2019).

23. Unfair compensation when private land is taken is a constitutional violation, and thus ripe for the federal court system.

24. If a local government takes private property without paying for it, that government has violated the Fifth Amendment—just as the Takings Clause says—without regard to subsequent state court proceedings. And the property owner may sue the government at

that time in federal court for the "deprivation" of a right "secured by the Constitution." 42 U.S.C. § 1983. *Id* at 2170.

## INTRODUCTION

25. Plaintiffs are property owners of 715, 717 and 719, N. Warren Avenue,(herein after: "N. Warren Ave."); Apollo, PA and constitute those affected by Apollo Borough's actions: (i) Shortly after the installation of a fence on their property, the Plaintiffs have received numerous threats from the defendants. Thus, the Brunermers were told by the defendants that they were required to take down a fence that was placed 3 inches behind their property line. (ii) Defendants gathered around Plaintiffs' property yelling and demanding that they remove a fence placed on their property.

26. An individual's choice to maintain human relationships, whether friends or family and the right to associate with such individuals under the First Amendment must be secured against undue intrusion by the Borough because safeguarding this kind of individual freedom is central to our constitutional scheme. *Roberts v. United States Jaycees,* 468 U.S. 609 (1984).

27. "The Fifth Amendments guarantees that private property shall not be taken for a public use without just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole. *Armstrong v. United States*, 364 U.S. 40, 49 (1960).

## Facts

28. An easement is the non-possession use of another's land.

29. On August 9, 2001, the landowners of 719 N. Warren Ave at the time were Shiloh Baptist Church. Said owners granted Apollo Borough a limited sanitary utility easement. The easement was only for the purpose of entering the property to repair, maintain or replace said sewer line. EXHIBIT 1.

30. The 719 N. Warren Ave was subsequently purchased by the Plaintiffs in 2017 subject to all easements.

31. Easements are limited in scope and the grantee of an easement may not exceed the scope of the easement.

32. An easement is extinguished when a property owner acquires the land the easement is on because the very definition of an easement is the use of another's land. However, the Borough is claiming that the land they have an easement on as recorded in the Armstrong Department of Records is the same land they own, which they assert the Plaintiffs' have placed a fence on.

33. On or about May 21, 2021, around 11:00am Plaintiffs' contractors were installing a 4-foot fence, 3 inches behind their property line.

34. As Plaintiffs' contractors began installing fence posts, the contractors came over to Plaintiff Janet Brunermer and informed her that the police had arrived instructing them to stop building the fence.

35. Plaintiff Janet Brunermer, went out to speak to the police and recognized the "officer" as defendant Mark Tarle who was impersonating a police officer by wearing an Apollo Police shirt and identifying himself to the contractors as the police.

36. Defendant Mark Tarle is not a police officer nor is employed by any type of law enforcement agency.

37. Defendant Mark Tarle instructed Plaintiffs' contractors to refrain from continuing to work on the fence to which the Plaintiffs' contractor explained to Mark Tarle that he was just doing his job, they had viewed the surveys, examined the survey markers and that everything was legal.

38. When Janet Brunermer approached Mark Tarle, he falsely demanded that she needed a permit.

39. Mark Tarle then accused Janet Brunermer of not "abiding by the law."

40. Plaintiff Janet Brunermer, pleaded to Mark Tarle to stop harassing her and her contractors.

41. At or around 1:00pm, Jennifer Tarle, began pacing back and forth at Plaintiffs' property and began taking numerous photos.

42. Around 2-3pm on May 21, 2021, more individuals began walking on Plaintiffs' property and taking photos of the Plaintiffs and their property.

43. At around 4pm on May 21, 2021, Defendant Brenda Troup began riding her vehicle through the alleyway next to Plaintiffs' property. While speeding, she came close to hitting one of the contractors working on the fence.

44. At or around 4:10pm on May 21, 2021, an individual Jeremey Gross, began shouting and yelling at Plaintiffs to remove the fence.

45. At or around 5:30pm on May 21, 2021, a crowd of about 10 to 15 people began crowding around Plaintiffs' property and the vocal assault intensified.

46. At around 5:50pm, the Pennsylvania State Police were called and came to Plaintiffs' property since there was now an angry mob yelling verbal assaults at the Plaintiffs.

47. Within the mob were defendants Brenda Troup, Jennifer Tarle, Mark Tarle, and Mayor Cindee Virostek who were there encouraging the rest of the unwanted trespassers.

48. Pennsylvania State Trooper Weitzel, went to talk to the angry mob consisting of the Apollo Borough Council members in order to calm them down.

49. Defendant Borough Solicitor was outside with the mob driving his car back and forth in front of the Plaintiffs' property.

