**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Charles Atkinson and Rhonda Atkinson,** | |
| Plaintiff, | Case No. |
| v. | |
| **American Automotive Association, and Norwegian Cruise Line,** | Complaint and Demand for Jury Trial |
| Defendants. | |

## COMPLAINT

Charles Atkinson and Rhonda Atkinson ("Plaintiffs" or "the Atkinsons"), by and through their attorneys, Kimmel & Silverman, P.C., alleges the following against American Automotive Association ("AAA") and Norwegian Cruise Line ("Norwegian") (collectively "Defendants"):

## INTRODUCTION

1. Plaintiffs' Complaint includes counts asserted under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201−1, et seq. ("UTPCPL") and common law claims of unjust enrichment, conversion and fraudulent misrepresentation.

## JURISDICTION AND VENUE

2. Plaintiffs are both residents of the Commonwealth of Pennsylvania, who at all times relevant hereto, resided in Armstrong County.

3. Defendant AAA is headquartered in the State of Florida.

4. Defendant Norwegian is headquartered in the State of Florida.

5. Plaintiffs seek actual damages, statutory damages, treble/punitive damages and attorneys' fees and costs, which in their totality, are in excess of $75,000.00.

6.    Therefore, pursuant to 28 U.S. Code § 1332, diversity jurisdiction exists.

7.    The acts and omissions described herein occurred primarily in this District, where Plaintiffs reside.

8.    Furthermore, Plaintiffs incurred their damages within this District.

9.    Accordingly, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

10.   Plaintiffs are natural persons who at all times relevant hereto, resided in Ford City, Pennsylvania.

11.   Defendant AAA is a national organization that provides insurance, travel planning and other services to members.

12.   Defendant AAA maintains its headquarters at 1000 AAA Drive, Suite 28, Heathrow, Florida 32746.

13.   Defendant Norwegian is an international corporation that offers patrons travel and leisure services, including cruise vacations.

14.   Defendant Norwegian maintains its headquarters at NCL Corporation Ltd 7665 Corporate Center Dr. Miami, FL 33126.

15.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

16.   Mr. and Mrs. Atkinson are a married couple.

17.   The Atkinsons are both senior citizens.

18.   For years, the couple has enjoyed taking vacations together, especially cruises.

19.   For purposes of background, Mr. Atkinson's health has declined in recent years.

20. In early 2019, the Atkinstons decided they wanted to embark on one final cruise together while they still were able to do so.

21. Accordingly, on or around January 31, 2019, using AAA as a travel service, Mr. and Mrs. Aktinson purchased two tickets on a Norwegian cruise ship that was scheduled to travel to Hawaii in April of 2020.

22. Upon booking the cruise, Plaintiffs paid an initial deposit of $100.00.

23. On or around November 20, 2019, the Akinsons made a final payment to AAA in the amount of $7,272.34 for the Norwegian cruise to Hawaii. A true and correct copy of the redacted check is attached as Exhibit "A."

24. The Atkinsons are not a rich couple and that purchase was quite a substantial payment for them to make.

25. In March of 2020, the COVID-19 Pandemic spread globally.

26. As a result of the Pandemic, Norwegian cancelled the subject cruise. A true and correct copy of the letter advising of the cancellation is attached as Exhibit "B."

27. Rather than returning the funds paid when it became apparent services could not be rendered, Norwegian instead offered a "future credit" to the Atkinsons. (See Ex. B.)

28. That future credit had little value to the couple, as the planned cruise was scheduled for a time where it would likely be their last.

29. Further, during the spring of 2020, while Covid-19 was rampant, the thought of a "future credit" on a cruise ship was thoroughly unappealing and of no value to Plaintiffs.

30. Furthermore, Mr. Atkinson's health continued to decline.

31. Accordingly, even without a global pandemic, a future cruise is impracticable.

32. On or around May 20, 2020, Norwegian wrote Plaintiffs again. (A true and correct copy of the May 20, 2020 letter is attached as Exhibit "C.")

33. In the May 2020 correspondence, Norwegian advised that patrons who did not wish to receive the "future cruise credit" could obtain a refund within 90 days of completing an online form. (Ex. C.)

34. Plaintiffs were initially relieved that they would be refunded their hard earned money, which was paid for a vacation they could not take.

35. Plaintiffs entered their information onto the website in order to procure the refund.

36. Sadly, the Atkinsons learned the assurance from Norwegian was a misrepresentation.

37. In or around August of 2020, the couple was devastated to learn from Norwegian that the refund they were promised was not going to materialize.

38. Accordingly, the Atkinsons contacted AAA with the hope of securing their refund.

39. In a phone conversation in or around August of 2020, AAA told the Atkinsons that AAA would be able to return the money paid for the cancelled cruise.

40. AAA then assured Mrs. Atkinson a check would issue to return their payment.

41. Plaintiffs waited patiently.

42. In or around September of 2020, when Mrs. Atkinson called AAA for a status update, AAA informed her that she would not be refunded and apologized that AAA had been "misinformed".

43. As a proximate result of the foregoing, Plaintiffs became overcome with sadness anger, despair and a sense of hopelessness.

44. The refusal to provide the promised refund caused financial harm to Plaintiffs.

45. Plaintiffs believe and therefore aver that Defendants attempted to take advantage of the fact that Plaintiffs were elderly.

