IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. ) |
| DCK NORTH AMERICA LLC a/k/a DCK WORLDWIDE, LLC, STEPHEN D'ANGELO, BROOKE D'ANGELO and ANDREW STICHA, | ) ) ) ) ) |
| Defendants. | ) |

## **COMPLAINT**

1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145; ERISA §404(b), 29 U.S.C. §1104; ERISA §406, 29 U.S.C. §1106; ERISA §409, 29 U.S.C. §1109, and also §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendant Contractor's failure to pay fringe benefit contributions and wage deductions in violation of a certain labor agreement Contractor entered into with the Eastern Atlantic States Regional Council of Carpenters and its affiliated local unions (hereinafter "**Carpenters' Union**").

2. Plaintiff Carpenters Combined Funds, Inc. ("Funds") is a Pennsylvania non-profit corporation that maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

3. Plaintiff administers various fringe benefit funds and acts as a collection agent for such funds as well as certain employer associations and unions. James R. Klein is the Administrator of such Funds.

4. The trustees of such Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their

agent for the collection of contributions payable to such Funds on behalf of their trustees, participants, and beneficiaries.

5. Defendant DCK North America, LLC a/k/a DCK Worldwide, LLC ("Contractor" or "Defendant") is engaged in the construction business and maintains its principal place of business at 6 PPG Place, Suite 710, Pittsburgh, PA 1522.

6. Defendant Contractor has entered into a labor agreement ("Agreement") with the Carpenters' Union pursuant to which Defendant was obligated to submit certain monthly payments to Plaintiff for pension, medical, annuity/savings, apprenticeship and dues for the benefit of employees covered under such Agreement.

7. Defendant Contractor has failed to make timely payments of principal contributions to Plaintiff for the period of October 2020 through June 2021, in violation of the Agreement, which has resulted in an estimated principal deficiency of $35,215.74. Employer is obligated to submit to the Funds its July 2021 reports with payments by August 30, 2021 and all future reports with payment by the 30th of the month following the month in which the work is performed. Plaintiff Funds estimate that each such monthly report will total at least $16,000.00. In addition, interest of $3,709.00 through July 26, 2021 and contractual/liquidated damages of $7,193.71 are due, for a total deficiency of $46,118.45. Interest will continue to accrue after July 26, 2021 at the rate of $14.47 per day.

8. Plaintiff also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to the Plaintiff until the termination of this case. If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed to the Funds by Contractor, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages will also be assessed at ten percent (10%) times the principal amount owed by Defendant. In the alternative, Plaintiff reserves the right to assert a

claim for such additional amounts due in a subsequent legal action.

9. Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to ERISA, defendant Contractor is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00). Such fees and expenses total $9,223.69 through July 26, 2021. Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

11. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

12. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against said Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such agreements, and enjoining Defendant Contractor from disposing of assets; and

  (b) For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations from January 2021 through the present; and

  (c) For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees for the last three years to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

  (d) For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $55,342.14, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus contractual/liquidated damages, attorneys' fees of 20% of total amount due, and costs of suit; and

  (e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

  (f) For such other and further relief as the Court may deem just.

## COUNT II

### Carpenters Combined Funds, Inc. v. Stephen D'Angelo, Brooke D'Angelo and Andrew Sticha

### ERISA Breach of Fiduciary Duty Action

13. The averments contained in paragraphs 1 through 12 are hereby incorporated by reference herein.

14. At all times material hereto, Defendant Stephen D'Angelo has served as the Chief Executive Officer, Defendant Brooke D'Angelo has served as the Human Resources Director and Defendant, Andrew Sticha has served as the Treasurer of Contractor at the business address listed in Paragraph 5 of this Complaint (collectively referred to as "Individual Defendants").

15. At all times material, Individual Defendants were and are responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by carpenters employed under such Agreement.

16. At all times material, Individual Defendants were also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Funds in Pittsburgh.

17. At all times material, Individual Defendants had check signing authority, signed checks, and had the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

18. At the time such fringe benefit contributions became due and payable by Contractor to the Funds, such monies became assets of the Funds.

19. At all times material, Individual Defendants were aware of the obligations of Contractor to timely pay fringe benefits to the Funds.

