IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC KASPEROWICZ, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PINE-RICHLAND SCHOOL DISTRICT, | ) | |
| BRIAN R. MILLER, PETER LYONS, and | ) | |
| THOMAS SALOPEK, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ERIC KASPEROWICZ, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5.  Plaintiff, Eric Kasperowicz, is an adult male individual and a resident of Allegheny County, Pennsylvania.

6.  Defendant, Pine-Richland School District ("District"), is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 702 Warrendale Road, Gibsonia, Pennsylvania 15044.

7.  At all times relevant hereto, Defendant District was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns within the full scope of their respective agency, office, employment or assignment.

8.  Defendant, Brian R. Miller ("Miller"), is an adult male individual. Plaintiff believes, and therefore avers, that Defendant Miller is a resident of Allegheny County. At all times relevant to this Complaint, Defendant Miller was, and is, the superintendent of Defendant District.

9.  Defendant, Peter Lyons ("Lyons"), is an adult male individual. Plaintiff believes, and therefore avers, that Defendant Lyons is a resident of Allegheny County. At all times relevant to this Complaint, Defendant Lyons was, and is, the president of Defendant District's school board.

10. Defendant, Thomas Salopek ("Salopek"), is an adult male individual. Plaintiff believes, and therefore avers, that Defendant Salopek is a resident of Allegheny County. At all times relevant to this Complaint, Defendant Salopek was, and is, the assistant principal of Defendant District's Pine-Richland High School.

## FACTS

11. Plaintiff was employed by Defendant District as head football coach from in or about February of 2013 until in or about April of 2021.

12. On or about April 14, 2021, Defendant District informed the Plaintiff that his employment contract would not be renewed.

13. Thereafter, Defendant District's representatives, including the named individual Defendants, made false and defamatory statements to the public about the Plaintiff, including, but not limited to, that the Plaintiff was aware of, condoned and/or perpetuated "hazing," "intimidation" and/or "bullying" within the football program under his leadership as head coach.

14. These statements were, and are, patently false. Plaintiff was never aware of, nor did he ever condone and/or perpetuate "hazing," "intimidation" and/or "bullying" within the football program.

15. Furthermore, any failure to report such conduct could impose criminal liability on the Plaintiff as a mandated reporter.

16. On or about April 16, 2021, Defendant Salopek, in his capacity as assistant principal for Defendant District's high school, told at least three (3) students that Defendant District "has information that would ruin [the Plaintiff's] reputation."

17. Defendant Salopek's statement was, and is, patently false, defamatory to the Plaintiff's character and placed the Plaintiff in a false light to members of his community.

18. Defendant Salopek knew, or should have known, that his statement was false and defamatory.

19. Plaintiff believes, and therefore avers, that Defendant Salopek made his statement with the intent to harm the Plaintiff's reputation and defame the Plaintiff's character.

20. On or about April 20, 2021, during a press conference held by Defendant District which was broadcast on several local media outlets, Defendant Lyons alleged that the Plaintiff was aware of and/or condoned "hazing," "intimidation," "bullying" and "rites of passage" within the

District's football program under his leadership.  Defendant Lyons further alleged that the Plaintiff failed to report such conduct.

21. These statements were, and are, patently false.  Plaintiff was never aware of, nor did he ever condone "hazing," "intimidation," "bullying" and/or "rites of passage" within the football program.

22. Furthermore, Plaintiff did not fail to report "hazing," "intimidation," "bullying" and/or "rites of passage" within the football program, as he was unaware of such conduct.  Any failure to report such conduct could impose criminal liability of the Plaintiff as a mandated reporter.

23. Defendant Lyons also stated in the press conference that "neither the administration nor any member of the nine-member school board could recommend extending a supplemental contract to [the Plaintiff] for the 2021-2022 football season."  Plaintiff believes, and therefore avers, that this statement was, and is, false.

24. Defendant Lyon's statements, as more fully described hereinbefore above, were, and are, patently false, defamatory to the Plaintiff's character and placed the Plaintiff in a false light to members of his community.

25. Defendant Lyons knew, or should have known, that his statements were false and defamatory.

26. Plaintiff believes, and therefore avers, that Defendant Lyons made his statements with the intent to harm the Plaintiff's reputation and defame the Plaintiff's character.

27. On or about May 7, 2021, Defendant Miller, in his capacity as superintendent of Defendant District, was interviewed by a local media outlet.

28. During that interview, Defendant Miller stated that there were a "series of events that have been orchestrated by [the Plaintiff] and others that put students in the middle."  Defendant

Miller also claimed that the Plaintiff was aware of incidents of "intimidation," "humiliation," "fights" and "rites of passage" within the football program under his leadership and that the Plaintiff failed to report this conduct.

29. These statements were, and are, patently false. Plaintiff did not "orchestrat[e]" a "series of events […] that put students in the middle," nor was he aware of incidents of "intimidation," "humiliation," "fights" and "rites of passage" within the football program.

30. Furthermore, Plaintiff did not fail to report incidents of "intimidation," "humiliation," "fights" and "rites of passage" within the football program, as he was unaware of such conduct. Any failure to report such conduct could impose criminal liability of the Plaintiff as a mandated reporter.

