**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HANNAH KUHN, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| WEST PENN ALLEGHENY HEALTH SYSTEM, INC., | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant West Penn Allegheny Health System, Inc[1]. ("Defendant") by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, hereby gives notice that it has removed this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.  In support of this Notice of Removal, Defendant avers as follows:

## BACKGROUND

1.       Plaintiff Hannah Kuhn ("Plaintiff") filed a Complaint (the "Complaint") in the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court") on July 28, 2021. That action is captioned as "Hannah Kuhn v. West Penn Allegheny Health System, Inc." and docketed in the State Court as Case No. GD-21-8760(the "State Court Action").

2.       In State Court, the Complaint is the initial pleading in which Plaintiff sets forth his causes of action, which includes one count wrongful termination in violation of Pennsylvania public policy, one count of retaliation under the Pennsylvania Medical Care Availability and

---

[1]       West Penn Allegheny Health System, Inc. is incorrectly named as Plaintiff's employer and the Defendant in this action.  At all times during her employment, Allegheny Clinic employed Plaintiff.

Reduction of Error ("MCARE") Act, 40 P.S. § 1303.308(c), and one count of retaliation under the Pittsburgh Code of Ordinances Chapter 626A: Temporary Emergency COVID-19 Paid Sick Leave ("Pittsburgh COVID-19 Paid Sick Leave Ordinance"), all under Pennsylvania or local law.

3.      The Complaint was served upon Defendant on August 2, 2021.  This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after Defendant first received service of the Complaint.

4.      Other than the filing of the Complaint, and the filing of a acceptance of service, there have been no other proceedings before the State Court.

5.      West Penn Allegheny Health System, Inc., as the only defendant, consents to this removal.  There is no additional defendant who must consent to this removal.

6.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and a current state court docket are attached hereto as **Exhibit A**.  True and correct copies all other prior pleadings in the State Court Action and a current state court docket are attached hereto as **Exhibit B**.

## JURISDICTION

7.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(a) because: (1) there is complete diversity of citizenship between the parties; and (2) the amount-in-controversy for the plaintiff exceeds $75,000.00.  This case, therefore, is removable under 28 U.S.C. § 1441(a).

A.      **Sufficient Diversity of Citizenship Exists**

8.      Diversity of citizenship is determined based on the citizenship of the parties at the time the Complaint is filed.  *See Grand Union Supermarkets of VI., Inc. v. HE. Lockhart Mgmt.,*

*Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (citing 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)).

9.      According to the Complaint, Plaintiff is domiciled in New Jersey.  *See Complaint,* ¶ 1.  Therefore, Plaintiff is a citizen of New Jersey for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

10.      In the Complaint, Plaintiff alleges that Defendant West Penn Allegheny Health System, Inc. is a registered Pennsylvania non-profit with a principal place of business at 120 Fifth Avenue, Suite 2900, Pittsburgh, Pennsylvania 15222.[2]  *See Complaint*, ¶ 2.  Therefore, Defendant is a citizen of Pennsylvania for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ("'principal place of business' is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities… And in practice it should normally be the place where the corporation maintains its headquarters…").

11.      There is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1) given that Plaintiff and Defendant are citizens of different states.

**B.      The Amount in Controversy is Sufficient**

12.      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."  28 U.S.C. § 1332(a)(1).

---

[2]      Allegheny Clinic is also a Pennsylvania non-profit with a principal place of business at 120 Fifth Avenue, Suite 2900, Pittsburgh, Pennsylvania 15222.  Consequently, it is also a citizen of Pennsylvania for the purposes of diversity jurisdiction.

13.     While Defendant denies that Plaintiff is entitled to recovery in any form or amount,[3] Plaintiff claims that the amount in controversy, based on the allegations in the Complaint, exceeds $75,000, exclusive of interest and costs.

14.     In Count III of the Complaint, Plaintiff alleges she earned $150,000 annually and that she is seeking punitive damages and attorney's fees.  *See Complaint*, at "WHEREFORE" clause following ¶ 115.

15.     In her Prayer for Relief stating the damages sought for all counts, Plaintiff states she is seeking "actual damages…in an amount to exceed $50,000," attorney's fees, and all "other relief as the Court deems necessary, just and proper."  *See Complaint*, at "Prayer for Relief" following ¶ 115.

16.     Plaintiff does not allege any specific amount(s) of alleged damages sought.  In such cases, the Third Circuit has made clear that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 401 (3d Cir. 2016) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

17.     Accordingly, at a minimum, the amount in controversy should be determined based on the available damages for Plaintiff's wrongful termination in violation of Pennsylvania public policy, retaliation under the MCARE Act, and retaliation under the Pittsburgh COVID-19 Paid Sick Leave Ordinance claims.

---

[3]     All averments regarding the amount in controversy herein are made solely for purposes of removal and in no way should be construed as an admission or concession by Defendant with regard to the claims of liability or for damages asserted by Plaintiff.  To the contrary, Defendant denies all such claims and expressly reserve its right to respond to the Complaint and to assert all defenses available to them in this action.

