IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIERRA CANNON, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MELISSA ADAMSON, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, KIERRA CANNON, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action averring as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of various civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendant for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).

4. Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff is located in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Kierra Cannon, is an adult resident of Greene County, Pennsylvania.

6. Defendant, Melissa Adamson, ("Adamson"), is a United States Citizen. Plaintiff believes, and therefore avers, that Defendant Adamson is a resident of Greene County, Pennsylvania. At all times relevant to this Complaint, Defendant Adamson was a law enforcement officer employed by the Cumberland Township Police Department, located at 100 Municipal Road, Carmichaels, Pennsylvania 15320, purporting to act within the full scope of her authority and office, and under color of law and pursuant to the statues, ordinances, regulations, and customs and usages of the Cumberland Township Police Department.

7. The actions of Defendant Adamson described herein are part of an unlawful pattern and course of conduct intended to harm the Plaintiff. All of the acts described below were committed by Defendant Adamson with reckless disregard and/or deliberate indifference to the constitutional rights of the Plaintiff, and they were done under the color and pretense of the law. As a direct and proximate result thereof, Defendant violated the Plaintiff's constitutional rights, as described herein.

## FACTUAL ALLEGATIONS

8. Plaintiff is a resident of Rices Landing, Pennsylvania.

9. In or about June of 2018, Plaintiff was drugged and raped in her home by an adult male individual known to the Plaintiff.

10. In or about August of 2020, Plaintiff reported the rape, as well as the name of her rapist, to the Cumberland Township Police Department.

11. At that time, Chief Bryan Smith ("Smith") of the Cumberland Township Police Department assigned Defendant Adamson to investigate and/or prosecute the Plaintiff's case.

12.     Chief Smith assured the Plaintiff that Defendant Adamson had worked with sexual assault victims in the past and had effectively handled cases similar to that of the Plaintiff.

13.     Accordingly, Plaintiff then reported the rape, as well as the name of her rapist, directly to Defendant Adamson.

14.     Defendant Adamson failed to contact the Plaintiff for months after their initial meeting.

15.     In or about October of 2020, Plaintiff requested an update on the status of the investigation from Defendant Adamson.

16.     In response, Defendant Adamson informed the Plaintiff that Plaintiff's case was "out of [her] hands." Defendant Adamson also informed the Plaintiff that her case had been sent to the Office of the Attorney General.

17.     Thereafter, Plaintiff was not contacted by any investigator, including, but not limited to, Defendant Adamson or any agent associated with the Attorney General's office.

18.     In or about April of 2021, Plaintiff contacted the Greene County District Attorney's Office to inquire about the status of the investigation.  At that time, Plaintiff was told that there was no record of any report made by the Plaintiff.

19.     Plaintiff believes, and therefore avers, that Defendant Adamson failed to file the Plaintiff's report of rape, failed to properly investigate the Plaintiff's report and did not contact the Office of the Attorney General about the Plaintiff's case, despite telling the Plaintiff she had done so.

20.     Shortly thereafter, Detective Craig Miller ("Miller") of the Cumberland Township Police Department contacted the Plaintiff.  At that time, Plaintiff reported the rape, as well as the name of her rapist, to Detective Miller.

21. Plaintiff's case was then sent to the Office of the Attorney General by Detective Miller, approximately eight (8) months after she first reported the rape, as well as the name of her rapist, to Defendant Adamson.

22. Thereafter, Plaintiff received a text message from Chief Smith about the Plaintiff's case which stated that Defendant Adamson had "messed up."

23. Shortly thereafter, in or about April of 2021, Defendant Adamson left her position as a law enforcement officer with the Cumberland Township Police Department.

24. Plaintiff believes, and therefore avers, that Defendant Adamson was terminated by the Cumberland Township Police Department, in part due to her failure to properly investigate and/or failure to report Plaintiff's rape to the Office of the Attorney General.

25. Plaintiff's rapist is well known within the Plaintiff's small community.

26. Plaintiff believes, and therefore avers, that Defendant Adamson personally knows Plaintiff's rapist and/or members of his family.

27. Plaintiff further believes, and therefore avers, that Defendant Adamson has investigated similar sexual assault cases and has not failed to investigate and/or failed to report those cases to the appropriate authorities.

28. No rational basis exists for this difference in treatment.

29. As a direct and proximate result of Defendant Adamson's failure to properly investigate and/or failure to report Plaintiff's rape to the Office of the Attorney General, despite telling the Plaintiff that she had done so, Plaintiff's case was not investigated for approximately eight (8) months after she initially reported the rape.

30. As a direct and proximate result of the failures by Defendant Adamson, as more fully described hereinbefore above, Plaintiff suffered from extreme emotional distress, panic attacks, sleepless nights, loss of appetite, stomach and abdominal issues, and blackouts.

### COUNT I:

### PLAINTIFF v. DEFENDANT ADAMSON

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

### EQUAL PROTECTION – CLASS OF ONE

31. Plaintiff incorporates by reference Paragraphs 1 through 30 as though fully set forth a length herein.

32. As more fully described hereinbefore above, Defendant Adamson, in her capacity as a law enforcement officer, failed to investigate the Plaintiff's case and/or report the Plaintiff's rape to the Office of the Attorney General.

33. Defendant Adamson also falsely told the Plaintiff that she reported the Plaintiff's rape to the Office of the Attorney General.

34. Plaintiff believes, and therefore avers, that Defendant Adamson has properly investigated similar sexual assault cases and has not failed to report these cases to the appropriate entities.

35. No rational basis exists for this difference in treatment.

32. The actions of Defendant Adamson were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant Adamson to punitive damages.

33. As a direct and proximate result of Defendant Adamson's actions, Plaintiff has suffered the following injuries and damages:

    a.    violation of Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States to enjoy the equal protection of the laws;

    b.    emotional trauma and suffering; and

    c.    other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Adamson in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Adamson; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT ADAMSON

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

36.    Plaintiff incorporates by reference Paragraphs 1 through 35 as though fully set forth at length herein.

37.    As more fully described hereinbefore above, Defendant Adamson acted in an intentional and outrageous manner which inflicted emotional distress upon the Plaintiff.

38.    Defendant Adamson knew, or should have known, through the use of ordinary caution, that her conduct would result in emotional distress for the Plaintiff.

39.    The emotional distress of the Plaintiff, which resulted from Defendant Adamson's conduct, was foreseeable and certain.

40. As a direct and proximate result of Defendant Adamson's actions, as more fully described hereinbefore above, Plaintiff's case was not investigated for approximately eight (8) months after she initially reported the rape, causing the Plaintiff extreme emotional distress.

41. The actions of Defendant Adamson were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Adamson to punitive damages.

42. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Adamson, Plaintiff suffered the following injuries and damages:

    a. violation of Plaintiff's rights under Pennsylvania Common Law;

    b. emotional trauma and suffering; and

    c. other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Adamson in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Adamson; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        s/ Joel S. Sansone
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated:  September 29, 2021