IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REAGAN L. THOMAS and the ESTATE OF JOANN THOMAS, | ) ) ) |
| Plaintiff, | ) )   CIVIL ACTION NO. ) |
| v. | ) ) ) |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA  and VERIZON, | ) ) ) |
| Defendants. | |

### NOTICE OF REMOVAL

Defendant Verizon Pennsylvania LLC[1] (hereinafter referred to as "Verizon"), by its undersigned counsel, Duane Morris LLP, hereby removes this action to the United States District Court for the Western District of Pennsylvania from the Court of Common Pleas of Allegheny County, Pennsylvania, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  As grounds for removal, Verizon states as follows:

1. Verizon removes this case on the basis of federal jurisdiction, on the grounds that Plaintiff's Complaint seeks benefits under a group life insurance plan covered by and subject to the Employee Retirement Income Security Act of 1074, *as amended*, 29 U.S.C. §1001 *et seq*. ("ERISA").  Removal of this case is proper because the claims asserted in Plaintiff's Complaint involve rights and liabilities arising under and governed by federal law, more particularly, by

---

[1] Verizon Pennsylvania LLC is incorrectly named in the caption of the Complaint only as "Verizon," and in paragraph 4 of the Complaint is incorrectly named as "Verizon Pennsylvania, Inc."  Verizon Pennsylvania LLC was formerly known as "Verizon Pennsylvania Co."  Verizon Pennsylvania Inc. previously merged into Verizon Pennsylvania Co.

ERISA.  Plaintiff's claims therefore fall within the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

## BACKGROUND

2.	On September 2, 2021, Verizon's agent VSAT was served with a copy of an August 20, 2021 letter sent by counsel for Plaintiff to the Sheriff of Somerset County, New Jersey, along with a copy of a Complaint captioned <u>Reagan L. Thomas v Prudential Insurance Company of America and Verizon</u> in the Court of Common Pleas of Allegheny County, Pennsylvania.  Although the certificate of service attached to the Complaint states that copies were sent to the Allegheny County Courthouse and to the Court Administrator, Allegheny County Courthouse, Verizon's counsel has been informed that no docket number has been assigned to the Complaint.

3.	In accordance with 28 U.S.C. §1446(a), a copy of the Complaint served on VSAT as Verizon's agent by the Sheriff of Somerset County, New Jersey is attached hereto as Exhibit A.

4.	The Summons and Complaint attached hereto as Exhibit A constitutes all of the process, pleadings and orders served upon Defendant Verizon in this action.

5.	In her Complaint, Plaintiff alleges that she is the daughter of Joann Thomas, who died on November 2, 2018.  Complaint at ¶¶1 and 16.  Plaintiff's Complaint further alleges that at the time of her mother's death, Plaintiff was the designated beneficiary for Retiree Basic Life and Supplemental Life Insurance benefits under a life insurance policy issued by Verizon.  *Id*. at ¶¶10-14.  Finally, Plaintiff alleges in her Complaint that Defendants failed to pay benefits to her under the policy, Complaint at ¶17; and that Defendant Prudential, who she claims is the

"fiduciary responsible for determining payments under the Policy" (*id*. at ¶15), has *inter alia* failed to pay her claim under the policy without conducting a reasonable and prompt investigation. *Id*. at ¶18.

6. In Count I of her Complaint, Plaintiff asserts a claim under the Pennsylvania Declaratory Judgment Act, seeking a declaratory judgment that she is entitled to benefits under the policy. Plaintiff's Complaint also asserts a claim for breach of contract (Count II); a claim for bad faith insurance practices under 42 Pa. C.S.A. §8371 (Count III); and a claim for breach of the Covenant of Good Faith and Fair Dealing (Count IV).

7. The group life insurance plan and policy which is the subject of the claims set forth in Plaintiff's Complaint is an "employee welfare benefit plan" covered by ERISA.

## **GROUNDS FOR REMOVAL**

8. A civil action for which a district court has original jurisdiction founded upon a claim or right arising under the laws of the United States shall be removable without regard to citizenship or residence of the parties. *See* 28 U.S.C. §1441(b).

9. Removal of this case is proper because the claims asserted in Plaintiff's Complaint involve rights and liabilities arising under and governed by federal law, more particularly, by ERISA. These claims therefore fall within the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

10. While not explicit, the claims asserted in Plaintiff's Complaint clearly arise under an "employee benefit plan" governed by ERISA. As described herein in paragraph 5, the claims asserted against Verizon include claims which are cognizable under section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B). These claims therefore fall within the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e) and (f).

11. Removal is also proper under the doctrine of field preemption, regardless of whether claims are expressly brought under a federal statute: "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (holding that plaintiff's state law claims for compensatory damages were preempted by ERISA and properly removed under 28 U.S.C. §1441(b)).

12. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely as it is filed within thirty (30) days of Verizon's receipt of the initial pleading setting forth the claims for relief upon which this action is based.

13. Venue is proper in the United States District Court for the Western District of Pennsylvania because the Complaint was filed in the Court of Common Pleas of Allegheny County, Pennsylvania.

14. Pursuant to 28 U.S.C. §1446(d), Verizon will give prompt written notice of the filing of this Notice of Removal to Plaintiff, and will file a copy of this Notice of Removal with the Allegheny County Court of Common Pleas.

15. In her Complaint, in addition to naming Verizon as defendant, Plaintiff has named Prudential as a defendant. On September 24, 2021, Prudential's counsel accepted service of the Complaint. Pursuant to 28 U.S.C. §1446(d)(2), Verizon states that Prudential consents to the removal of this action, as evidenced by the written consent executed by counsel for Prudential attached hereto as Exhibit B.

16. By removing this matter to this Court, Verizon does not waive its right to assert any and all defenses and/or objections to the claims asserted in Plaintiff's Complaint.

WHEREFORE, Verizon respectfully requests that this action proceed in the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

Dated:  September 30, 2021

*/s/  James P. Hollihan*
James P. Hollihan
PA I.D. No. 33266
DUANE MORRIS LLP
600 Grant St., Suite 5010
Pittsburgh,  PA  15219
Tel. :  412.497.1040
Fax:   412.202.4508
jphollihan@duanemorris.com

Counsel for Defendant,
Verizon Pennsylvania Inc.

## **CERTIFICATE OF SERVICE**

I, James P. Hollihan Esquire, hereby certify that on this 30th day of September, 2021, a true and correct copy of the foregoing Notice of Removal was served by email and by first class mail, postage prepaid, on the following:

>Albert G. Reese, Jr., Esquire
>Law Office of Albert G. Reese, Jr.
>640 Rodi Road, Suite 2
>Pittsburgh, PA  15235

>   s/  James P. Hollihan
>James P. Hollihan