## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FEDERAL INSURANCE COMPANY, as subrogee of Oberg Industries, LLC, | : <br> : CIVIL ACTION No. <br> : <br> : |
| *Plaintiff*, | : **COMPLAINT** <br> : |
| v. | : <br> : |
| FINISHING INNOVATIONS, LLC, | : <br> : |
| *Defendant*. | : <br> : |

Plaintiff, Federal Insurance Company, as subrogee of Oberg Holding Company, LLC, by and through the undersigned counsel, hereby demands judgment against defendant Finishing Innovations, LLC.  In support thereof, Plaintiff avers as follows:

### PARTIES

1.      Plaintiff, Federal Insurance Company (Federal), as subrogee of Oberg Industries, LLC (Oberg), is an Indiana corporation having its principal place of business at 202B Hall's Mill Road, Whitehouse Station, New Jersey 08889.

2.      Defendant, Finishing Innovations, LLC (Finishing Innovations), is a Delaware limited liability company having its principal place of business at 2094 Tipton Road, Atoka, Tennessee 38004, and having its registered agent for service of process, Capitol Corporate Services, Inc., located at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

### JURISDICTION AND VENUE

3.      After reasonable investigation, Plaintiff is unable to determine the citizenship of each member of defendant Finishing Innovations, LLC.

4.      The membership of defendant Finishing Innovations, LLC is not available

through the Delaware Department of State and is not reasonably ascertainable by Plaintiff.

5.      Upon information and belief, the members of defendant Finishing Innovations, LLC are not citizens of Indiana or New Jersey.

6.      Accordingly, there is complete diversity of citizenship between the parties.

7.      The amount in controversy exceeds, exclusive of costs and interest, the sum set forth in 28 U.S.C. § 1332.

8.      Jurisdiction is therefore vested with this Court under 28 U.S.C. § 1332.

9.      Pursuant to 28 U.S.C. § 1391, venue is proper within the United States District Court for the Western District of Pennsylvania, as it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated.

## FACTS

10.      Oberg is in the business of, among other things, manufacturing orthopedic parts for knee transplants under contract to medical device manufacturers.

11.      For several years prior to March 16, 2021, Oberg subcontracted the coating and/or chrome plating of its orthopedic parts to Finishing Innovations.

12.      During the relationship between Oberg and Finishing Innovations, Oberg would ship its orthopedic parts from Oberg's facility in Sarver, Butler County, Pennsylvania, to Finishing Innovations in Atoka, Tennessee.

13.      Finishing Innovations would then coat Oberg's orthopedic parts and send the coated parts back to Oberg in Sarver.

14.      Oberg would then use the coated parts in satisfaction of its obligations to its clients/medical device manufacturers.

15.     On or about March 16, 2021, at about 1:30 A.M., approximately thirty-one orders of Oberg's orthopedic parts were at Finishing Innovations' facility when a fire broke out in the facility.

16.     Upon information and belief, the fire started in a Process Technology brand heater used to warm a bath of citric acid used by Finishing Innovations in the coating process.

17.     Upon information and belief, no one was present in the Finishing Innovations facility in the overnight hours when the fire started nor did Finishing Innovations intend that anyone be present.

18.     Upon information and belief, the Finishing Innovations facility where the fire started was not equipped with an automatic fire suppression system.

19.     Upon information and belief, prior to March 16, 2021 Finishing Innovations knew of the propensity of Process Technology brand heaters to malfunction but continued to utilize them anyway.

20.     The Oberg orthopedic parts which were situated at the Finishing Innovations facility were either destroyed by the fire, damaged by heat, or covered by acidic fumes.

21.     Intended for introduction into the human body, the aforesaid orthopedic parts present at the Finishing Innovations facility which were not actually destroyed were nonetheless rendered unusable.

22.     The work which Finishing Innovations was to do for Oberg was requested by Oberg pursuant to a series of purchase orders issued by Oberg to Finishing Innovations.

23.     Section 7.1 of the Supplier Quality Agreement between Oberg and Finishing Innovations effective January 30, 2014 provides that contracts between Oberg and Finishing Innovations will be in the form of purchase orders.  See Exhibit A attached, a true and correct

copy of the Supplier Quality Agreement.

