UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff**<br><br>vs.<br><br>**MATTHEW J DEHNER**<br>**CRYSTAL S WURSTER**<br><br>**Defendants** | **CIVIL NO.** |

## COMPLAINT

The United States of America, on behalf of its Agency, the Rural Housing Service, by its specially appointed counsel, James C. Warmbrodt of KML LAW GROUP, P.C., represents as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2. The last-known address of the Defendants, Matthew J Dehner and Crystal S Wurster ("Defendants") is 28327 Route 66, Lucinda, PA 16235.

3. On or about September 12, 2008, at the special instance and request of Matthew J Dehner and Crystal S Wurster, the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, ("Plaintiff"), loaned to the Defendants the sum of $73,635.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

4. As evidence of the indebtedness, Defendants have executed and delivered to the Plaintiff, a Promissory Note dated September 12, 2008 in the amount of $73,635.00. A true and correct copy of the Note is attached and incorporated as Exhibit "A" ("Note").

5. Defendants, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about September 12, 2008, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on September 12, 2008 with the Office of the Recorder of Deeds, Clarion County, Pennsylvania, in Book 0770 Page 0234. A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "B" ("Mortgage").

6. Plaintiff is the owner and holder of the Note and Mortgage and they have not been assigned.

7. The property secured by the Mortgage is known as 28327 Route 66 Lucinda, PA 16235 and is more fully described in the legal description attached and incorporated as Exhibit "C" ("Property"). The property subject to foreclosure is within the jurisdiction of this Court.

8. The Note and Mortgage are in default as Defendants have failed or refused to comply with the provisions of the Note and Mortgage, as follows: (a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property.

9. Due to the breaches of the provisions and conditions of the Note and Mortgage, the Plaintiff elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable.

10. The amounts due and owing to Plaintiff on the Note and Mortgage are as follows:

| | |
|---|---:|
| PRINCIPAL BALANCE | $70,728.41 |
| Interest from 05/12/2018 to 07/22/2021 at 5.7500% | $13,002.90 |
| Interest Recapture | $940.20 |
| Late Charges | $57.75 |
| | $84,729.26 |
| Escrow/Impound Required | + $346.32 |
| Fees Required with Payoff Funds | + $338.35 |
| Fees Currently Assessed | + $5,537.35 |
| | $90,951.28 |

11. Notice of Intention to Foreclose pursuant to Act 6 of 1974, Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91 of 1983 (as amended in 2008), and/or Notice of Intention to Foreclosure as required by the terms of the Mortgage, as applicable, have been sent to the Defendant(s). Copies of the notice(s), redacted to remove confidential account information, are attached hereto as Exhibit "D" and made a part hereof.

12. No other action has been brought at law or in equity to enforce the provisions of the Note and Mortgage, and that all conditions precedent to the bringing of the action have been performed or have occurred. Plaintiff has complied with the requirements of 7 C.F.R. 3550.207.

**WHEREFORE**, the Plaintiff demands judgment as follows:

Defendants and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and

equity of redemption in the mortgaged premises; the Property may be decreed to be sold according to law; the monies arising from the sale be brought into Court; Plaintiff be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of the sale so far as the amount of such money applicable thereto will pay the same;  the Plaintiff shall have such other and further relief, or both, in the property as shall be just and equitable.

    United States of America by and through
    its specially assigned counsel
    KML Law Group, P.C.

    By:/s/Rebecca A. Solarz, Esq.
    Rebecca A. Solarz, Esquire
    BNY Independence Center
    701 Market Street
    Suite 5000
    Philadelphia, PA 19106-1532
    (215)627-1322
    RSolarz@kmllawgroup.com

UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | CIVIL NO. |
| vs. | |
| Matthew J Dehner<br>Crystal S Wurster | |
| **Defendants** | |

# **EXHIBITS**

"A"   NOTE
"B"   MORTGAGE
"C"   PROPERTY
"D"   NOTICE OF INTENTION TO FORECLOSE and/or NOTICE OF HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA