# EXHIBIT A

## Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

**Run Date and Time: 10/14/2021 - 15:8:6**

---

GD-21-010100

Hooks etal vs Great American Welding Company etal

**Filing Date:**
8/25/2021

**Related Cases:**

**Consolidated Cases:**

**Judge:**
No Judge

**Amount In Dispute:**
$ 0

**Case Type:**
Employment Dispute - Other

**Court Type:**
General Docket

**Current Status:**
Acceptance of Service

**Jury Requested:**
Y

---

**--Parties--**

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Hooks | George | | Plaintiff | | -- | Christine T Elzer |
| Dowe | Jerome | | Plaintiff | | -- | Christine T Elzer |
| Riley Power Group LLC | | | Defendant | | -- | Lynn Ernest Roberts |
| Great American Welding Company LLC | | | Defendant | | -- | Lynn Ernest Roberts |

**--Attorney--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Elzer | Christine | T | Plaintiff's Attorney | Elzer Law Firm LLC 100 First Avenue Suite 1010 Pittsburgh PA 15222 | 4122308436 |
| Roberts | Lynn | Ernest | Defendant's Attorney | Mincey & Fitzpatrick LLC 1500 John F Kennedy Blvd Ste 1 Philadelphia PA 19102 | 2155870006 |

**--Non Litigants--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| | | | | | |
| No Litigants Found | | | | | |

| | | --Docket Entries-- | |
|---|---|---|---|
| **Filing Date** | **Docket Type** | **Docket Text** | **Filing Party** |
| 9/17/2021 | Acceptance of Service | accept service of the Civil Class Action Complaint on behalf of Defendants, Great American Welding Company, LLC and Riley Power Group, LLC, | Lynn Roberts Ernest |
| 9/17/2021 | Praecipe for Appearance | GREAT AMERICAN WELDING COMPANY, LLC and RILEY POWER GROUP, LLC | Lynn Roberts Ernest |
| 8/25/2021 | Complaint | | George Hooks |

| | --Judgments Against-- | |
|---|---|---|
| **Name** | **Amount** | **Satisfied(Y,N)** |
| | No Judgments Found | |

| | --Events Schedule-- | |
|---|---|---|
| **Event Scheduled** | **Event Date & Time** | **Room Number** | **Judge/Hearing Officer** |
| | No Information Found | | |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

GEORGE HOOKS and JEROME
DOWE, on behalf of themselves
and all others similarly-situated,

        Plaintiffs,

v.

GREAT AMERICAN WELDING
COMPANY, LLC and RILEY
POWER GROUP, LLC,

        Defendants.

CIVIL DIVISION

No.

**CIVIL CLASS ACTION COMPLAINT**

Filed on behalf of Plaintiffs

Counsel of Record:

Christine T. Elzer
Pa. I.D. No. 208157
Mark A. Johnson
Pa. I.D. No. 308296
Elzer Law Firm, LLC
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
Telephone: (412) 230-8436
Fax: (412) 206-0855
Email: celzer@elzerlaw.com
      mjohnson@elzerlaw.com

Pamina R. Ewing
Pa. I.D. No. 59244
Ruairi McDonnell
Pa. I.D. No. 316998
Feinstein Doyle Payne & Kravec, LLC
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Fax: (412) 281-1007
Email: pewing@fdpklaw.com
      rmcdonnell@fdpklaw.com

**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| GEORGE HOOKS and JEROME DOWE, on behalf of themselves and all others similarly-situated, | CIVIL DIVISION<br><br>No. |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| GREAT AMERICAN WELDING COMPANY, LLC and RILEY POWER GROUP, LLC, | |
| Defendants. | |

## <u>NOTICE TO DEFEND</u>

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE, The Allegheny County Bar Association
11th Floor Koppers Building, 436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

GEORGE HOOKS and JEROME
DOWE, on behalf of themselves
and all others similarly-situated,

          Plaintiffs,

    v.

GREAT AMERICAN WELDING
COMPANY, LLC and RILEY
POWER GROUP, LLC,

          Defendants.

CIVIL DIVISION

No.

JURY TRIAL DEMANDED

**<u>CIVIL CLASS ACTION COMPLAINT</u>**

Plaintiffs, George Hooks and Jerome Dowe, on behalf of themselves and all others similarly-situated, by undersigned counsel, file this Civil Class Action Complaint against Defendants Great American Welding Company, LLC and Riley Power Group, LLC.  Defendants failed to compensate Plaintiffs and other class member employees and former employees ("Class Members") for the time that Defendants mandated they spend waiting for and riding shuttle buses and donning and doffing personal protective equipment.  Class Members were not allowed to use their own means of transportation to reach the worksite, and had no control over the shuttles.

