IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | |
|---|---|
| **COURTNEY WASHINGTON, JR.** | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT IN CIVIL ACTION** |
| **ALLEGHENY COUNTY; R. JUSTICE; FNU ROMANELLI; FNU GROSS** | Fed.R.Civ.P. 38(b)(1) Notice of Demand for Trial by Jury |
| Defendant. | |

## **COMPLAINT**

NOW COMES the Plaintiff, Courtney Washington by and through his lawyers, to file the within Complaint in Civil Action, and in support thereof avers that:

**Parties, Jurisdiction, and Venue**

1. The Plaintiff is Courtney Washington ("Washington"). Washington is an adult individual who currently resides in Mercer County Pennsylvania.

2. The First Defendant is Allegheny County ("County"). County is a political sub-division organized under the laws of the Commonwealth of Pennsylvania.

3. The Second Defendant is R. Justice ("Justice"). Justice is an adult individual and an officer in the Allegheny County Jail.

4. The Third Defendant is FNU Romanelli ("Romanelli"). Romanelli is an adult individual and an officer in the Allegheny County Jail.

5. The Fourth Defendant is FNU Gross ("Gross"). Gross is an adult individual and an officer in the Allegheny County Jail.

6. Washington brings this lawsuit to redress violations of his constitutional rights by way of 42 U.S.C. § 1983. Thereby this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367(a).

7. The events and omissions which give rise to the claims asserted in this lawsuit occurred in the geographical territory of this court, in or around Pittsburgh Pennsylvania. Therefore, pursuant to 28 U.S.C. § 1391(b), this district court is the proper venue for this lawsuit.

8. Defendants reside and do business in Allegheny County Pennsylvania. Therefore, this court has personal jurisdiction over Defendants pursuant to Fed.R.Civ.P. 4.

9. Washington has satisfied all necessary conditions precedent to the filing of this lawsuit.

**Facts**

10. All other paragraphs of this lawsuit are incorporated.

11. On or about October 24, 2019, Washington was housed at the Allegheny County Jail.

12. On that date, at about 7:45a.m., Romanelli came to Washington's cell.

13. Romanelli ordered Washington's cell mate to leave the cell, and simultaneously ordered Washington to strip his clothes in order to be searched.

14. Washington asked why he was being strip searched.

15. Romanelli refused to respond to Washington's question, and instead, radioed for backup.

16. Upon the arrival of backup, Romanelli falsely stated that Washington refused to submit to the search, when in reality, Washington only asked why he was being told to strip. Romanelli also accused Washington of having contraband in his pants.

17. Washington was handcuffed, and taken to the sally-port area of Unit 6E in the Allegheny County Jail.

18. Washington saw and spoke with Sergeant Falcone, and reported Romanelli's actions as described in this complaint. At that time, Justice physically removed Washington from his conversation with Mr. Falcone.

19. Justice then ordered Gross to, without any reason or provocation, to "take [Washington] down to the ground."

20. At that time, several other officers twisted Washington's body and caused severe pain to Washington's head, neck, and both of his legs. Washington cried out regarding his disabled leg. The officers ignored Washington's cries and continued to twist his body.

21. Washington was then placed in a restraint chair.

22. Washington was left in the chair for more than eight (8) hours. During that time, he was not given food, water, exercise, medication, or a restroom opportunity.

23. Upon information and belief, Defendants violated policy by leaving Washington in the restraint chair for more than two (2) hours.

24. After being released from the chair, he was then placed in the "hole" which is how prisoners are punished by the jail.

25. At no point did Washington have, and at no point did Defendants recover contraband from Washington.

26. Washington has had to consistently treat the injuries to his back and neck, and suffers from severe and continuous pain.

## COUNT I

## 42 U.S.C. § 1983- Excessive Force and Unconstitutional Punishment and State Law Battery

27. All other paragraphs of this lawsuit are incorporated.

28. Defendants Justice and Gross engaged in excessive force and battery as demonstrated in ¶¶ 19-22.

29. Defendant Romanelli enticed Defendants Justice and Gross by falsely stating that Washington refused an order, when Washington only asked a question, which he was entitled to ask.

30. Defendants engaged in unconstitutional punishment as demonstrated in ¶ 24.

31. As a direct and proximate cause of Defendants' actions, Washington was injured and is entitled to damages.

WHEREFORE, Plaintiff, Courtney Washington respectfully requests that the court DECLARE that his constitutional rights were violated and enter judgment in his favor, awarding all damages available under the law.

Respectfully submitted on October 22, 2021

                                    **THE TRIAL LAW FIRM, LLC**

**By:** _____
        Mart Harris, Esquire
        Pa. Id. No. 319504
        412.588.0030 | MH@TLawF.com
        The Pittsburgher
        428 Forbes Avenue, Suite 1700
        Pittsburgh Pennsylvania 15219
        *Trial Lawyer for Washington*