IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLLY ELISH, | : | |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| v. | : | |
| | : | |
| BRIAN ROUSSEAU and JOHN DOE POLICE OFFICERS 1 through 3, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Holly Elish ("Ms. Elish"), by her counsel, hereby files this Complaint as follows:

## INTRODUCTION

1. On June 27, 2021, Defendant Brian Rousseau ("Rousseau") and John Doe Police Officers 1 through 3 carried out a degrading road-side strip search of Ms. Elish without a warrant or probable cause, in violation of her constitutional rights under the Fourth Amendment. This warrantless search culminated in a minor traffic violation for driving five miles per hour over the posted speed limit, for which Ms. Elish was subsequently found not guilty. As a direct and proximate cause of this search, Ms. Elish suffered mental anguish, embarrassment, and humiliation.

## PARTIES

2. Ms. Elish is an adult individual residing in Pennsylvania.

3. Rousseau is an adult individual employed by the Pennsylvania State Police ("PSP") at Troop B Station at 150 State Route 519, Eighty Four, Pennsylvania 15330 ("Troop B Station"). At all relevant times, Rousseau acted under color of state law, in the scope of his

employment and in accordance with the policies, practices and customs of the PSP. Rousseau is sued in his individual capacity.

4. Defendants John Doe Police Officers 1 through 3 are adult individuals employed by the PSP at Troop B Station. At all relevant times, John Doe Police Officers 1 through 3 acted under color of state law, in the scope of their employment and in accordance with the policies, practices and customs of the PSP. John Doe Police Officers 1 through 3 are sued in their individual capacities.

5. Rousseau and John Doe Police Officers 1 through 3 are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because each claim arose in the Western District of Pennsylvania.

## FACTS

8. On June 27, 2021, Ms. Elish was traveling by vehicle on Interstate 70 ("I-70") on her way home from work.

9. While Ms. Elish was traveling on I-70, Rousseau, in marked vehicle for the PSP, pulled behind her vehicle and began to follow it at close distance.

10. Because Rousseau was following at such close distance, Ms. Elish put on her four-way traffic signals to notify him that she intended to pull over to the shoulder if he were in fact effectuating a traffic stop.

11. Rousseau did not immediately attempt to pull over Ms. Elish so she ended the use of her four-way traffic signals and lawfully attempted to use the next exit.

12. As she began to exit I-70, Rousseau activated the visible lights on his vehicle.

13. Ms. Elish thus pulled onto the shoulder and waited for Rousseau to approach her vehicle; at which time she gave him appropriate documentation from the driver's side of her vehicle where he was located.

14. Rousseau then returned to his vehicle.

15. Rousseau returned to Ms. Elish's vehicle a few minutes later, but this time approached the passenger side of her vehicle and asked for consent to search her vehicle.

16. Ms. Elish did not consent to this request

17. In response, Rousseau said something like, "he had the right to search her vehicle."

18. Around the same time, a second PSP trooper (i.e., John Doe Police Officer 1) arrived on the scene and engaged in a conversation with Rousseau outside of earshot of Ms. Elish.

19. Following their conversation, Rousseau and John Doe Police Officer 1 asked Ms. Elish to exit her vehicle and again asked her for consent to search the vehicle, stating to her that more troopers were on their way, including a female trooper.

20. Fearing for her safety and knowing that the police did not have justification to search her vehicle yet were insistent and intimidating in attempting to do so, Ms. Elish allowed the vehicle search to occur under duress and coercion.

21. Rousseau searched the vehicle while John Doe Police Officer 1 stood beside Ms. Elish.

22. Rousseau searched the front and back of Ms. Elish's vehicle with negative results for drugs, weapons, or any other unlawful possessions (collectively referred to as contraband).

23. After at least 15 minutes, an additional male trooper (i.e., John Doe Police Officer 2), as well as a female trooper (i.e., Jane Doe Police Officer), arrived on scene and had a private conversation with Rousseau and John Doe Police Officer 1.

24. Jane Doe Police Officer then directed Ms. Elish to stand beside a PSP SUV on the side of I-70, at which time she began to carry out a roadside strip search.

