# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BABETTE OLIVERI | : | |
| 207 Meadow Avenue | : | |
| Pittsburgh, PA 15235 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| RIVERSIDE CARE CENTER | : | |
| 100 8th Avenue | : | |
| McKeesport, PA 15132 | : | |
| | : | |
| And | : | |
| | : | |
| GRANE HEALTHCARE CO. | : | |
| 209 Sigma Drive | : | |
| Pittsburgh, PA 15238 | : | |
| | : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

**I.  Parties and Reasons for Jurisdiction.**

1.      Plaintiff, BABETTE OLIVERI (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, RIVERSIDE CARE CENTER (hereinafter "Riverside") is a limited liability corporation, organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principle place of business at the above captioned address.

3.      Defendant, GRANE HEALTHCARE CO. is a business entity, organized by and operating under to the laws of the Commonwealth of Pennsylvania and owning, operating and doing business at the above captioned address. Defendants are hereinafter collectively referred to as "Defendants."

4.      At all times material hereto, Defendants are acting together, in concert, by and on each other's behalf. At all times material hereto, Defendants were Plaintiff's employer(s).

5.      Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a true and correct copy of a dismissal and notice of rights letter issued by the United States Equal Employment Opportunity Commission.

6.      This action is instituted for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000, et seq).

7.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Western District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II.  Operative Facts.**

10.      On or about January 1, 2019, Defendants hired Plaintiff as an Assistant Director of Nursing.

11.      During the course of her employment, Plaintiff was promoted to Director of Nursing, the position she held at the time of her termination.

12.      At all times material hereto, Plaintiff was qualified for the position she held and performed her job duties without issue or complaint.

13.     On or about July 22, 2020, one of Defendants' female employees, Tempest Booker, made a report to another of Defendants' assistant directors of nursing, Kate Palmieri, that one of Defendants' housekeeping employees, Victor, had been following Ms. Booker around and asking her to have sex with him or to give him nude photographs of herself and when Ms. Booker refused, Victor became aggressive with her.

14.     Ms. Booker and Ms. Palmieri reported the incident to Defendants' nursing home administrator, Carl Kovski, and provided statements; Mr. Kovski stated he "would handle it."

15.     In August of 2020, shortly following the reporting of this incident, Plantiff, Ms. Palmieri, and Mr. Kovski were in a meeting wherein Mr. Kovski indicated he was grooming Victor to be the housekeeping supervisor when the current supervisor retired.

16.      Plaintiff expressed concern over this due to Victor's recent inappropriate, sexually harassing behavior; however, Mr. Kovski ignored these concerns.

17.     On or about October 22, 2020, another of Defendant's CNAs, Angie Kudrec, was cornered and groped in a utility room by Victor.

18.     Ms. Kudrec was able to get away from Victor, who then followed Ms. Kudrec making lewd comments and gestures which were witnessed by several other staff members.

19.     Ms. Kudrec reported this assault to Defendants' wound care coordinator, Chelsea Newby, who brought Ms. Kudrec to Plaintiff to make an official report.

20.     Plaintiff followed protocol and contacted the police to report the assault.

21.     While Plaintiff and Ms. Kudrec were speaking with the police officer to provide their statements, Mr. Kovski looked into Plaintiff's office to introduce himself.

22.     At that time, Ms. Kudrec said to Mr. Kovski "remember, this happened about five years ago?" and began to explain a previous situation in approximately 2015 wherein Victor tried to pull off Ms. Kudrec's clothing and told her to him a "blow job."

23.     Ms. Kudrec additionally stated that when she spoke about the incident to Mr. Kovski, Mr. Kovski told Ms. Kudrec that, "if [Ms. Kudrec] reported it, everyone in the building would know about it."

24.     Ms. Kudrec additionally stated "Remember, you told me it was my fault"; Mr. Kovski then became upset and stated that he "couldn't remember exactly what happened" and left the room.

25.     Following this, as she had not heard that there had been other previous incidents with Victor that had not been addressed, Plaintiff followed up with Ms. Booker to inquire if Mr. Kovski had addressed her incident with Victor.

26.     Ms. Booker stated that Mr. Kovski had not; Plaintiff took an additional statement from Ms. Booker regarding the incident, as Mr. Kovski was in possession of the only copy.

27.     Plaintiff then attempted to retrieve Ms. Kudrec's statements from the 2015 incident, but found that all the information and witness statements were no longer in Ms. Kudrec's file.

