IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLANIA

| | | |
|---|---|---|
| ANTOINETTE HODGE, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF UNIONTOWN, | ) | |
| a municipal corporation, | ) | |
| MARTIN GATTI, | ) | |
| KIMBERLY MARSHALL, and | ) | JURY TRIAL DEMANDED |
| JOHN and/or JANE DOE(s), | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ANTOINETTE HODGE, by and through her attorneys,

LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A.

TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this

Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of civil rights guaranteed

to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance

thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiff's rights under the

First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4.      Venue is proper under 28 U.S.C. § 1391(b).  All claims set forth herein arose in the

Western District of Pennsylvania, and the Plaintiff resides in the Western District of

Pennsylvania.

PARTIES

5.      Plaintiff, Antoinette Hodge, is an adult individual who resides in Fayette County,

Pennsylvania.

6.      Defendant, City of Uniontown ("Uniontown"), is now, and was at all times relevant to

this Complaint, a municipal corporation existing by laws of the Commonwealth of Pennsylvania,

with administrative offices located at 20 North Gallatin Avenue, Uniontown, Pennsylvania,

15401.

7.      Defendant, Martin Gatti ("Gatti"), was, at all times relevant to this Complaint, a duly

elected City of Uniontown Councilman, purporting to act within the full scope of his authority

and office and under color of state law and pursuant to the statutes, ordinances, regulations and

customs and usages of Defendant Uniontown.  Defendant Gatti is the brother-in-law of

Defendant Kimberly Marshall.

8.      Defendant, Kimberly Marshall ("Marshall"), is now, and was at all times relevant to this

Complaint, the duly appointed and acting City of Uniontown Clerk, purporting to act within the

full scope of her authority and office and under color of state law and pursuant to the statutes,

ordinances, regulations and customs and usages of Defendant Uniontown. Defendant Marshall is

the sister-in-law of Defendant Gatti.

9.      Defendant(s), John and/or Jane Doe(s) ("Does"), unknown in name and number, were at

all times relevant to this Complaint engaged in the illegal and retaliatory acts described

hereinafter below.

10.     The actions of the individual Defendants, and each of them, described hereinbelow are

part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  Each of the acts

described below were committed with reckless disregard and/or deliberate indifference to the

constitutional rights of the Plaintiff.

11.      Each of the acts described hereinbelow was done by the individual Defendants under the

color and pretense of the law.  As a direct and proximate result thereof, the Defendants violated

the Plaintiff's constitutional rights, as stated herein.

FACTUAL ALLEGATIONS

12.      Plaintiff, Antoinette Hodge, is an African-American female.

13.      On or about November 5, 2019, Plaintiff was duly elected to the position of City of

Uniontown Treasurer.

14.      On or about January 7, 2020, Plaintiff filed a federal civil lawsuit against Defendants

Uniontown, Gatti and Marshall, alleging that Defendant Gatti, a Caucasian male, and Defendant

Marshall, a Caucasian female, entered into a conspiracy to prevent the Plaintiff from assuming

the office to which she had been duly elected, on the basis of her race, African-American.

15.      On or about January 13, 2020, Plaintiff was sworn in as City of Uniontown Treasurer.

16.      When the Plaintiff took office, Plaintiff requested an audit of all city offices.

17.      On or about August 20, 2020, the parties reached a settlement in the above-described

federal civil lawsuit.

18.      Since the conclusion of the above-described federal civil lawsuit, Plaintiff has been

subjected to numerous acts of retaliation by the Defendants.

19.      On various occasions, Defendant Uniontown's mayor, William Gerke ("Gerke"), has

stated to the Plaintiff that Defendant Marshall initiates "drama" and "hostility" toward the

Plaintiff.

20.     Furthermore, Defendant Marshall has made multiple statements about the Plaintiff

including, but not limited to, that Defendant Marshall would "make sure" that the Plaintiff got

her "just due."

21.     Throughout the Plaintiff's term as City Treasurer, Defendants have routinely failed to

provide the Plaintiff with the proper documentation to appropriately perform her duties as City

Treasurer, including, but not limited to, signing of checks, invoices, QuickBooks, bank transfers

and statements.

22.     Defendants have also routinely failed to timely provide the Plaintiff with necessary bank

statements and other documentation necessary for the Plaintiff to perform her duties in a timely

fashion.

23.     Defendants Uniontown, Gatti, Marshall and/or Doe(s) have also denied the Plaintiff, in

her capacity as City Treasurer, control of the city's tax data, as well as any oversight of

Defendant Uniontown's sewage collections and transactions, despite numerous and frequent

requests for such control and oversight by the Plaintiff.