50. On or about May 28, 2021, Defendant Apollo Borough through Defendant Scott Andreassi, requested that Plaintiffs immediately remove and relocate their fence.

51. The Defendants have falsely asserted that the area were the Plaintiffs have erected their fence impedes on a public roadway and said roadway has been in existence for over 40 years.

## COUNT 1

### VIOLATION OF THE TAKING CLAUSE- 42 U.S.C. § 1983

Defendants' actions are an unconstitutional taking of property without just compensation in violation of the fifth amendment's taking clause as incorporated under the fourteenth amendment

52. Plaintiffs hereby incorporate by reference in the preceding paragraphs as though fully set forth herein.

53. Apollo Borough has seized without compensation the property of the Plaintiffs, by threatening them to take down their fence and that the area where the fence is placed, is

considered government property. As it would restrict access by emergency vehicles to get in and out of the alleyway.

54. The uncompensated seizures violate the Taking Clause of the Fifth Amendment made applicable to States through the Fourteenth Amendment, and also violate the well-established notions of Substantive and Procedural Due Process. Plaintiffs respectfully request that this court declare the Borough's action unconstitutional, and order Plaintiffs with just compensation.

55. Apollo Borough, through their counsel have demanded that their fence be removed as emergency vehicles are unable to get through said alley way for the public purpose of protecting Apollo's public health, safety and welfare.

56. The Borough claims by removing the fence from Plaintiffs' property is issued for the benefit of the public citizens yet they have failed to justly compensate Plaintiffs for this taking in order to benefit the public.

57. Failing to extend the constitutionally required just compensation to Plaintiffs, the actions by the Defendants jeopardize the rights of the Plaintiffs' rights with respect to property ownership.

58. The Taking Claus of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V.

59. The Takings Clause "is designed not to limit the governmental interference with property rights per se, but rather to secure compensation in the event of otherwise proper interference amounting to a taking. "*Lingle v. Chevron U.S.A. Inc*, 544 U.S. 528, 536-37 (2005)(*quoting First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 315 (1987)(emphasis in original).

60. The Taking Clause bars government actors 'from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S 40, 49 (1960.)

61. The Borough issued a mandate for Plaintiffs to remove their erected fence as a means of allowing public citizens to use a road.

62. Apollo Borough acted under the color of state law in their capacity as elected officials to serve for a public purpose.

63. Mayor Cindy Virostek was elected as a county official to act on and within the best interests of the Apollo citizens as a government official.

64. The Supreme Court "recognized that government regulation of private property may, in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster- and that such "The general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking. " *Pennyslvania Coal Co. V. Mahon*, 260 U.S. 393, 415-16 (1922).

65. The Defendants' orders for the Brunermers to remove their fence that is far within their property line "goes too far" and must "be recognized as a taking." See *Id.*

66. Moreover, without just compensation guaranteed by the Takings Clause of the 5th Amendment, the Brunermers will be privately saddled with the cost of paying for a government undertaken for the common good.

67. Scott and Janet Brunermer have suffered a loss to the value of their property and are directed to pay for the burden of removing their fence from their property. This loss of the portion of their property that the government claims constitute a partial taking, because the Plaintiffs are unable to enjoy the property they have owned for years.

Neither are they able to exercise any of their property rights with regard to any Tangible Property. See *Lucas v. S.C. Costal Council*, 505 U.S. 1003, 1019(1992).

68. Scott and Janet Brunermer have been demanded by the Defendants to sacrifice their property rights and the usage of said property in the name of common good, which has now devalued their property.

69. Moreover, under the framework articulated by the Supreme Court in Penn Central, the actions by the Defendants constitutes a taking based on the magnitude of economic impact and the degree to which the madidate by the Borough, interfere with legitimate property interests. *Lingle*, 544 U.S. 528 at 540.

## COUNT II

VIOLATION OF SUBSTANTIVE DUE PROCESS – 42 U.S.C. § 1983

INTERFERENCE WITH PROPETY INTERESTS

70. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

71. The Plaintiffs have a protected liberty interest in their right to live without arbitrary governmental interference as it pertains to their fundamental property right to use and enjoy land in which they hold a recognized interest. See *MFS, Inc. V. Dilazaro*, 771 F. Supp. 2d 382, 440-41 (E.D. Pa 2011)(citing *DeBlasio v. Zoning Bd. Of Adjustment for Twp. Of W. Amwell*, 53 F. 3d 592, 600 (3d Cir. 1995)); see also *Horne,* 576 U.S. 350, 135 S. Ct. at 2426.

72. "The touchstone of due process is protection of the individual against arbitrary action of government. "*Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (quoting *Wolff v. McDonnell*. 418 U.S. 539, 558 (1974)).