46. The ordeal has caused Plaintiffs sadness distress, sleep loss and physical symptoms of anxiety and grief.

47. Defendants' acts and omissions were knowing, reckless, willful, wanton and intentional.

## COUNT I
## VIOLATIONS OF THE
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 P.S. § 201−1, *et. seq.*

48. Plaintiffs restate, re-allege, and incorporate herein by reference the preceding paragraphs as though the same were fully set forth herein.

49. Defendants' conduct constitutes unfair deceptive business acts or practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201−1, et seq. ("UTPCPL").

50. It is a violation of UTPCPL to engage in any other fraudulent, deceptive or unfair conduct.

51. The act of withholding consumer funds paid for a specific service while not providing said service was in itself deceptive and unfair.

52. Furthermore, Defendants made the representation that Plaintiffs would have the option of receiving a refund and that Plaintiffs would receive a refund.

53. Plaintiffs relied to their detriment upon said representation.

54. Plaintiffs did not receive a refund.

55. As a result of Defendants' unfair and deceptive conduct, Plaintiffs suffered damages.

56. Defendants' conduct was willful and outrageous, rendering treble damages

appropriate.

WHEREFORE, Plaintiffs request the Court enter judgment in their favor for damages, treble damages, attorneys' fees and costs, interest and any other relief the Court renders appropriate.

## COUNT II
## UNJUST ENRICHMENT

57. Plaintiffs restate, re-allege, and incorporate herein by reference the preceding paragraphs as though the same were fully set forth herein.

58. Defendants have benefitted from their unlawful acts by retaining the payments used to purchase cruise tickets, which have been cancelled. Retention of those monies under these circumstances is unjust and inequitable because Defendants charged consumers full price for travel and fees for travel/cruise that became impracticable.

59. Because Defendants' retention of the non-gratuitous benefits conferred by Plaintiffs is unjust and inequitable, Defendants must pay restitution to Plaintiffs for their unjust enrichment, as ordered by the Court.

60. Defendants' conduct was reckless, egregious and outrageous.

WHEREFORE, Plaintiffs request the Court enter judgment in their favor for compensatory damages, punitive damages, interest and any other relief the Court renders appropriate.

## COUNT III
## CONVERSION

61. Plaintiffs restate, re-allege, and incorporate herein by reference the preceding paragraphs as though the same were fully set forth herein.

62. Defendants have wrongfully exercised control over and/or intentionally interfered

with the rights of Plaintiffs by limiting customers to a voucher rather than returning monies paid.

63. Defendants deprived Plaintiffs of the value they paid for a cruise and declined to offer the refund promised.

64. Plaintiffs have requested and/or demanded that Defendants issue refunds for cancelled flights and cruises.

65. Those acts and omissions caused Plaintiffs to incur damages.

66. Plaintiffs are entitled to a refund of the full amount paid for tickets on cancelled flights and cruises.

67. Defendants are large multi-national corporations, which earn hundreds of millions of dollars annually.

68. The fact that Defendants deprived consumers of their monies without the benefit of the bargain was especially outrageous and warrants punitive damages.

WHEREFORE, Plaintiffs request the Court enter judgment in their favor for compensatory damages, punitive damages, interest and any other relief the Court renders appropriate.

## COUNT IV
**FRAUDULENT MISREPRESENTATION**

69. Plaintiffs restate, re-allege, and incorporate herein by reference the preceding paragraphs as though the same were fully set forth herein.

70. Defendants misrepresented to Plaintiffs they were procuring goods and services of the value of the purchase price.

71. Defendants each separately and knowingly mispresented to Plaintiffs that they would receive a refund.

72. Defendants' representations were made with the intent that rely upon the

misstatements in accepting travel vouchers instead of pressing for a refund.

73. Plaintiffs detrimentally relied on Defendants' misrepresentations.

74. The reliance by Plaintiffs on Defendants' misrepresentations was reasonable.

75. Defendants' misrepresentations proximately caused damage to Plaintiffs.

76. By misrepresenting that Plaintiffs were only entitled to travel vouchers, Defendants financially harmed Plaintiffs, causing damages.

77. Defendants' actions were willful and outrageous rendering punitive damages an appropriate remedy.

WHEREFORE, Plaintiffs request the Court enter judgment in their favor, punitive damages, interest and any other relief the Court renders appropriate.

## PLAINTIFFS' DAMAGES

41. Plaintiffs seek the amount of monies paid, trebled under the Pennsylvania Unfair Trade Practice and Consumer Protection Law.

42. Plaintiffs seek damages for stress, anxiety, sleep loss, loss of enjoyment, opportunity cost and pain and suffering.

43. Because of the willful, reckless, deceptive nature of the acts described above, and the size and assets of Defendants, Plaintiffs seek punitive damages.

44. Plaintiffs also seek attorneys' fees and costs.

45. While Plaintiffs will quantify their damages with specificity in the course of discovery and/or at trial, Plaintiffs reasonably estimate the total compensatory damages, treble/punitive damages and attorneys' fees and costs to be $100,000.00 or greater.

**Wherefore**, Plaintiff, **Charles Atkinson and Rhonda Atkinson** respectfully pray for judgment as follows:

      a.      All actual damages Plaintiff suffered;

      b.      Statutory damages in accordance with the UTPCPL;

      c.      Treble damages as provided under the UTPCPL;

      d.      Punitive damages for the tort claims;

      e.      Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Charles Atkinson and Rhonda Atkinson** demands a jury trial in this case.

Respectfully submitted,

Dated: 06/24/2021

By: *s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com