20. Individual Defendants prioritized payment of corporate expenses that personally benefitted him over payment to the Funds.

21. Based upon the foregoing, Individual Defendants constitute "fiduciaries" under ERISA.

22. Based upon the foregoing, Individual Defendants violated their duty of loyalty to the beneficiaries of the Funds.

23. Based upon the foregoing, Individual Defendants also breached their fiduciary duty to the Funds by failing to cause Contractor to pay to the Funds such contributions once they became due and payable, and is therefore personally liable for all fringe benefits and associated interest, contractual/liquidated damages, attorneys' fees, and legal costs owed by Contractor to the Funds.

24. The estimated principal contributions owed to the Funds from October 2020 through June 2021 total $32,398.48. In addition, Contractor owes the Funds interest on this amount through July 26, 2021 that totals $3,412.22 and continues to accrue, as well as

contractual/liquidated damages of $6,618.21, for a total deficiency of $42,428.91. Interest continues to accrue after July 26, 2021 at the rate of $13.31 per day.

25. The Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by Contractor to the Funds until the termination of this case. Contractor is obligated to submit to the Funds its March 2021 reports with payments by April 30, 2021 and all future reports with payment by the 30th of the month following the month in which the work is performed. The Funds estimate that the fringe benefits due for each such monthly report will total at least $14,720.00. If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at ten percent (10%) of the principal amount owed by Contractor. In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

26. The Funds have demanded from Individual Defendants payment of all such amounts due, but such individual Defendant has failed to pay such amounts.

27. Pursuant to ERISA, Individual Defendants are also obligated to the Funds to pay the Fund's reasonable attorneys' fees of twenty (20%) percent of the total delinquency or $1,000.00 whichever is greater. Such fees and expenses total $8,485.78 through July 26, 2021. The Funds also claim attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to the Funds until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, the Funds demand that judgment be entered against Defendants, Stephen D'Angelo, Brooke D'Angelo and Andrew Sticha in the amount of $50,914.69, plus interest from July 26, 2021 at a per diem rate of $13.31, plus additional amounts shown to be due plus legal costs.

### COUNT III

### Carpenters Combined Funds, Inc. v. Stephen D'Angelo, Brooke D'Angelo and Andrew Sticha

### State Common Law Conversion Action

28. The averments contained in paragraphs 1 through 27 of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

29. Pursuant to the Agreement, Contractor withheld monies from its employees' wages for union dues and legislative funds that were required to be remitted to the Funds.

30. In violation of the Agreement, Contractor failed to remit such deductions for union dues and legislative funds to the Funds.

31. At all times relevant to this action, Individual Defendants had the authority and the responsibility to remit such employee wage withholdings to the Funds.

32. At all times material, Individual Defendants exercised dominion and control over the estimated employee wage withholdings totaling $2,817.26 and authorized and/or permitted such monies to be used to pay other obligations of Contractor. As such, Individual Defendants unreasonably withheld possession of these monies from the Funds and deprived the Funds of their use, possession, or control of such monies without lawful justification or consent, thereby causing damages to the Funds.

33. Contractor is obligated to submit to the Funds its July 2021 reports with payments by August 30, 2021 and all future reports with payment by the 30th of the month following the month in which the work is performed. The Funds estimate that the wage withholdings in each such monthly report will total at least $1,280.00.

34. Based upon the foregoing, Individual Defendants intentionally converted such monies that were rightfully due and payable to the Funds.

35. The Funds are also entitled to receive from Individual Defendants interest through July 26, 2021 on such late payments of $296.78, plus additional interest from July 26, 2021 of $1.16 per day.

WHEREFORE, the Funds demand entry of a judgment in its favor and against Stephen D'Angelo, Brooke D'Angelo and Andrew Sticha in the amount of $3,114.04 plus additional interest from July 26, 2021, plus additional amounts shown to be due, plus costs of suit.

TUCKER ARENSBERG, P.C.

*s/Jeffrey J. Leech*
Jeffrey J. Leech
PA I.D. #19814
Neil J. Gregorio
PA I.D. #90859

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Plaintiff,
Carpenters Combined Funds, Inc.

TADMS-5541603.1:010342-191877