31. During that same interview, Defendant Miller also alleged that the Plaintiff had previously failed to report a recruiting violation to school officials.

32. This statement was, and is, patently false. Plaintiff did in fact communicate with the appropriate persons about the above-described recruiting issue as soon as he became aware of it.

33. Additionally, during that same interview, Defendant Miller falsely alleged that the decision not to renew the Plaintiff's contract was unanimous. Plaintiff believes, and therefore avers, that this was, and is, false.

34. Defendant Miller's statements, as more fully described hereinbefore above, were false, defamatory to the Plaintiff's character and placed the Plaintiff in a false light to members of his community

35. Defendant Miller knew, or should have known, that his statements were false and defamatory.

36. Plaintiff believes, and therefore avers, that Defendant Miller made his statements with the intent to harm the Plaintiff's reputation and defame the Plaintiff's character.

37. In a letter to the families of Defendant District's students dated May 7, 2021, Defendant Miller, in his capacity as superintendent for Defendant District, alleged that the Plaintiff failed to report a "culture of hazing and emotional and physical bullying and intimidation that arose in and around the football program, particularly in the locker room, for years" including "acts of bullying, physical and emotional intimation, humiliation and rites of passage […]"

38. These statements were, and are, patently false. Plaintiff did not fail to report a "culture of hazing and emotional and physical bullying and intimidation that arose in and around the football program," as he was unaware of such conduct. Any failure to report such conduct could impose criminal liability of the Plaintiff as a mandated reporter.

39. This letter also contained false statements claiming that the Plaintiff was previously placed on a performance improvement plan in part because of his alleged failure to report "serious matters."

40. This allegation is, and was, patently false. Plaintiff reported any and all known concerns throughout his tenure as head football coach to the appropriate persons. Plaintiff's performance improvement plan never referenced an alleged "failure to report."

41. Defendant Miller's statements, as more fully described hereinbefore above, were patently false, defamatory to the Plaintiff's character and placed the Plaintiff in a false light to members of his community.

42. Defendant Miller knew, or should have known, that his statements were false and defamatory.

43. Plaintiff believes, and therefore avers, that Defendant Miller made his statements with the intent to harm the Plaintiff's reputation and defame the Plaintiff's character.

44. Defendants Miller and Lyons, in their respective capacities as Defendant District's superintendent and president of Defendant District's school board, have final policy-making authority over the removal of District employees.

45. The above-described conduct of the individual Defendants, and each of them, unjustifiably harmed Plaintiff's reputation and employment status and deprived the Plaintiff of his constitutional rights.

46. Furthermore, the above-described conduct of the individual Defendants, and each of them, has negatively affected the Plaintiff's reputation and his career, placed him in a false light to members of his community and otherwise defamed Plaintiff's character.

## COUNT I:

## PLAINTIFF v. ALL DEFENDANTS

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

### STIGMA PLUS

47. Plaintiff incorporates by reference Paragraphs 1 through 46 as though fully set forth at length herein.

48. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

49. As described hereinbefore above, Plaintiff was terminated from his employment on April 14, 2021.

50.     Defendants Miller, Lyons and Salopek, in their respective capacities as Defendant District's superintendent, president of Defendant District's school board, and assistant principal of Defendant District's Pine-Richland High School, published false and defamatory statements regarding alleged wrongdoing on the part of the Plaintiff in connection with his termination.

51.     These statements were, and are, substantially and materially false.

52.     At all times relevant hereto, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiff had a constitutionally protected liberty interest in his reputation.

53.     Plaintiff's constitutionally protected liberty interest in his reputation was violated when Defendants Miller, Lyons and Salopek made substantially and materially false statements in connection with Plaintiff's termination that stigmatized Plaintiff's reputation.

54.     The actions of the individual Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the individual Defendants to punitive damages.

55.     Defendant District, by and through its officials, acted in reckless disregard for Plaintiff's constitutional rights and deprived the Plaintiff of his constitutionally protected property interest in his position and his constitutionally protected liberty interest in his reputation.

56.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by the individual Defendants, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated;

    b.    Plaintiff suffered irreparable damage to his reputation; and

    c.    Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT DISTRICT

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

MUNICIPAL LIABILITY

57. Plaintiff incorporates by reference Paragraphs 1 through 56 as though fully set forth at length herein.

58. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

59. Defendants Miller and Lyons purported to act as decision-maker for Defendant District in their respective capacities as Defendant District's superintendent and president of Defendant District's school board.

60. Defendants Miller and Lyons, as officials with decision-making authority, directly participated in and ratified the deprivation of Plaintiff's constitutional rights, as more fully described hereinbefore above.

61. Defendant District, by and through its officials, acted in reckless disregard for Plaintiff's constitutional rights and deprived the Plaintiff of his constitutionally protected property interest in his position and his constitutionally protected liberty interest in his reputation.

62. By reason of the aforesaid conduct, the Plaintiff's civil rights as guaranteed by 42 U.S.C. §1983 and under the Fourteenth Amendment to the Constitution of the United States were violated by Defendant Borough.

63. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant District, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated;

    b.    Plaintiff suffered irreparable damage to his reputation; and

    c.    Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant District in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                     JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: August 18, 2021