18.     In this suit, Plaintiff may recover lost wages and benefits, other economic and non-economic losses suffered as a result of the termination of her employment, punitive damages, and attorney's fees[4].  *See* 40 P.S. § 1303.308(c) (stating that a healthcare worker who alleges retaliation under the MCARE Act shall have the remedies set forth in the Pennsylvania Whistleblower Law); 43 P.S. § 1425 (providing that back wages, actual damages, and attorney's fees are available remedies under the Pennsylvania Whistleblower Law); *Bailets v. Pennsylvania Tpk. Comm'n,* 181 A.3d 324, 335 (Pa. 2018) (holding that a plaintiff "may recover damages for non-economic losses such as humiliation, embarrassment, loss of reputation and mental anguish" under the Pennsylvania Whistleblower Law); *Woodson v. AMF Leisureland Ctrs., Inc.,* 842 F.2d 699, 703 (3d Cir. 1988) (holding that a plaintiff may recover punitive damages, in addition to lost wages and other tort damages, for wrongful discharge in violation of Pennsylvania public policy claims); *see also Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007) (holding that compensatory damages, punitive damages, and attorney's fees available to putative class must be considered when calculating amount in controversy).  .

19.     Since Plaintiff alleges she earned $150,000 annually and her employment terminated on January 29, 2021, her lost wages as of the date of the filing of this Notice of Removal (i.e., August 23, 2021) are approximately $83,653.85.  *See Complaint*, at ¶ 2, "WHEREFORE" clause following ¶ 115.  Consequently, Plaintiff's alleged lost wages to date, alone, exceed $75,000.

---

[4]     The Pittsburgh COVID-19 Paid Sick Leave Ordinance does not specifically provide available remedies for civil actions.  However, it does permit the Office of the City Controller (or other designated City agency) to award lost wages and benefits to a complainant who files a complaint with the City of Pittsburgh.  *See* Pittsburgh Code § 626.09(e).  Consequently, presuming that the law provides for a private right of action for the purposes of this analysis (which Defendant does not concede), Plaintiff, at a minimum, would be able to recover lost wages and benefits.

20.     In addition, Plaintiff's request for punitive damages, in and of itself, similarly shows that the amount in controversy exceeds $75,000.  Indeed, the Third Circuit has held that "a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) (finding that, since punitive damages were an available remedy under Pennsylvania law, plaintiffs' punitive damages alone satisfied the amount in controversy).

21.     Moreover, as noted above, Plaintiff may also recover and is seeking attorney's fees. *See Complaint*, at "Prayer for Relief" following ¶ 115; 40 P.S. § 1303.308(c) (stating that a healthcare worker who alleges retaliation under the MCARE Act shall have the remedies set forth in the Pennsylvania Whistleblower Law); 43 P.S. § 1425 (providing that back wages, actual damages, and attorney's fees are available remedies under the Pennsylvania Whistleblower Law).

22.     Where a Plaintiff does not allege a specific amount of attorney's fees sought, the Third Circuit has instructed that, for purposes of this analysis, courts may assume that such fees may amount to thirty percent (30%) of the judgment Plaintiff may receive.  *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

23.     Here, where Plaintiff alleged lost wages to date already exceed $75,000 and where Plaintiff may also recover other economic and non-economic losses suffered as a result of the termination of her employment and punitive damages, 30% of this potential judgment further shows that the amount in controversy well exceeds the $75,000 threshold.

24.     Accordingly, based on the face of the Complaint, the alleged amount in controversy for Plaintiff's claims exceeds $75,000, exclusive of interest and costs.  Therefore, the amount in controversy threshold established under 28 U.S.C. § 1332(a) is satisfied.

## PROCEDURAL REQUIREMENTS

25.     Venue is proper in the United States District Court for the Western District of Pennsylvania, Pittsburgh division because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 118(c); 28 U.S.C. § 1441(a).

26.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a copy of this Notice of Removal on Plaintiff's counsel and file a copy with the Clerk of Courts for the State Court.

27.     This removal is made without waiver of any defenses or affirmative defenses, including those provided under Fed. R. Civ. P. 12, or Defendant's right to move for dismissal, on substantive or procedural grounds, of any cause of action asserted in the Complaint.  Moreover, by removing this action, Defendant does not admit any of the allegations in the Complaint.  Indeed, Defendant expressly denies all claims of liability and damages asserted in the Complaint.

**WHEREFORE**, Defendant hereby removes this civil action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.  No further proceedings shall take place in the State Court.

Dated:  August 23, 2021                    Respectfully submitted,

                                           REED SMITH LLP

                                           */s/ Mariah H. McGrogan*
                                           Mariah H. McGrogan, Esq.
                                           PA ID No. 318488
                                           225 Fifth Avenue
                                           Pittsburgh, PA 15222
                                           Telephone: (412) 288-3131
                                           Facsimile: (412) 288-3063
                                           E-mail:     mmcgrogan@reedsmith.com

                                           *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 23, 2021, a copy of the foregoing *Notice of Removal* was served upon counsel for Plaintiff by email and by placing said copy in the United States mail, postage prepaid, addressed to:

Brian P. Benestad
HKM Employment Attorneys LLP
220 Grant Street, Suite 401
Pittsburgh, PA 15219
bbenestad@hkm.com


*/s/ Mariah H. McGrogan*
*Attorney for Defendant*