24.     Each purchase order issued by Oberg for work to the damaged items in question

(the Purchase Orders) was addressed to Finishing Innovations, Inc., 2094 Tipton Road, Atoka,

TN 38004.  See, e.g., Exhibit B attached, a true and correct copy of Purchase Order number

S10002176.

25.     Each such Purchase Order incorporated by reference the aforesaid Supplier

Quality Agreement and Oberg's standard Terms and Conditions.  Exhibit B at 1 and 3, and at 3,

respectively.

26.     Section 19 of Oberg's standard Terms and Conditions provides as follows:

> General Indemnification. Seller shall defend, indemnify and hold
> harmless Buyer and Buyer's subsidiaries, affiliates, successors or
> assigns and their respective directors, officers, shareholders and
> employees and Buyer's customers (collectively, **Indemnitees"**)
> against any and all loss, injury, death, damage, liability, claim,
> deficiency, action, judgment, interest, award, penalty, fine, cost or
> expense, *including reasonable attorney and professional fees and
> costs*, and the cost of enforcing any right to indemnification
> hereunder and the cost of pursuing any insurance providers
> (collectively, "**Losses"**) arising out of or occurring in connection
> with the products purchased from Seller or Seller's negligence,
> willful misconduct or breach of the Terms. . . .

See Exhibit C attached, a true and correct copy of the standard Terms and Conditions.  (Bold

type in original; italics added.)

27.     Section 27 of Oberg's standard Terms and Conditions provides, *inter alia*, as

follows:

> (b) Seller shall, at its expense, perform all maintenance,
> repairs, and replacements necessary with respect to Buyer
> Furnished Property so that the same may remain suitable for the
> use contemplated hereby and may be returned to Buyer [Oberg] in
> as good condition as when received, except for reasonable wear
> and tear or consumption of materials necessarily resulting from
> their use.

\*       \*       \*

(d) Upon delivery to Seller, the risk of loss or damage to Buyer Furnished Property shall be upon Seller. Risk of loss or damage shall transfer to Buyer when such property is returned to Buyer.

(e) . . . Seller shall indemnify Buyer against any and all liability for damage to property or injury to or death of persons arising from or incidental to the presence or use of Buyer Furnished Property, whether such damage, injury, or death be caused by defects in such property, negligence in the use thereof, strict liability, or otherwise.

Exhibit C.

28.     The applicable Terms and Conditions define "Seller" as "the party to whom the purchase order is addressed."  Exhibit C, section 2.

29.     The applicable Terms and Conditions define "Buyer" as Oberg Industries, LLC. Id.

30.     At all material times, Plaintiff insured Oberg under a policy of insurance which included property insurance coverage (the Policy).

31.     In accordance with the terms of the Policy, Plaintiff issued payment to Oberg in the amount of $330,288 and is subrogated to Oberg's causes of action against Finishing Innovations to the extent of its payments.

32.     Oberg has also suffered the loss of its $10,000 deductible.

## COUNT I - BREACH OF CONTRACT

33.     Plaintiff incorporates paragraphs 1 through 32 above as if fully set forth at length herein.

34.     Oberg's Purchase Orders constituted enforceable contracts, entered into by Oberg and Finishing Innovations, constituting offer and acceptance, and supported by good and valuable consideration.

35.     The personal property which Oberg supplied to Finishing Innovations was either not returned to Oberg or was not returned to Oberg in as good condition as when Finishing Innovations received the property.

36.     Under the terms and conditions of the Purchase Orders, the risk of loss to the personal property which Oberg furnished to Finishing Innovations falls upon Finishing Innovations.

37.     Under the terms and conditions of the Purchase Orders Finishing Innovations is to indemnify Oberg against any and all liability for damage to arising from the personal property which Oberg furnished to Finishing Innovations.

38.     After the fire of March 16, 2021, Finishing Innovations did not return some of the property to Oberg and returned some of the property in a damaged and unusable condition.

39.     In breach of the terms of the Purchase Orders/contracts between Oberg and Finishing Innovations, Finishing Innovations has neither accepted liability for the damage to Oberg's personal property nor has Finishing Innovations indemnified Oberg.