Plaintiffs state as follows in support of their claims:

**I. Parties**

1.    Plaintiff, George Hooks, is an adult individual who is a citizen of Goose Creek, South Carolina.

2.    Plaintiff Hooks was a W-2 employee of Defendant Great American Welding Company, LLC ("GAWCO") from on or about July 22, 2019 to October 23, 2019.

3.    During the time that Plaintiff Hooks worked for Defendant GAWCO, he resided in

1

Robinson Township, Allegheny County, Pennsylvania.

4.     Plaintiff, Jerome Dowe, is an adult individual who is a citizen of Lincoln, Nebraska.

5.     Plaintiff Dowe was a W-2 employee of GAWCO from on or about July 7, 2019 to September 30, 2019, and again from on or about November 6, 2019 to February 21, 2020.

6.     During the time that Plaintiff Dowe worked for Defendant GAWCO, he resided in a hotel in Robinson Township, Allegheny County, Pennsylvania.

7.     Defendant GAWCO is a limited liability company with a principal place of business located in Pinehurst, North Carolina.

8.     Defendant, Riley Power Group, LLC ("Riley Power"), refers to itself publicly as a "sister company" of GAWCO, and refers to GAWCO as the "union arm" of Riley Power.

9.     Riley Power exercised substantial control over Class Members' wages, hours, and employment.

10.     GAWCO employees were provided Riley Power employee handbooks, and were expected to follow Riley Power rules and regulations.

11.     Riley Power Group had the ability to hire and fire Class Members, and indeed did terminate Plaintiff Hooks' employment.

12.     GAWCO and Riley Power are both limited liability companies whose sole member is RPG Co, LLC, another North Carolina limited liability company. All three companies maintain the same principal place of business, located at 100 Magnolia Road, Suite 2207, Pinehurst, North Carolina, 28374.

13.     Riley Power constituted a joint employer with GAWCO of Plaintiffs and Class Members, and/or acted as an agent of GAWCO at all times relevant hereto.

14.     As used herein, the "Class" and "Class Members" constitute all hourly employees

of GAWCO and/or Riley Power for a period beginning three years prior to the filing of this Complaint and continuing to the time Defendants stopped employing employees at the pertinent worksite ("Job Site") in or around 2020, who were required to wait for and ride shuttle buses to and from the Job Site, and who were not paid for their time in doing so.  Plaintiffs do not seek relief in connection with any claims made against Great Arrow Builders.

## II. Factual Background

15.　　Plaintiffs and Class Members worked as hourly employees for Defendants in Monaca, Pennsylvania on a worksite managed by Shell Chemical Appalachia, LLC, Bechtel Corporation, and Pennsylvania Chemicals ("the Job Site").

16.　　Plaintiffs and Class Members worked in non-exempt hourly positions, and were paid overtime wages at 1.5 times their regular hourly rate for some of the hours they worked.

17.　　At the start of Plaintiffs' and Class Members' employment, Defendants agreed to pay them "straight time" for hours under 40 hours, and overtime for any additional hours, for all hours worked.  See Exhibits 1 and 2.

18.　　Defendants did not provide sufficient parking spaces for Plaintiffs and Class Members to park at or near the Job Site, and specifically prohibited Plaintiffs and Class Members from parking at or near the Job Site.

19.　　On or around Plaintiffs' and Class Members' first day of work, they were assigned to specific offsite parking lots to park their cars, which were designated by color.  There was also one offsite lot where Class Members not parking cars could be dropped off and picked up, the "white" lot.

20.　　Plaintiffs and the majority of other Class Members were assigned to the "orange lot" located at 801 Flaugherty Road, Coraopolis, Allegheny County, Pennsylvania.

3

21.     After parking their cars or being dropped off, Plaintiffs and Class Members were required to take a shuttle bus to transport them to the Job Site.

22.     At the start of the workday, Plaintiffs and Class Members were required to wait in line for shuttle buses, and then to board the shuttle buses on a "first come, first served" basis.

23.     Plaintiffs and Class Members were sometimes required to wait in line for more than one hour before boarding shuttle buses near the start of the workday.