25. At the time of the roadside strip search, neither Rousseau, John Doe Police Officers 1 or 2, nor Jane Doe Police Officer witnessed or observed Ms. Elish:

    a. with contraband (whether in plain view or otherwise),

    b. driving erratically,

    c. acting erratically,

    d. violating any traffic laws,

    e. causing any immediate safety concerns,

    f. causing any exigency,

    g. causing emergency assistance, hot pursuit, or the imminent destruction of evidence, and/or

    h. causing anything that would require urgent action or a warrantless search.

26. Jane Doe Police Officer began the strip search by physically and visually inspecting Ms. Elish's breasts.

27. Jane Doe Police Officer then directed Ms. Elish to remove her pants and underwear to her ankles and "squat" to the ground, during which she bent down to the ground with one knee and performed a visual cavity inspection.

28. Jane Doe Police Officer then began to put gloves on her hands stating to Ms. Elish, "I'm sorry. This is the worst part of my job."

29. Just before carrying out a physical cavity search of Ms. Elish, Jane Doe Police Officer asked her something like, "Do you know why they want me to do this?"

30. In response, Ms. Elish stated that she did not know, that she did not have any contraband, and that she was simply on her way home from work to pick up her child.

31. Jane Doe Police Officer then refused to carry out the cavity search on behalf of Rousseau and John Doe Police Officers 1 and 2 and told Ms. Elish that she was free to leave.

32. Roussuea subsequently permitted Ms. Elish to leave the scene.

33. At no time did Rousseau believe that Ms. Elish had committed a serious crime, planned to escape, or constituted a threat to the safety of the PSP troopers (including himself).

34. As a direct and proximate cause of the unlawful searches, Ms. Elish suffered, and continues to suffer, mental anguish, embarrassment, humiliation, degradation, and emotional pain and suffering.

35. No contraband was ever discovered in Ms. Elish's vehicle or on her person.

36. No criminal charges were ever filed incident to the vehicle or strip search.

37. Ultimately, Rousseau filed a traffic citation against Ms. Elish for "traveling 60 MPH in a 55 MPH speed zone" on I-70.

38. Ms. Elish pled not guilty to the traffic citation and it was dismissed on July 28, 2021, after Rousseau failed to appear for the hearing.

## Count I

### Unlawful Search Pursuant to 42 U.S.C. § 1983
### in Violation of the Fourth Amendment

### (Ms. Elish v. All Defendants)

39. All paragraphs herein are incorporated by reference.

40. As a direct result of the conduct described herein, Defendants violated Ms. Elish's right to be free from an unlawful strip search under the Fourth Amendment of the United States Constitution.

## Count II

### Unlawful Search Pursuant to 42 U.S.C. § 1983
### in Violation of the Fourth Amendment

### (Ms. Elish v. All Defendants)

41. All paragraphs herein are incorporated by reference.

42. As a direct result of the conduct described herein, Defendants violated Ms. Elish's right to be free from an unlawful vehicle search under the Fourth Amendment of the United States Constitution.

## Count III

### False Imprisonment Pursuant to 42 U.S.C. § 1983
### in Violation of the Fourth Amendment

### (Ms. Elish v. All Defendants)

43. All paragraphs herein are incorporated by reference.

44. As a direct result of the conduct described herein, Defendants violated Ms. Elish's right to be free from false imprisonment under the Fourth Amendment of the United States Constitution by seizing and detaining her without probable cause.

**Prayer for Relief**

WHEREFORE, Ms. Elish respectfully requests that judgment be entered in her favor and against all Defendants for:

(i) Compensatory damages,

(ii) Punitive damages,

(iii) Attorney's fees, witness fees and costs, and

(iv) All other relief as this Court deems just and proper.

Respectfully submitted,

THE LAW OFFICES OF TIMOTHY P. O'BRIEN

/s/ Alec B. Wright
Alec B. Wright
Pa. ID No. 316657

Henry W. Oliver Building
535 Smithfield Street, Suite 1025
Pittsburgh, Pennsylvania 15222
(412) 260-1662
abw@obrienlawpgh.com

*Counsel for Plaintiff*