28.     Later that day, Mr. Kovski summoned Plaintiff to his office.

29.     Mr. Kovski told Plaintiff that with respect to Ms. Kudrec's 2015 complaint, he had spoke with the union steward and that Victor had not been disciplined or fired because it was "just verbal."

30.     Plaintiff stated that even if he had not touched Ms. Kudrec, Victor's actions were unacceptable.

31.     Mr. Kovksi told Plaintiff not to take statements from Ms. Kudrec or any other staff until they received the police report back.

32.     Plaintiff explained that the police officer told her to obtain statements from the staff; Mr. Kovski insisted and instructed Plaintiff not to take any statements.

33.     Plaintiff gave Mr. Kovski copies of the statements she had already taken, although she retained her own copies as well.

34.     Over the next few weeks, Mr. Kovski brought up the 2015 incident unprompted several more times, reiterating again that he had not done anything because it was "just verbal", with Plaintiff replying each time that Victor's actions were still wrong.

35.     Mr. Kovski additionally reiterated to Plaintiff not to take additional statements until the police report was received.

36.     On November 11, 2020, Defendants terminated Plaintiff's employment.

37.     As she had no issues or complaints with her work, Plaintiff asked the reason for her termination, and was told it was a money issue "with the agencies" and that too many bonuses had been paid out, although all bonuses had to be approved by Mr. Kovski prior to payment.

38.     Following her termination, Plaintiff called Defendants' president, Mark Fox, to report that she believed she had been terminated due to reporting the assault of Ms. Kudrec to the police.

39.     Plaintiff additionally made a complaint regarding Mr. Kovski's previous and current handling of the aforementioned sexual harassment incidences in the workplace.

40.     At all times material, Defendants created and maintained a hostile work environment that Defendants' female employees were subjected to and required to work in.

41.     At all times material hereto, Defendants fostered an atmosphere where sexual harassment and hostile work environment was permissible.

42.     Plaintiff was terminated in retaliation for reporting sexual harassment and sexual assault that had occurred in the work place.

43.      As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

### COUNT I
### TITLE VII CLAIM--RETALIATION
### (42 U.S.C.A. § 2000e-3(a))

44.     Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

45.     At set forth above, Plaintiff, made complaints to Defendants concerning sexually harassing conduct and sexual assault that was being directed towards her employees.

46.     In retaliation for making these complaints, Defendants took adverse action against Plaintiff by terminating her employment.

47.     Plaintiff's participation in protected activity under Title VII was a motivating factor in Defendants' decision to terminate her employment.

48.     As such, Defendants' decision to terminate Plaintiff's employment is a retaliatory action contemplated by Civil Rights Act of 1964, § 704(a).

49.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work

loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

50.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

51.     Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## (43 Pa.C.S.A. § 951 et seq)

52.     Plaintiff incorporates paragraphs 1-51 as if fully set forth at length herein.

53.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

54.     Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

55.     As described above, Plaintiff, in the course and scope of her employment, was made aware of Defendants' female employees being subjected to a sexually harassing and hostile work environment.

56.     Defendants failed to remedy the sexual harassment despite actual or constructive knowledge.

57.     Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her complaints of sexual harassment and hostile work environment and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq

58.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

59.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

60.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorneys fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff, BABETTE OLIVERI, demands judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable..

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:_____

**MARY LEMIEUX-FILLERY, ESQUIRE**
     Two Penn Center
     1500 JFK Boulevard, Suite 1240
     Philadelphia, PA 19102
     Attorney for Plaintiff, Babette Oliveri

Date: 12/6/2021

# EXH. A

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Babette Oliveri**
     **207 Meadow Avenue**
     **Pittsburgh, PA 15235**

From:  **Philadelphia District Office**
       **801 Market Street**
       **Suite 1000**
       **Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-02238** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter*                                09/07/2021

**Dana R. Hutter,**
**Deputy Director**                             *(Date Issued)*

Enclosures(s)

cc:  **Joseph Balestrino**
     **Counsel**
     **RIVERSIDE CARE CENTER**
     **209 Sigma Dr**
     **Pittsburgh, PA 15238**

     **Graham F. Baird, Esq.**
     **LAW OFFICE OF ERIC SHORE**
     **1500 Jfk Blvd. # 1240**
     **Philadelphia, PA 19102**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***