24.     However, other individuals, including, but not limited to, Defendant Marshall, maintain

control of the city's tax data.

25.     Plaintiff believes, and therefore avers, that she has been denied control of Defendant

Uniontown's tax data, as well as any oversight of Defendant Uniontown's sewage collections

and transactions, in retaliation for engaging in a protected activity, to wit, filing the above-

described federal lawsuit.

26.     Plaintiff further believes, and therefore avers, that she has been denied control of

Defendant Uniontown's tax data, as well as any oversight of Defendant Uniontown's sewage

collections and transactions, on the basis of her race, African-American.

4

27.     Throughout the Plaintiff's term as City Treasurer, Defendant Uniontown's Council, which includes Defendant Gatti, has regularly voted against approving the Plaintiff's Treasurer Reports and/or requests.  Reports and requests of other city offices, however, have been regularly approved.

28.     Plaintiff believes, and therefore avers, that Defendant Uniontown's Council has refused to accept the Plaintiff's reports and/or requests in retaliation for engaging in a protected activity, to wit, filing a federal lawsuit.

29.     Plaintiff further believes, and therefore avers, that Defendant Uniontown's Council has refused to accept the Plaintiff's Treasurer Reports and/or requests on the basis of her race, African-American.

30.     In or about February 4, 2021, in the Plaintiff's monthly Treasurer's Report to Defendant Uniontown's Council, Plaintiff requested to purchase new tax software, due to multiple identifiable errors and changes in data, throughout 2020, within Defendant Uniontown's current tax software system provided by RAK Computer Associates, Inc. ("RAK").

31.     Defendant Uniontown's Council voted to approve the purchase of new tax software, as described hereinbefore above.

32.     Shortly thereafter, however, Defendant Marshall called a special meeting to rescind the motion for purchase of new tax software.  At that time, Defendant Uniontown's Council voted to retain the current tax software provided by RAK.

33.     Throughout 2021, Plaintiff has continuously reported to City Council system errors and data breach issues within Defendant Uniontown's tax software.

34.     Thereafter, Randy Mitchell ("Mitchell") of RAK identified that the errors were not software issues, but were issues with Defendant Uniontown's server.

35.     In an email exchange between the Plaintiff and Mr. Mitchell, on or about March 19,

2021, Mr. Mitchell stated that the errors in the system were due to the system being "accessed

from the server."  Plaintiff did not access the server, nor does the Plaintiff have the ability to alter

such information.

36.     Furthermore, Defendant Uniontown's server is in Defendant Marshall's possession.

37.     Plaintiff believes, and therefore avers, that Defendants Marshall, Gatti and/or Doe(s) have

accessed the server and altered information within the system.

38.     Plaintiff further believes and therefore avers, that Defendants Marshall, Gatti and/or

Doe(s) conspired to tamper with the system in order to falsely accuse the Plaintiff of misconduct,

wrongdoing and/or mistakes while performing her duties as Uniontown City Treasurer.

39.     Plaintiff also believes, and therefore avers, that Defendants Gatti, Marshall and/or Doe(s)

have taken the above-described actions on the basis of her race, African-American, and/or in

retaliation for engaging in a protected activity, to wit, filing a federal lawsuit.

40.     On or about August 4, 2021, Police Chief Jason Cox ("Cox"), City Solicitor Timothy

Witt ("Witt") and Independent Auditor Charles Rupert ("Rupert") of Cypher and Cypher,

entered the City Treasurer's office and accessed the safe, without the presence of the Plaintiff nor

any communication with the Plaintiff.

41.     At that time, no other city offices of Defendant Uniontown were investigated, audited

and/or subjected to such scrutiny by Defendant Uniontown, its elected and/or appointed officials

and/or any independent auditor.  No rational basis exists for this difference in treatment.

42.     Plaintiff believes, and therefore avers, that Defendant Uniontown's elected and appointed

officials and/or Defendants Gatti, Marshall and/or Doe(s) conspired to investigate, audit and

scrutinize the Plaintiff, and/or provided false data and information, in retaliation for engaging in

a protected activity, to wit, filing a federal civil lawsuit, and/or on the basis of her race, African-American

43.     On or about November 22, 2021, Defendant Marshall sent the Plaintiff an email stating that Mr. Rupert would meet with the Plaintiff the following day to discuss tax collections as part of the audit and investigation into the Treasurer's Office.