73. The fault may lie in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective. *Id* at 845-846(citations omitted).

74. Furthermore, "Substantive due process' prevents the government from engaging in conduct that shocks the conscience or interferes with rights 'implicit in the concept of ordered liberty. *United States v. Salerno*, 481 U.S. 739, 746 (1987) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952).

75. The substantive component of the Due Process Clause is violated by only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Lewis*, 523 U.S. at 847.

76. The actions by the Defendants constitute arbitrary, capricious, irrational and abusive conduct which unlawfully interferes with Plaintiffs' liberty and property interest protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

77. The Defendants have acted under color of state law with the intent to unlawfully deprive the Plaintiffs of their liberty and property without substantive dues process in violation of the Fourteenth Amendment to the United States Constitution.

78. Defendants' actions including the enforcement to have Plaintiff's fence removed constitute official policy, custom and practices of the State of Pennsylvania and Armstrong County.

79. The actions by the Defendants intrude upon the Plaintiffs' use and enjoyment of their property and separately impacts the use of its Tangible Property. Thus, the Defendants have violated Plaintiffs' substantive due process rights.

80. The actions by the Defendants have arbitrarily, irrationally, and capriciously imposed on Plaintiffs' property by requiring them to remove their fence claiming that a proportion of their property is owned by Apollo Borough.  These actions have prevented the Plaintiffs' use and enjoyment of their property by requiring them to allow the Borough to use a portion of their land and to privately bear the burden for the public which is aimed at allowing city vehicles to use their property as a roadway.

81. The implementation of the Defendants' demands has caused Plaintiff' harm which they are asked to privately bear for a public benefit.

82. The Defendants' actions are inconsistent with the traditional notions of fair play and decency, *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957), and shocks the conscience and violates the decencies of civilized conduct." See *Lewis*, 523 U.S. 833-846-47 and violated Plaintiffs' Substantive Due Process Rights.

83. The Defendants have acted willfully, wantonly, intentionally and with a reckless disregard for the Plaintiffs' constitutional rights.

84. As a result of Defendants' actions, the Plaintiffs will continue to sustain monetary damages including the loss of value to their property, attorneys' fees and various expenses.

## **COUNT III**

### INTERFERENCE WITH FREEDOM TO ASSOCIATE- 42 U.S.C § 1983

### VIOLATION OF FIRST AMENDMENT

85. Plaintiffs hereby incorporate by reference the preceding paragraphs as through fully set forth herein.

86. The Plaintiffs have a right to be free from intrusion into their familial relationships and the fundamentals freedom of their right to associate. *Roberts v. United States Jaycees*, 468 U.S. 609 (1984).

87. Moreover, the constitutional shelter such relationships reflects the realization that individuals draw much of their emotional enrichment from close ties with others. Protecting these relationships from unwarranted state interference therefore safeguards the ability independently to define one's identity that is central to any concept of liberty. *Id*. At 619.

88. Family relationships, by their nature, involve deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life. *Id*. At 619-620.

89. The Plaintiffs have a protected liberty interest in their right to associate with their friends, family and significant others without arbitrary governmental interference. *Loving v. Virginia*, 388 U.S. 1 (1967). However, the Defendants continue to harass and intimidate Plaintiffs and their agents by sending threatening letters, gathering outside of their property and impersonating law enforcement.

90. The Supreme Court has emphasized time and again that the touchstone of due process is protection of the individual against arbitrary action of government. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)).

91. The fault may lie in a denial of fundamental procedural fairness...or in the exercises of power without any reasonable justification in the service of a legitimate governmental objective. *Id*. At 845-846 (citations omitted).

92. Choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme. In this respect, freedom of association receives protection as a fundamental element of personal liberty. *Roberts v. United States Jaycees*, 468 U.S. 609, 617-618 (1984).

93. Courts have long recognized that freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Progress Clause of the Fourteenth Amendment. *Cleveland Bd. Of Educ. V. LaFleur*, 414 U.S. 632, 639-640, (1974) see also *Roe v. Wade*, 410 U.S. 113; *Loving v. Virginia*, 388 U.S. 1, 12; *Griswold v. Connecticut*, 381 U.S. 479; *Pierce v. Society of Sisters*, 268 U.S. 510; *Meyer v. Nebraska*, 262 U.S. 390.

94. The test for a substantive-due-process right is twofold: whether the right is "objectively, deeply rooted in the Nation's history and tradition" and whether "the crucial guideposts" of "our Nation's history, legal traditions, and practices" support the right. The fundamental rights recognized under substantive due to process include "personal decisions relating to marriage...family relationships, child rearing, and education," which

often "involve the most intimate and personal choices a person may make in a lifetime." *Fakoya v. County of Clark*, 2014 U.S. Dist. LEXIS 143240, 13-14, 2014 WL 5020592.