40.     As a proximate cause of the aforesaid breaches, Oberg suffered damages.

41.     Finishing Innovations is accordingly liable to Oberg for damages for breaching its contracts with Oberg.

42.     As a proximate cause of the aforesaid breaches, Plaintiff has issued payment to Oberg under the terms of the Policy and is subrogated to Oberg's cause of action against Finishing Innovations for breach of contract to the extent of its payments.

**WHEREFORE**, Plaintiff, Federal Insurance Company, as subrogee of Oberg Industries, LLC, respectfully demands judgment in its favor and against Defendant, Finishing Innovations, LLC, in the amount of $330,288, in addition to reasonable attorney and professional fees and

costs, as well as whatever other relief the Court deems just and proper.

## COUNT II - BREACH OF IMPLIED CONTRACT OF BAILMENT
### (Pled in the alternative under F.R.C.P. 8(d))

43.     Plaintiff incorporates paragraphs 1 through 42 above as if fully set forth at length herein.

44.     On or about March 1, 2021 to March 15, 2021, Oberg delivered to Finishing Innovations items of personal property, namely, orthopedic parts, which Finishing Innovations took into its possession, custody and control.

45.     On or about March 16, 2021, the aforesaid orthopedic parts were either destroyed in the fire at Finishing Innovations' facility or, subsequent to March 16, were returned to Oberg in a damaged and unusable condition.

46.     The aforesaid damage occurred while the orthopedic parts were in the possession, custody and control of Finishing Innovations.

47.     Under the aforesaid circumstances, an implied contract of bailment arose between the parties, whereby the parties understood and agreed that Oberg's personal property would be returned to Oberg in at least as good a condition as when Finishing Innovations received the property.

48.     In breach of the implied contract of bailment between Oberg and Finishing Innovations, after the fire of March 16, 2021 Finishing Innovations did not return some of the property to Oberg and returned some of the property in a damaged and unusable condition.

49.     Finishing Innovations is accordingly liable to Oberg for damages for breaching the implied contract of bailment.

50.     As a direct result of the aforesaid damage, Plaintiff has issued payment to Oberg under the terms of the Policy and is subrogated to Oberg's cause of action against Finishing

Innovations for breach of the implied contract of bailment to the extent of its payments.

**WHEREFORE**, Plaintiff, Federal Insurance Company, as subrogee of Oberg Industries, LLC, respectfully demands judgment in its favor and against Defendant, Finishing Innovations, LLC, in the amount of $330,288, in addition to whatever other relief the Court deems just and proper.

## COUNT III - NEGLIGENCE

51.     Plaintiff incorporates paragraphs 1 through 50 above as if fully set forth at length herein.

52.     Finishing Innovations owed a duty to Oberg to properly care for Oberg's property which was in its possession, custody and control.

53.     Finishing Innovations breached its duty to Oberg by negligently failing to care for Oberg's personal property in one or more of the following ways:

      a.     utilizing a heater to warm a bath of citric acid at a time when no one was present and when Finishing Innovations did not intend anyone to be present;

      b.     utilizing a heater to warm a bath of citric acid in an unattended facility without having an automatic fire suppression system in place;

      c.     utilizing a type of heater which prior to March 16, 2021 Finishing Innovations knew had a propensity to malfunction.

54.     As a direct and proximate result of Finishing Innovations' breach of its duty to Oberg, Oberg suffered damages to its personal property.

55.     Finishing Innovations is accordingly liable to Oberg for damages for its negligence.

56.     As a direct result of the aforesaid damage, Plaintiff has issued payment to Oberg

under the terms of the Policy and is subrogated to Oberg's cause of action against Finishing Innovations for negligence to the extent of its payments.

      **WHEREFORE**, Plaintiff, Federal Insurance Company, as subrogee of Oberg Industries, LLC, respectfully demands judgment in its favor and against Defendant, Finishing Innovations, LLC, in the amount of $330,288, in addition to whatever other relief the Court deems just and proper.

                                **WHITE AND WILLIAMS, LLP**

                          By:  /s/ Robert M. Caplan
                                  Robert M. Caplan, Esquire
                                  1650 Market Street, Suite 1800
                                  Philadelphia, PA 19103
                                  Phone: (215) 864-7012
                                  caplanr@whiteandwilliams.com

                                  Attorneys for Plaintiff, Federal Insurance Company, as subrogee of Oberg Industries, LLC

Date: October 12, 2021