24.     Plaintiffs and Class Members then were required to ride the shuttle bus for approximately 20 to 60 minutes near the start of the workday.

25.     Thereafter, Plaintiffs and Class Members were required to don personal protective equipment (PPE), and to stand in line, which took approximately 10 to 25 minutes, before clocking in.

26.     Near the end of the workday, Plaintiffs and Class Members were required to clock out before doffing PPE, waiting for the shuttle bus, and riding the shuttle bus back to their assigned parking lots.

27.     This end of workday process took up to 45 minutes.

28.     Plaintiffs and Class Members were compensated only for the time that they were clocked in.

29.     Plaintiffs and the majority of other Class Members who parked at the "orange lot" started and ended their workdays in Allegheny County. They were not compensated for any of the time they expended in Allegheny County waiting for the mandatory shuttle at the beginning of the workday or for any of the time they expended being transported on the mandatory shuttle while in Allegheny County at both the beginning and the end of the workday.

30.     Defendants recruited employees, including but not limited to Plaintiffs, from other states to move temporarily to Pennsylvania to work on the Job Site.

31.     No public transportation existed to transport Plaintiffs and Class Members to and from the Job Site.

32.     As such, Defendants knew that the vast majority of their employees would not have any means of transportation to and from work, other than to drive themselves to their assigned parking lots, and thereafter waiting for and riding the mandatory shuttle buses.

33.     Moreover, even those few employees, if any, who could somehow circumvent the parking lots by having someone drop them off and pick them up were required to take a shuttle from the "white lot" to the Job Site, and then take a return shuttle back to this area.

34.     As such, waiting for and riding a shuttle bus to and from the Job Site was a daily requirement of Plaintiffs' and all other Class Members' jobs.

35.     As alleged, Plaintiffs and Class Members were not paid for the time they were required to spend waiting for the shuttle bus; on the shuttle bus; or for any other time they were obliged to expend on mandatory work duties such as donning personal protective equipment ("PPE") until they were permitted to clock in.  Nor were they paid for the time after they clocked out that they spent waiting for a shuttle bus, on the shuttle bus, or doffing PPE.

36.     Plaintiffs and Class Members were not informed that they would not be paid for the time they were required to spend waiting for and riding the shuttle bus; donning and doffing PPE; or waiting in line to clock in.

37.     It was only when they received their first paychecks that Class Members may have come to realize that they were not being compensated for the above time.

5

38.     Plaintiffs and Class Members never agreed not to be compensated for the time they were required to spend waiting for and riding the shuttle bus; donning and doffing PPE; or waiting in line to clock in.

39.     Most or all Class Members in most or all pertinent work weeks worked for at least forty compensated hours.

40.     Plaintiffs Hooks and Dowe worked at least forty compensated hours in virtually every work week.

41.     As such, most if not all of the uncompensated time that Plaintiffs and Class Members were required to spend waiting for and riding the shuttle buses, donning and doffing PPE, and waiting to clock in or out is compensable at a rate of 1.5 times their regular hourly rate.

42.     Upon information and belief, Defendants did not track the amount of time that Plaintiffs and Class Members were required to spend waiting for and riding shuttle buses, donning and doffing PPE, or waiting in line to clock in.

43.     Plaintiff Hooks and other Class Members complained repeatedly about Defendants' failure to pay them wages for the time they were required to spend waiting for and riding the shuttle bus.

44.     Defendants took no action to correct their failure to pay Plaintiffs and Class Members for the time they were required to spend waiting for and riding the shuttle bus.

45.     Instead, Defendants fired Plaintiff Hooks and two coworkers who complained about the failure to pay wages due to them.

46.     Defendants explicitly prohibited employees from discussing compensation with anyone other than management. At the start of employees' employment, they stated in writing, "It is against GAWCO company policy to discuss compensation with anyone other except RPG-

GAWCO management team. If asked, the correct response to compensation inquiries is, 'It is against GAWCO company policy to discuss compensation.'"

### III. Class Allegations

47.   Common questions of fact exist, such as whether:

    a.   Plaintiffs and all Class Members worked on the same Job Site;

    b.   Plaintiffs and all Class Members were required to wait for and ride a shuttle bus to and from the Job Site;

    c.   Plaintiffs and all Class Members were not paid for the time spent waiting for and riding the shuttle bus to and from the Job Site;

    d.   Plaintiffs and all Class Members were not paid for donning and doffing PPE; and

    e.   Plaintiffs and all Class members were not paid for standing in line waiting to clock in.