44.     The following day, Mr. Rupert arrived at the Treasurer's Office to meet with the Plaintiff. At that time, Plaintiff requested the presence of Solicitor Witt.

45.     Solicitor Witt and Mayor Gerke had no prior knowledge of the above-described meeting with Mr. Rupert.  Thereafter, Mayor Gerke stated to the Plaintiff "When will [Defendant] Marshall quit?"

46.     At that time, neither Mr. Rupert, nor any other independent auditor, did not engage in an investigation or audit of any other city office.  No rational basis exists for this difference in treatment.

47.     Plaintiff believes, and therefore avers, that the Plaintiff and the Treasurer's Office have been targeted by the Defendants in retaliation for the Plaintiff's engagement in a protected activity, to wit, filing a federal civil lawsuit and/or on the basis of her race, African-American

48.     On or about December 3, 2021, Plaintiff received a Subpoena to Attend and Testify and To Produce Documents and Records from Solicitor Witt in connection with the audit and investigation of the Treasurer's Office.

49.     The above-described subpoena was signed by Mayor Gerke, Defendant Gatti and Mr. Rupert and was attested to by Defendant Marshall.

50.     At that time, no other city office or elected official received a Subpoena to Attend and

Testify and To Produce Documents and Records in connection with an audit or investigation.

No rational basis exists for this difference in treatment.

51.     Plaintiff believes, and therefore avers, that the Plaintiff and the Treasurer's Office have

been targeted and scrutinized by the Defendants in retaliation for the Plaintiff's engagement in a

protected activity, to wit, filing a federal civil lawsuit.

52.     Plaintiff further believes, and therefore avers, that Defendants intentionally treated her

differently than other, similarly situated elected officials, because of her race, African-American.

53.     As a direct and proximate result of the Defendants' retaliatory actions against the

Plaintiff, as described hereinbefore above, Plaintiff has been subjected to unjustified scrutiny to

which other elected officials have not been subjected.

## COUNT I:

## PLAINTIFF v. ALL DEFENDANTS

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

### RETALIATION

54.     Plaintiff incorporates by reference Paragraphs 1 through 53 as though fully set forth at

length herein.

55.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

Defendants Marshall, Gatti and/or Doe(s) for violations of Plaintiff's constitutional rights under

color of law.

56.     At all times relevant hereto, pursuant to the First Amendment to the United States

Constitution, Plaintiff had the right to be free from retaliation for engaging in protected activity,

to wit, filing a federal civil lawsuit.

57.     As described hereinbefore above, Plaintiff's right to be free from retaliation was violated

when Defendants Marshall, Gatti and/or Doe(s) engaged in retaliatory actions against the

Plaintiff, as described hereinbefore above.

58.     The actions of the Defendants, and each of them, deprived the Plaintiff of rights

guaranteed to her by the First Amendment to the United States Constitution.

59.     The actions of Defendants Marshall, Gatti and/or Doe(s) were willful, wanton and/or

done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants to

punitive damages.

60.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by

Defendants, Plaintiff suffered the following injuries and damages:

     a.     violation of her constitutional rights under 42 U.S.C. § 1983 and the First
        Amendment;

     b.     unjustifiable scrutiny of the Plaintiff's office;

     c.     economic damages related to any and all medical, legal, and/or other
        consequential costs; and

     d.     such other damages as may become apparent through the discovery
        process.

WHEREFORE, Plaintiff demands compensatory general damages against the

Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory

special damages including, but not limited to, costs of suit; reasonable attorney's fees as

permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against

Defendants Gatti, Marshall and/or Doe(s), and each of them; and such other relief, including

injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – RACE DISCRIMINATION

61.     Plaintiff incorporates by reference Paragraphs 1 through 60 as though fully set forth at

length herein.

62.     Plaintiff is a member of a protected class.

63.     As more fully described hereinbefore above, Plaintiff believes, and therefore avers, that

Defendants Gatti, Marshall and/or Doe(s) conspired to tamper with the system in order to falsely

accuse the Plaintiff of misconduct, wrongdoing and/or mistakes while performing her duties as

Uniontown City Treasurer.

64.     Plaintiff believes, and therefore avers, that Defendants Gatti, Marhsall and/or Doe(s)

targeted and scrutinized the Plaintiff on the basis of her race, African-American.

65.     Plaintiff believes, and therefore avers, that Defendants Gatti, Marshall and/or Doe(s), and

each of them, subjected the Plaintiff to an investigation and audit on the basis of her race,

African-American, as described more fulling hereinbefore above.