95. Collectively, the actions by the Defendants constitute arbitrary, capricious, irrational and abusive conduct which unlawfully interferes with Plaintiffs' liberty and the right to associate with friends and family protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

96. The Defendants has acted under color of state law with the intent to unlawfully deprive the Plaintiffs of their liberty and property without substantive due process in violation of the Fourteenth Amendment to the United States Constitution.

97. Defendants' actions, including enforcement of false claim that Plaintiffs are acting illegally by erecting a fence on their property, constitute the official policy, custom, and practices of the Apollo Borough. Therefore, the Defendants has violated the Plaintiffs' substantive due process rights.

98. The Defendants have acted intentionally, willfully, wantonly, and with callous and reckless disregard for Plaintiffs' constitutional rights.

99. As direct and proximate result of the Defendant's actions, the Plaintiffs have and will continue to sustain damages including attorneys' fees, and other costs incurred.

## COUNT IV

### INTRUSION UPON SECLUSION- 42 U.S.C. §1983

### VIOLATION OF FOURTH AMENDMENT RIGHT TO PRIVACY

100. Plaintiffs hereby incorporate by reference the preceding paragraphs as through fully set forth herein.

101. Plaintiffs have a legitimate expectation of privacy in their own home free from government action.

102. Defendants gathered on and around Plaintiffs' property on May 21, 2021 with the intent to harass and intimidate Plaintiffs knowing that they were in their home.

103. Defendants knew or should have known that they were on Plaintiffs' property. A simple title search of public record would have shown who the current owner of 719 N Warren Ave Apollo, Pennsylvania was.  As such, Defendants' conduct demonstrated an intentional intrusion upon Plaintiffs' private property because it was Janet Brunermer's residence, yet the Borough officials continued to harass the Plaintiffs while standing on their property.

104. Defendants' actions were highly offensive to a reasonable person when they began shouting, taking pictures and gathering on and around Plaintiffs' property.  Furthermore, the Borough city officials threatened the Plaintiffs and contractors that their fence was 'illegal.'

105. Such actions have caused shame and humiliation to Plaintiffs while trying to enjoy the privacy of their home.

## **COUNT V- INVASION OF PRIVACY**

INVASION OF PRIVACY- Restatement (Second) of Torts § 652B

106. Plaintiffs hereby incorporate by reference the preceding paragraphs as through fully set forth herein.

107. One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of

his privacy, if the intrusion would be highly offensive to a reasonable person. *Harris v. Easton Publ'g Co.*, 483 A.2d 1377, 1383 (Pa. Super. Ct. 1984).

108. Defendants intentionally intruded on Plaintiff's property and encouraged others to gather with them in order to intimidate Plaintiffs while in the comfort of their home. Such conduct is highly offensive, unreasonable and was meant to bully the Plaintiffs.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment in their favor, against Defendant and seek relief for:

a) Issuing a Preliminary Injunction enjoining Defendants from enforcing an order to remove the erected fence from their property and refrain from violation of Plaintiffs' fundamental rights under the First, Fifth and Fourteenth Amendments;

b) declaratory judgment that issuance and enforcement of the Plaintiffs to remove their fence an unconstitutional violation of Plaintiffs substantive due process rights under the First and Fourteenth Amendment;

c) Compensatory damages adequate to justly compensate Plaintiffs for the partial taking of their Physical Location;

d) Compensatory damages adequate to satisfy Plaintiffs in the amount owed for Defendants' violation of the Due Process Clause of the Fourteenth Amendment;

e) Punitive Damages;

f) A declaratory judgment that the issuance and enforcement of Defendants actions as an unconstitutional taking without just compensation, under the Fifth and Fourteenth Amendment;

g) A declaratory judgement as an unconstitutional violation of Plaintiffs substantive due process rights under the First and Fourteenth Amendment

h) A permanent injunction to prohibit Defendants from enforcing the Plaintiffs to remove their fence.

i) Defendants refrain from invading Plaintiffs' property while stalking and harassing them;

j) An award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C. SECTION 1988; and

k) Such other relief that the court deems as appropriate.

Respectfully Submitted,

/s/Walter A. Bernard
Walter A.Bernard
PA ID 321994

Walter Bernard & Associates
100 S. Commons Suite 102
Pittsburgh, PA 15212
(412)-206-9498
walt@waltbernardlaw.com

**JURY DEMAND**

Plaintiffs demand a jury trial on all counts contained in the Complaint.