48.   Common questions of law exist, including whether:

    a.   the time spent waiting for and riding the shuttle bus; donning and doffing PPE; and waiting in line to clock in constitutes "hours worked" under the Pennsylvania Minimum Wage Act;

    b.   Defendants agreed to pay wages for said hours worked under the Pennsylvania Wage Payment and Collection Law; and

    c.   Defendants were unjustly enriched by Plaintiffs' uncompensated time.

49.   The class is so numerous that joinder of all members is impracticable.

50.   The Class is readily identifiable by Defendants based on their employment and payroll records.

51.     The claims and defenses applicable to Plaintiffs' claims are typical of the claims and defenses of the Class because Plaintiffs and Class Members were subjected by Defendants to the same requirements and payment practices with respect to waiting for and riding shuttle buses and donning and doffing PPE.  Plaintiffs and Class members have sustained similar damages and bring claims arising from the same factual background.

52.     Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.  Plaintiffs will vigorously pursue Class Members' claims and have and/or can acquire the financial resources to litigate this class action.  Plaintiffs' interests are coincident with those of the Class, and Plaintiffs have no conflicts with other Class Members.

53.     A class action provides a fair and efficient method for adjudicating this controversy, because:

    a.   Common questions of law and fact predominate over any question affecting only individual members;

    b.   The size of the class is not likely to result in significant difficulty in managing the class action;

    c.   The prosecution of separate actions would create the risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

    d.   No litigation as to this claim has already been commenced by members of the class;

    e.   This forum is appropriate for litigation of the claims of the entire class, given that, inter alia, Plaintiffs as well as a majority of Class Members started and

ended their workday in Allegheny County and were not compensated for substantial time they were required to expend in Allegheny County;

f.   In light of the complexities of the issues and the expenses of litigating the issues raised in this case, the separate claims of individual class members are insufficient in amount to support separate actions;

g.   The amount which may be recovered by individual class members will not be so small in relation to the expense and effort of administering the action as not to justify a class action.

## COUNT I
## PENNSYLVANIA MININUM WAGE ACT

54.   Plaintiffs incorporate the allegations of Paragraphs 1 through 53 as if fully restated.

55.   GAWCO was an employer of Plaintiffs and Class Members within the meaning of the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. § 333.103.

56.   Riley Power acted directly or indirectly in the interest of GAWCO with respect to Plaintiffs and Class Members, including as it related to policies and procedures regarding the payment of wages.

57.   As such, Riley Power is an employer within the meaning of the PMWA.

58.   The time Plaintiffs and Class Members were required to spend waiting for and riding on shuttle buses; donning and doffing PPE; and otherwise waiting to clock in constitutes "hours worked" within the meaning of the PMWA, 43 Pa. Stat. § 333.104 and 34 Pa. Code § 231.1.

59.   Defendants failed to pay Plaintiffs and Class Members for all hours worked in excess of forty hours in a given workweek at a rate of at least 1.5 times their regular rate, in violation of the PMWA, 43 Pa. Stat. § 333.104(c).

60.     As a direct and proximate result of Defendants' failure to pay Plaintiffs and Class Members wages, including overtime wages, for hours worked, Plaintiffs and Class Members have suffered damages, including but not limited to lost wages and lost social security benefits, Medicare benefits, and pension contributions.

WHEREFORE, Plaintiffs respectfully request judgment in his favor and on behalf of Class Members in an amount exceeding $35,000, and the following relief:

a.   The full amount of all wages that Defendants failed to pay Plaintiffs and Class Members for all hours worked, including at a rate of 1.5 times their regular rate for overtime hours as appropriate;

b.   The full amount of all associated lost pension, social security, and Medicare contributions, as well as the full amount of any other lost benefits;

c.   Prejudgment interest;

d.   Reasonable attorneys' fees and costs; and

e.   Such other relief as this Court may deem just and proper.

## COUNT II
## WAGE PAYMENT AND COLLECTION LAW

61.     Plaintiffs incorporate the allegations of Paragraphs 1 through 60 as if fully restated.

62.     Defendants agreed to pay Plaintiffs and Class Members their regular rate for all hours worked under 40 hours, and further agreed to pay them overtime wages for hours in excess of 40 hours in any given week.

63.     Defendant GAWCO is an "employer" within the meaning of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. § 260.2a, because it employed Plaintiffs and Class Members within the Commonwealth of Pennsylvania.