66.     Caucasian elected officials and their offices have not been subjected to investigations,

audits or such scrutiny to which the Plaintiff has been subjected.

67.     There was, and is, no rational basis for the difference in treatment between the Plaintiff

and the Caucasian elected officials, as described above.

68.     The actions of Defendants Gatti, Marshall and/or Doe(s) were willful, wanton and/or

done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants Gatti,

Marshall and/or Doe(s) to punitive damages.

69.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by

Defendants Gatti, Marshall and/or Doe(s), Plaintiff suffered the following injuries and damages:

    a.     violation of her constitutional rights under 42 U.S.C. § 1983 and the Fourteenth
        Amendment;

    b.     unjustifiable scrutiny of the Plaintiff's office;

    c.     economic damages related to any and all medical, legal, and/or other
        consequential costs; and

    d.     such other damages as may become apparent through the discovery
        process.

        WHEREFORE, Plaintiff demands compensatory general damages against the

Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory

special damages including, but not limited to, costs of suit; reasonable attorney's fees as

permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against

Defendants Gatti, Marshall, and/or Doe(s), and each of them; and such other relief, including

injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS GATTI, MARSHALL AND/OR DOE(S)

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL
RIGHTS, SPECIFICALLY, 42 U.S.C.A § 1985(3) AND THE
FIRST AND FOURTEENTH AMENDMENTS
OF THE UNITED STATES CONSTITUTION

CONSPIRACY

70.     Plaintiff incorporates by reference Paragraphs 1 through 69 as though fully set forth at length herein.

71.     The aforementioned actions of Defendants Gatti, Marshall and/or Doe(s) constituted a conspiracy to deny Plaintiff her right to be free from retaliation for engaging in protected activity and/or her right to be free from race based discrimination, thereby violating 42 U.S.C. §1985(3).

72.     The conspiracy of Defendants Gatti, Marshall and/or Doe(s) was motivated by a race-based, invidiously discriminatory animus, as described more fully hereinbefore above.

73.     The actions of Defendants Gatti, Marshall and/or Doe(s) were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants Gatti, Marshall and/or Doe(s) to punitive damages.

74.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Gatti, Marshall and/or Doe(s), Plaintiff suffered the following injuries and damages:

   a.     violation of her constitutional rights under 42 U.S.C. § 1983, the First Amendment and the Fourteenth Amendment;

   b.     unjustifiable scrutiny of the Plaintiff's office;

   c.     economic damages related to any and all medical, legal, and/or other consequential costs; and

   d.     such other damages as may become apparent through the discovery process.

12

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants Gatti, Marshall and Doe(s), and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants Gatti, Marshall and/or Doe(s), and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

COUNT V

PLAINTIFF v. DEFENDANT UNIONTOWN

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983,
AND THE FIRST AND FOURTEENTH AMENDMENTS
OF THE UNITED STATES CONSTITUTION

MUNICIPAL LIABILITY

75.     Plaintiff incorporates by reference Paragraphs 1 through 74 as though fully set forth at length herein.

76.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Uniontown for violations of Plaintiff's constitutional rights under color of law.

77.     As described hereinbefore above, Plaintiff was unlawfully retaliated against by Defendants for engaging in a protected activity, to wit, filing a federal civil lawsuit, and/or was discriminated against on the basis of her race, African-American.

78.     Defendant Uniontown, by and through its elected and appointed officials, acted in reckless disregard for Plaintiff's constitutional rights and deprived the Plaintiff of equal protection of the laws and her protected liberty interest in her right to be free from retaliation for engaging in protected activity.

79.     By reason of the aforesaid conduct, the Plaintiff's civil rights as guaranteed by 42 U.S.C.

§1983 and under the First and Fourteenth Amendments to the Constitution of the United States

were violated by Defendant Uniontown.

80.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by

Defendant Uniontown, Plaintiff suffered the following injuries and damages:

        a.      violation of her constitutional rights under 42 U.S.C. § 1983, the First
              Amendment and the Fourteenth Amendment;

        b.      Plaintiff was prevented from assuming the office to which she had been duly
              elected;

        c.      economic damages related to any and all medical, legal, and/or other
              consequential costs; and

        d.      such other damages as may become apparent through the discovery
              process.

       WHEREFORE, Plaintiff demands compensatory general damages against Defendant

Uniontown in the amount proven at trial; compensatory special damages including, but not

limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment

interest as permitted by law; and such other relief, including injunctive and/or declaratory relief,

as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone

Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: December 30, 2021

15