64.     Defendant Riley Power Group acted as an agent of GAWCO and therefore was an employer within the meaning of the WPCL.

65.     Pursuant to the WPCL, 43 Pa. Stat. § 260.3(a), Defendants were required to pay Plaintiffs wages for all hours worked by each regular pay day.

66.     However, Defendants refused to compensate Plaintiffs and Class Members for all hours worked, at their regular rate for hours under 40, and/or their overtime rate for hours over 40.

67.     Defendants' failure to pay Plaintiffs and Class Members all wages due and owing is a violation of 43 Pa. Stat. §260.3(a).

68.     More than 30 days have passed since Plaintiffs and Class Members' regularly scheduled pay days.

69.     Defendants' failure to pay Plaintiffs and Class Members for all hours worked is not based on a good faith dispute as to their entitlement to wages.

70.     Therefore, pursuant to 43 Pa. Stat. § 260.10, Plaintiffs and Class Members are also entitled to liquidated damages as permitted by 43 Pa. Stat. § 260.10.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding $35,000 and

a.   The full amount of all wages that Defendants failed to pay Plaintiffs and Class Members for all hours worked, including at a rate of 1.5 times their regular rate for overtime hours;

b.   The full amount of all lost pension and social security, and Medicare contributions;

c.   Prejudgment interest;

d.   Liquidated damages pursuant to 43 Pa. Stat. § 260.10;

e.   Reasonable attorneys' fees and costs;

f.   Such other relief as this Court may deem just and proper.

11

**COUNT III**
**UNJUST ENRICHMENT**
**(Pleaded in the Alternative to Count II)**

71.     Plaintiffs incorporate the allegations of Paragraphs 1 through 70 as if fully restated.

72.     By spending time waiting for and riding on the shuttle bus; donning and doffing PPE; and waiting in line, Plaintiffs and Class Members conferred a benefit on Defendants.

73.     Defendants appreciated the benefit conferred upon them by Plaintiffs and Class Members.

74.     Defendants accepted and retained the benefits conferred upon them by Plaintiffs and Class Members in a manner that would make it inequitable to retain the benefit of Plaintiffs' and Class Members' time without compensating them.

75.     As such, to the extent that Defendants are not liable under the WPCL for any reason, Defendants were unjustly enriched by Plaintiffs' time.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount exceeding $35,000 and

a.   The full amount of all wages that Defendants failed to pay Plaintiffs and Class Members for all hours worked, including at a rate of 1.5 times their regular rate for overtime hours;

b.   The full amount of all lost pension and social security, and Medicare contributions;

c.   Prejudgment interest;

d.   Reasonable attorneys' fees and costs; and

e.   Such other relief as this Court may deem just and proper.

Respectfully submitted,

ELZER LAW FIRM, LLC

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157
Mark A. Johnson
Pa. I.D. No. 308296
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436
(412) 206-0855
celzer@elzerlaw.com
mjohnson@elzerlaw.com

FEINSTEIN DOYLE PAYNE
 & KRAVEC, LLC

Pamina R. Ewing (PA No. 59244)
Ruairi McDonnell (PA No. 316998)
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone:  412-281-8400
Fax:  412-281-1007
Email: pewing@fpdklaw.com
         rmcdonnell@fdpklaw.com

Attorneys for Plaintiffs
and the proposed Class

## VERIFICATION

I verify that the averments of fact made in the foregoing Complaint are true and correct to the best of my knowledge, information or belief. I understand that averments of fact in said document are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

George Hooks

8-23-2021

Date

## **VERIFICATION**

I verify that the averments of fact made in the foregoing Complaint are true and correct to the best of my knowledge, information or belief. I understand that averments of fact in said document are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

 /s/ Jerome Dowe_____
Jerome Dowe

  8/24/2021_____
Date

**4.3(a)(19)** Employees entering into a telecommuting agreement may be required to forfeit use of a personal office or workstation in favor of a shared arrangement to maximize Company office space needs

**4.3(a)(20)** In certain limited circumstances, the Company may contract with an office space provider to meet the needs of employees who wish to telecommute but who do not have appropriate home office space, or for groups of employees whose proximity to the Company and to each other makes such an arrangement feasible

**4.3(a)(21)** The availability of telecommuting as a flexible work arrangement for employees can be discontinued at any time at the discretion of the Company  Every effort will be made to provide 30 days' notice of such a change to accommodate commuting, child care, and other problems that may arise from such a change  There may be instances, however, where no notice is possible

### 4.4   RECORDING TIME WORKED

All of RPG's "non-exempt" (i e  hourly) employees should accurately report the time they spend at work  Company policy requires that all "non-exempt" employees are paid for the hours worked–i e  "work time "  Under no circumstances should a "nonexempt" employee ever "clock out" and continue to work off the clock  In no instance should a "non-exempt" employee clock another employee in or out or allow another employee to do so for them  **Failing to properly report your own or another employee's time worked is a falsification of a Company record and can result in immediate termination**

Work time is defined as any time during a "non-exempt" employee's shift except for meal breaks and the time immediately prior to the beginning of your scheduled shift or workday  **All overtime must be pre-approved by Management.  Any violation of this policy, including clocking in or out improperly, may result in corrective action, up to and including termination of employment.**

### 4.5   OVERTIME

Advance notice of the need for "non-exempt" employees to work overtime will be given whenever possible  However, overtime emergencies occasionally arise  Your Supervisor may ask you to extend your normal workday or, when necessary, work on a day when you are otherwise off  You are expected to comply with such requests when possible  You will be compensated for the time in accordance with the following provisions, unless otherwise required by law:

1   All hours worked under 40 hours per week are paid at your regularly hourly rate of pay
2   Hours worked in excess of 40 per week are paid at the rate of 1 $\frac{1}{2}$ times your regular hourly rate of pay

3   Paid time off, personal days and any other time not actually worked will not count as time worked for purposes of calculating any overtime (1 $\frac{1}{2}$ times regular hourly rate) pay due to you

**All overtime must be pre-approved by your Supervisor and General Manager Melanie Riley (phone:** ███████ **email:** ███████████████ **)**

### 4.6   PERSONAL BELONGINGS

The Company encourages you to use good judgment and safeguard your valuables, including small electronics, personal effects or cash, either by not leaving them at its facility or storing them appropriately  RPG is not responsible or liable for your lost or damaged personal property

### 4.7   INSPECTION OF COMPANY AND PERSONAL PROPERTY

To protect RPG and its employees from property theft and to enforce our policies prohibiting other misconduct (including the possession or use of drugs, alcohol, weapons and stolen property), the Company reserves the right to search you and your personal property (e g  clothing, packages, purses, briefcases, lunch boxes or other containers brought onto Company premises), unless prohibited by law

As permitted by law, search of Company facilities and property may be conducted at any time without prior warning if (for example) there is reason to believe that a policy is being violated  Facilities and property include, but are not limited to, desks, files, file cabinets, computers, office equipment, closets, lockers, and any Company property in your possession

### 4.8   PERSONAL INFORMATION

Your personal information, such as address, emergency contact individual, telephone number and tax withholding information, must be kept accurate and up-to-date for emergency purposes, as well as for the Company's compensation, payroll and benefits programs  Please report any changes to your Supervisor as soon as possible  The Company will not release personal data to those outside the Company or to outside agencies without your specific authorization, except as required by law

The Company may publish your name, address and home/ cellular telephone number(s) for internal use by authorized individuals  This information is used to contact you for significant Company business and in times of emergency  This information will not be used by the Company for any other purpose, such as general announcements or personal solicitation of any kind

### 4.9   PERSONNEL RECORDS

To ensure your success as a member of our Team, we maintain a personnel file for you in which all pertinent information relating to your employment is recorded  Personnel records are the property of the Company and are kept confidential  In accordance with applicable law, records pertaining to your medical or health condition will be separately maintained  Employees will be granted access to and copies of personnel files to the extent required and in accordance with applicable law





**EXHIBIT 1**

# GAWCO

### Great American Welding Co.

Shirt Size **2xl**
Hat Size **SM/MED** ☐
**LG/XL** ☑

## TERMS OF EMPLOYMENT

| Full Name (include middle initial): GEORGE A HOOKS | | | |
|---|---|---|---|
| Address: | Goose creek SC 29445 | Offer Date: July 2, 2019 | |
| Email Address: | LOCAL and UA#: 619 | SSN: | |
| | | DOB: | Gender: M ☑ F |
| Job Location: Pennsylvania Chemicals 300 Frankfort Rd, Monaca PA 15061 | | | |
| Name: GAWCO-Great Arrow Builders-PA Chemicals | | | |
| Job Title: Pipe Fitter | | Start Date: | |
| On-Site Job Supervisors: GAB: Mickey White | | GAWCO Home Office: 910-420-6999 ext 2 | |
| GAWCO: Robert Parker (Superintendent) | | | |
| Rate of Pay ST: $45.50/hour | OT: $68.25hour | DT: $91.00/hour | |
| Per Diem: $125 x 7 days | | Terms of Per Diem: Residence >100 miles from jobsite, 2 proofs of residence and local hotel receipt | |
| Local 449 Package: See page 3 for fringes and deductions; also listed on website: https://www.ua449.com | | | |
| Travel Pay IN/OUT: $450/IN $450/OUT Loaded on Comdata Card. | | Terms of Travel: Travel IN/OUT paid at ROF for short term jobs. For long term jobs, Travel IN is paid at 3 months; travel Out at ROF, with 2 proofs of residence +local receipt. | |
| Report Time and Location: 8am (Mon-Fri) or 7am (Sat) at Local 449 Steamfitters Union Hall: 1517 Woodruff St, Pittsburgh, PA 15220. Business Agent is Mark Rovnan: 412-381-1133. Please bring your Union card or Good Guy letter, and all IDs proving your US Citizenship (DL and Birth Certificate OR Current US passport ) | | | |

*Note: Terms of employment are subject to change*

Failure to return a signed copy of employment letter within 48 hours of receipt could result in cancellation of your position. In addition, Per Diem will not be paid if a completed and signed copy of the Per Diem Certification is not completed online at Paycomonline.com prior to the start of your assignment.

You are hereby notified of the terms for your temporary employment:

**Straight Time/Overtime:** Work hours will vary with overtime possible based on requirements of the project schedule. All overtime must be approved by supervision. ST is the first 40 hours worked. Overtime is paid at time and one-half and is all hours worked after 40 except Sundays and Holidays. All hours Sundays and Holidays are paid at Double Time rate. Project agreement will supercede if different from above. For employees who are assigned to night shift, there is a $2.00 pay differential. It is against GAWCO company policy to discuss compensation with anyone except RPG-GAWCO management team. If asked, the correct response to compensation inquiries is, "It is against GAWCO Company Policy to discuss compensation."

**Per Diem:** Per Diem is subject to each client requirements. Per Diem is contingent upon meeting ALL eligibility requirements and will not be paid without a signed copy of the Per Diem Certification and appropriate documentation.

**Travel Pay:** Travel IN/OUT for short term jobs (< 3 months) will be paid at conclusion of project if employee receives a ROF. For long term jobs (>3 months) Travel IN will be paid at 3 months and Travel OUT will be paid when the employee receives a ROF.

**PPE:** You are required to wear clothing appropriate for the work at the assigned location. All employees must wear safety boots that are above the ankle with defined heel, with protective toe-caps, and non-perforating midsoles. Long sleeves and full length pants are also required.

**EXHIBIT 2**

# EXHIBIT B

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

COVER SHEET

| Plaintiff(s) | CIVIL DIVISION |
|---|---|
| GEORGE HOOKS and JEROME DOWE, on behalf of themselves and all others similarly-situated, | **Case Number :**  GD - 21 - 010100 |
| | **Type of pleading :** Entry of Appearance |
| | **Code and Classification :** |
| | **Filed on behalf of** GREAT AMERICAN WELDING COMPANY, LLC and RILEY POWER GROUP, LLC |
| Vs | (Name of the filing party) |
| Defendant(s) | ☑ Counsel of Record |
| GREAT AMERICAN WELDING COMPANY, LLC and RILEY POWER GROUP, LLC, | ☐ Individual, If Pro Se |
| Defendants. | **Name, Address and Telephone Number :** O' HAGAN MEYER, PLLC By: Lynn E. Roberts III, Esquire Attorney I.D. Nos. 322160 3 Logan Square 1717 Arch Street, Suite 3910 |
| | **Attorney's State ID :** 322160 |
| | **Attorney's Firm ID :** |

GD-21-010100

[cover]

**O'HAGAN MEYER, PLLC**
By:     Lynn E. Roberts III, Esquire                    *Counsel for Defendants*
Attorney I.D. Nos. 322160                               *Great American Welding Company,*
3 Logan Square                                          *LLC and Riley Power Group, LLC*
1717 Arch Street, Suite 3910
Philadelphia, PA 19103
215-461-3300 - Phone
215-461-3311 - Fax
LRoberts@ohaganmeyer.com

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| GEORGE HOOKS and JEROME DOWE, on behalf of themselves and all others similarly-situated, | CIVIL DIVISION<br>No. GD-21-010100 |
| Plaintiffs, | **NOTICE OF APPEARANCE** |
| v. | |
| GREAT AMERICAN WELDING COMPANY, LLC and RILEY POWER GROUP, LLC, | |
| Defendants. | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance as counsel on behalf of Defendants, Great American Welding

Company, LLC and Riley Power Group, LLC in the above-captioned matter.

                              **O'HAGAN MEYER**

                              By: /s/ Lynn E. Roberts III
                                     Lynn E. Roberts III, Esquire

<u>**CERTIFICATE OF SERVICE**</u>

I, Lynn E. Roberts III, hereby certify that a true and correct copy of my **ENTRY OF APPEARANCE** has been filed electronically and is available for review and retrieval on the court system's website, as authorized by Pa. R.C.P. 205.4(g)(2)(ii), by counsel of record.


By: <u>/s/ Lynn E. Roberts III                    </u>
       Lynn E. Roberts III, Esquire


Dated:  September 17, 2021

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

COVER SHEET

| | |
|---|---|
| Plaintiff(s)<br><br>GEORGE HOOKS and JEROME DOWE, on behalf of themselves and all others similarly-situated, | **CIVIL DIVISION** |
| | Case Number :<br><br>GD - 21 - 010100 |
| | Type of pleading :<br><br>Acceptance of Service |
| | Code and Classification : |
| | Filed on behalf of<br><br>GREAT AMERICAN WELDING COMPANY, LLC and RILEY POWER GROUP, LLC<br><br>(Name of the filing party) |
| Vs<br>Defendant(s)<br><br>GREAT AMERICAN WELDING COMPANY, LLC and RILEY POWER GROUP, LLC,<br><br>Defendants. | ☑ Counsel of Record<br><br>☐ Individual, If Pro Se |
| | Name, Address and Telephone Number :<br><br>O'HAGAN MEYER, PLLC<br>By: Lynn E. Roberts III, Esquire<br>Attorney I.D. Nos. 322160<br>3 Logan Square<br>1717 Arch Street, Suite 3910 |
| | Attorney's State ID : 322160 |
| | Attorney's Firm ID : |

GD-21-010100

[cover]

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

GEORGE HOOKS and JEROME
DOWE, on behalf of themselves
and all others similarly-situated,

           Plaintiffs,

   v.

GREAT AMERICAN WELDING
COMPANY, LLC and RILEY
POWER GROUP, LLC,

          Defendants.

CIVIL DIVISION

No. GD-21-010100

**ACCEPTANCE OF SERVICE**

Filed on behalf of Defendant

Counsel of Record:

**O'HAGAN MEYER, PLLC**

By:    Lynn E. Roberts III, Esquire
Attorney I.D. No. 322160
3 Logan Square
1717 Arch Street, Suite 3910
Philadelphia, PA 19103
215-461-3300 - Phone
215-461-3311 - Fax

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

GEORGE HOOKS and JEROME
DOWE, on behalf of themselves
and all others similarly-situated,

            Plaintiffs,

    v.

GREAT AMERICAN WELDING
COMPANY, LLC and RILEY
POWER GROUP, LLC,

            Defendants.

CIVIL DIVISION

No. GD-21-010100

## ACCEPTANCE OF SERVICE

I accept service of the Civil Class Action Complaint on behalf of Defendants, Great American Welding Company, LLC and Riley Power Group, LLC, and certify that I am authorized to do so.

Respectfully submitted,

**O'HAGAN MEYER, PLLC**

By:   /s/ Lynn E. Roberts III
        Lynn E. Roberts III, Esquire
        *Counsel for Defendant,*
        *Great American Welding*
        *Company, LLC and Riley Power*
        *Group, LLC*

Date: September 17, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of September 2021, I served a copy of the foregoing

Acceptance of Service via email upon the following counsel:

Christine T. Elzer
Mark A. Johnson
Elzer Law Firm, LLC
celzer@elzerlaw.com
mjohnson@elzerlaw.com

Pamina R. Ewing
Ruairi McDonnell
Feinstein Doyle Payne & Kravec, LLC
pewing@fdpklaw.com
rmcdonnell@fdpklaw.com

By:    <u>/s/ Lynn E. Roberts III</u>
           Lynn E. Roberts III, Esquire